# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>               Debtor.<br>_____<br><br>In re:<br><br>JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON,<br><br>               Plaintiff,<br><br>v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>               Defendant.<br>_____ | Case No. 3:23-cv-22912-RK<br><br><br><br><br>Chapter 7 Bankruptcy<br>*In re: Richard Howard Glanton*<br>Case No. 22-11055-CMG<br><br><br>Adversary Pro. No. 22-01335 (CMG) |

## APPENDIX OF APPELLANT
## VOLUME I OF I
## (Pages Appx0001 to Appx0386)

**McMANIMON, SCOTLAND**
**& BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Counsel to Appellant Newport Investment Group*

i

# <u>TABLE OF CONTENTS</u>

PAGE

### *John M. McDonnell v. Eileen Candia-Adversary Proceeding #: 22-01335-CMG*

1-- Adversary case 22-01335. Complaint by John M. McDonnell against Eileen Glanton. (Approval of sale of property of estate and of a co-owner - 363(h)), Filed on October 12, 2022……………………………………………...APPX0001

2-- Answer filed by Brian W. Hofmeister on behalf of Eileen Candia, Filed on October 27, 2022 .................................................................... APPX0006

3 - Mediation Order. Morris Bauer added to the case. Filed on January 12, 2023 ....................................................................... APPX0011

4 - Motion re: Summary Judgment Filed by Andrew J. Kelly on behalf of John M. McDonnell. Filed on May 25, 2023 ........................................................................... APPX0013

5 - Document re: Letter to Judge Gravelle regarding status of Adversary Proceeding filed by Anthony Sodono III onbehalf of Newport Investment Group, Filed on September 14, 2023 .................................................................... APPX0096

6 - Document re: Letter to Judge Gravelle Supplementing Letter Dated September 14, 2023 filed by Anthony Sodono III on behalf of Newport Investment Group, Filed on September 15, 2023 .................................................................. APPX0097

7 - Motion to Approve Compromise under Rule 9019 Filed on behalf of John M. McDonnell, Filed on October 17, 2023 ....................................................................... APPX0099

8 - Notice of Proposed Compromise or Settlement of Controversy re:. Hearing scheduled for 11/21/2023, Filed On October 17, 2023.................................................................. APPX0124

9 - Objection to Chapter 7 Trustee's 9019 Motion filed by Anthony Sodono III on behalf of Newport Investment Group, Filed on November 14, 2023 ............................................................... APPX0126

10 - Response filed by Andrew J. Kelly on behalf of John M. McDonnell, Filed on November 17, 2023 ................................................................. APPX0190

11 – Response fild by Brian W. Hofmeister on behalf of Eileen Candia, Filed on November 17, 2023 ................................................................. APPX0220

12 - Minute of Hearing Held, OUTCOME: Motion Granted Motion to Approve Compromise under Rule 9019, Filed on November 21, 2023, ................................................................ APPX0335

13 - Minute of Hearing Held, OUTCOME: Moot Summary Judgment, Filed On November 21, 2023.................................................................. APPX0336

14 - Order Granting Motion to Approve Compromise under Rule 9019,
Filed on November 21, 2023 .................................................................. APPX0337

15 - TRANSCRIPT OF HEARING of Motion to Approve Compromise under
Rule 9019 and Summary Judgment,
on November 21, 2023 ........................................................................... APPX0345

16 – Notice of Appeal to District Court.
Filed on December 5, 2023 .................................................................... APPX0370

17 - Transmittal of Record on Appeal to U.S. District Court,
Filed on December 6, 2023 .................................................................... APPX0373

18 - Notice of Docketing Record on Appeal to District Court,
Filed on December 6, 2023 .................................................................... APPX0374

19 - Designation of Record On Appeal
Filed on December 21, 2023 .................................................................. APPX0375

20 - Transmittal of Record on Appeal to U.S. District Court
Filed on December 21, 2023 .................................................................. APPX0378

### Appeal Case No. 3:23-cv-22912-RK

21 - Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court
case number 22-11055 (CMG), filed by NEWPORT INVESTMENT GROUP,
Filed on December 6, 2023 .................................................................... APPX0379

22 - DESIGNATION of Record on Appeal by NEWPORT INVESTMENT
GROUP, LLC
Filed on December 19, 2023 .................................................................. APPX0380

23 - DESIGNATION of Record on Appeal by NEWPORT INVESTMENT
GROUP, LLC
Filed on December 21, 2023 .................................................................. APPX0383

24 - DESIGNATION of Record on Appeal by Eileen Glanton.
Filed on January 3, 2024 ....................................................................... APPX0394

**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
1011 Highway 71
Suite 200
Spring Lake, NJ 07762
(732) 449-0525
akelly@kbtlaw.com
*Counsel for the Chapter 7 Trustee, John M. McDonnell,*

| | |
|---|---|
| IN RE:<br><br>RICHARD HOWARD GLANTON<br>　　　　　Debtor.<br>――――――――――――――――――<br><br>JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>EILEEN CANDIA, A/K/A<br>EILEEN GLANTON,<br><br>　　　　　　　　Defendant. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>CASE NO. 22-11055 (CMG)<br><br>ADV. PROC. NO. 22-<br><br>Honorable Christine M. Gravelle<br><br>**COMPLAINT TO DETERMINE<br>INTEREST OF EILEEN CANDIA A/K/A<br>EILEEN GLANTON  IN REAL<br>PROPERTY; AND AUTHORIZE SALE<br>OF REAL PROPERTY PURSUANT TO<br>11 U.S.C. § 363(h)** |

JOHN M. McDONNELL, ESQ., Chapter 7 Trustee for the Debtor Estate of Richard

Howard Glanton by way of Complaint against the defendant says:

**<u>JURISDICTION AND VENUE</u>**

1.  Jurisdiction in this matter exists by virtue of 28 U.S.C. § 1334.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3.  Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1408.

## **PARTIES**

4. John M. McDonnell is the duly appointed Trustee in bankruptcy for the Debtor Richard Howard Glanton.

5. Defendant, Eileen Candia A/K/A Eileen Glanton ("Defendant"), and the Debtor Richard Howard Glanton ("Debtor") are a married couple and currently reside at 26 Snowden Lane, Princeton, New Jersey (the "Property").

6. The Defendant is an owner of the Property.

7. At the initial Meeting of Creditors conducted on March 17, 2022, by Alexandria Nikolinos Esq. of the Office of the U.S Trustee, the Debtor testified he is married to Defendant Eileen Glanton, a/k/a Eileen Candia

8. Debtor testified he did not currently own any real property.

9. When questioned further Debtor stated that he had owned the Property with his wife Defendant Eileen Glanton within two (2) years of the date of the Meeting of Creditors (3.17.22).

10. Richard Howard Glanton testified that in November or December of 2021, he transferred his ownership interest in the Property to his wife Defendant herein, and that he was no longer an owner of the Property.

11. After the Meeting of Creditors referred to above, on June 28, 2022 the Debtor filed Amended Schedules now listing an ownership interest in the Property.

12. A property search conducted on October 11, 2022, identifies two (2) recent transfers:

    a. December 13, 2021: Richard H. Glanton as Grantors to Eileen Candia as Grantee;

APPX0002

    b.  August 4, 2022: Eileen Candia as Grantor to Richard H. Glanton and Eileen Candia as Grantees.

**CAUSE OF ACTION**
**FIRST COUNT**

13. The Plaintiff repeats paragraphs 1 through 12 with full force and effect as if set forth more fully herein.

14. A property search conducted on October 11, 2022, revealed recorded deeds indicating two transfers of the Property back and forth between the Debtor and Defendant – December 13, 2021 and then August 5, 2022, respectively.

15. The deed records show the Property remains titled in the name of the Debtor and Defendant. However, the extent of the ownership interest of each is unknown.

16. Pursuant to 11 U.S.C. § 363(h) of the United States Bankruptcy Code, the Trustee may sell both the Estate's interest in the Property and the interest of any co-owner under the conditions set forth therein.

17. According to the Debtor's petition, the Property is encumbered by a first mortgage held by PNC Bank P.O. Box 489909 Charlotte, NC 28269 in the amount of approximately $417,000.00 with the Property valued at approximately $1,050,000.00.

18. The Property is a single-family home, making partition impractical.

19. The sale of the Debtor Estate's undivided interest in such Property would realize significantly less for the Estate than the sale of the Property free and clear of the interest of co-owner, Defendant.

20. The benefit to the Debtor Estate of the sale of such Property free and clear of the interest of the co-owner outweighs the detriment, if any, to the co-owner Defendant.

APPX0003

21. The Property is not used in the production, transmission, or distribution for sale of electric energy, or of natural or synthetic gas for heat, light, or power.

22. It is in the best interest of the estate to sell the Property.

23. The sale will result in the satisfaction of several of the Debtor's liabilities.

24.The Property should be sold free and clear of any liens, claims, and encumbrances, with liens, claims, and encumbrances to attach to proceeds of the sale.

**WHEREFORE,** the Trustee demands judgment against the Defendant as follows:

   a. Authorizing the Trustee to sell the Property located at 26 Snowden Lane, Princeton, New Jersey free and clear of the interest of the co-owner, Defendant Eileen Candia a/k/a Eileen Glanton, and all other liens, claims, and encumbrances, with liens, if valid, and the interest of the co-owner, Defendant to attach to the proceeds of sale.

   b. Determining the extent of the interest of Defendant in the Property to be no greater than 50% of the net proceeds of sale.

   c. Attorney fees and cost of suit; and

   d. Such other relief as the court deems equitable and just.

                         **THE KELLY FIRM, P.C.**
                         Attorneys for Plaintiff/Trustee

Dated: October 12, 2022        BY:     */s/ Andrew J. Kelly*
                                        **ANDREW J. KELLY**

APPX0004

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In the matter of:

  RICHARD HOWARD GLANTON,

                                 Debtor

  JOHN M. McDONNELL, TRUSTEE FOR THE DEBTOR
  ESTATE OF RICHARD HOWARD GLANTON,

                          Plaintiff(s)        Case No.   22-11055

v.

  EILEEN CANDIA, A/K/A, EILEEN GLANTON,            Adversary No. _____

                          Defendant(s)   Judge:   CMG

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

> Address of Clerk
> Clerk, United States Bankruptcy Court
> 402 East State Street
> Trenton, NJ 08608

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> Name and Address of    Andrew J. Kelly, Esq.
> Plaintiff's Attorney      THE KELLY FIRM, P.C.
>                       1011 Highway 71, Suite 200
>                       Spring Lake, NJ 07762
>                       akelly@kbtlaw.com

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

> Address                                Courtroom:
> 402 East State Street                #3
> Trenton, NJ 08608
>                                     Date and Time:

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                              Jeanne A. Naughton, Clerk

Date: _____     By: _____

                                              Deputy Clerk

*rev. 1/4/17*

**Pursuant to D.N.J. LBR 9019-2, Mediation: Procedures, there is a presumption of mediation in all adversary proceedings. For more information regarding the mediation program see the related Local Rules and forms on the Court's web site: njb.uscourts.gov/mediation.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
3131 Princeton Pike
Building 5, Suite 110
Lawrenceville, New Jersey 08648
(609) 890-1500
(609) 8980-6961 - facsimile
bwh@hofmeisterfirm.com
Attorneys for Defendant

| | |
|---|---|
| In Re: | Case No.: 22-11055 |
| RICHARD HOWARD GLANTON, | Chapter 7 |
| Debtor. | Judge: Christine M. Gravelle |
| JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON, | Adv. Pro. No. 22-01335 |
| Plaintiff, | |
| v. | |
| EILEEN CANDIA, A/K/A EILEEN GLANTON, | |
| Defendant. | |

**ANSWER TO COMPLAINT**

Defendant, Eileen Candia a/k/a Eileen Glanton (the "Defendant"), by and through her attorneys, Law Firm of Brian W. Hofmeister, LLC, by way of Answer to the Complaint, states:

**JURISDICTION AND VENUE**

1.    Defendant  admits the allegations contained in paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    Defendant admits the allegations contained in paragraph 3 of the Complaint.

1

APPX0006

## PARTIES

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and leaves Plaintiffs to his proofs.

8.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and leaves Plaintiffs to his proofs.

9.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and leaves Plaintiffs to his proofs.

10.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and leaves Plaintiffs to his proofs.

11.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, but rather, to the property search, which speaks for itself.

12.      Defendant neither admits nor denies the allegations contained in paragraph 12 of the Complaint and leaves Plaintiffs to his proofs.

## CAUSE OF ACTION

## FIRST COUNT

13.      Defendants repeat and incorporate all of the previous allegations contained in the Answer to the Complaint as if set forth herein at length.

14.      Defendant neither admits nor denies the allegations contained in paragraph 14 of the

2

APPX0007

Complaint and leaves Plaintiff to his proofs.

15.     Defendant admits the allegations contained in paragraph 15 of the Complaint that the Property located at 26 Snowden Lane, Princeton, New Jersey (the "Property") remains titled in the name of the Debtor and Defendant. The Defendant denies the remaining allegations in paragraph 15.

16.     The allegations contained in paragraph 16 of the Complaint constitute a legal conclusion to which no answer to the allegations contained in paragraph 16 is necessary. To the extent an answer is necessary, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits the allegations contained in paragraph 17 of the Complaint.

19.     The allegations contained in paragraph 19 of the Complaint constitute a legal conclusion to which no answer to the allegations contained in paragraph 19 is necessary. To the extent an answer is necessary, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint constitute a legal conclusion to which no answer to the allegations contained in paragraph 20 is necessary. To the extent an answer is necessary, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations the allegations contained in paragraph 22 of the Complaint.

23.     Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and leaves Plaintiffs to his proofs.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

WHEREFORE, Defendant, Eileen Candia a/k/a Eileen Glanton , demands judgment against

3

APPX0008

Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.

## AFFIRMATIVE DEFENSES

Plaintiff failed to state a cause of action upon which relief can be granted.

The benefit to the estate of a sale of the Property free and clear of the interests of the Defendant/co-owner is outweighed by the detriment of the Defendant/co-owner.

The sale of the Property fee of the interests of the Defendant/co-owner is premature.

The estate consists of other assets not jointly owned by the Debtor and Defendant available to liquidate and satisfy valid claims in full.

WHEREFORE, Defendant, Eileen Candia a/k/a Eileen Glanton , demands judgment against Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
Attorneys for Defendant, Eileen Candia a/k/a
Eileen Glanton

By:     */s/Brian W. Hofmeister*
Brian W. Hofmeister

Dated: October 25, 2022

4

APPX0009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
The Kelly Firm, P.C.
Andrew J. Kelly, Esq.
1011 Highway 71
Suite 200
Spring Lake, NJ 07762
(732) 449-0525
akelly@kbtlaw.com
Counsel to John M. McDonnell, Chapter 7 Trustee

**Order Filed on January 12, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| Case No.: | 22-11055 |
| Chapter: | 7 |
| Adv. Pro. No.: | 22-1335 |
| Judge: | CMG |

In Re:
RICHARD HOWARD GLANTON,
                                    Debtor.

John M. McDonnell, Trustee for
the Debtor Estate of Richard Howard Glanton,

                              Plaintiff(s)

v.

Eileen Candia, a/k/a Eileen Glanton,

                              Defendant(s)

**MEDIATION ORDER**

The relief set forth on the following page is **ORDERED**.

**DATED: January 12, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

APPX0010

It having been determined that mediation may produce a mutually agreeable resolution of all or some of the issues between the parties, and the parties having

☑ agreed on the selection of a mediator [add the name and address of the mediator below],

☐ been unable to agree on the selection of a mediator, ask the court to appoint one [court will add the name and address of a mediator],

it is ORDERED, that

the parties will make a good faith attempt to settle this action through mediation and will attend, personally or through a representative with authority to negotiate and settle the disputes, all sessions scheduled by the mediator;

Morris S. Bauer _____ is appointed to serve as mediator in this matter.

The mediator's address is ___One Riverfront Plaza, 1077 Raymond Boulevard, Suite 1800, Newark, NJ  07102___.

It is further ORDERED, that

D.N.J. LBR 9019-1 and 9019-2, as well as the following terms and guidelines will govern the mediation process between the parties:

1.  Plaintiff must immediately serve the designated mediator with a copy of the *Mediation Order*.

2.  Promptly after receiving the *Mediation Order*, the mediator must determine whether there is a  basis for disqualification or whether the mediator is unable to serve for any other reason.

3.  Upon entry of this Order, the parties must promptly contact the mediator to schedule the organizational telephone conference required by D.N.J. LBR 9019-2(d).

4.  The scheduling and location of all mediation sessions will be determined by the mediator; however, the mediation must commence not later than 60 days after the entry of this order, unless extended by further court order.

5.  The parties will compensate the mediator at the rate of $__400.00 per hour____. Each party is responsible for one-half of the mediator's fee. The fee is due not later than 30 days after presentation of the mediator's invoice. Either the mediator or a party to the mediation may bring a motion to enforce the parties' payment obligations under this Order.

6.  The mediator has the right to terminate this mediation at any time, for any reason, by providing written notice to counsel for all parties.

7.  Not later than 7 days after the conclusion of the mediation, the mediator must file Local Form, *Mediation Report*.

*rev.8/1/16*

APPX0011

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

THE KELLY FIRM, P.C.
Andrew J. Kelly, Esq.
1011 Highway 71, Suite 200
Spring Lake, NJ 07762
(732) 449-0525
akelly@kbtlaw.com
*Attorneys for Trustee/Plaintiff*

| | |
|---|---|
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>               Debtor. | Chapter: 7<br><br>Case No.: 22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>               Plaintiff,<br><br>        v.<br><br>EILEEN CANDIA, A/K/A EILEEN<br>GLANTON,<br><br>               Defendant. | Judge:     Honorable Christine M. Gravelle<br><br>Hearing Date:  June 27, 2023<br>                 10:00 a.m.<br><br>ORAL ARGUMENT REQUESTED |

## <u>NOTICE OF MOTION FOR SUMMARY JUDGMENT</u>

TO:     ALL PARTIES ON THE ATTACHED CERTIFICATION OF SERVICE

SIR/MADAM:

          PLEASE TAKE NOTICE, that on June 27, 2023 at 10:00 a.m. in the forenoon or

as soon thereafter as counsel may be heard, the undersigned attorneys for JOHN M.

1

APPX0012

MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON, the above-named Chapter 7 Trustee (the "Trustee" or "Plaintiff"), will move before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, at the United States Bankruptcy Court, 402 E. State Street, Trenton, NJ 08608 for an Order for Summary Judgment in favor of the Trustee and against EILEEN CANDIA, A/K/A EILEEN GLANTON (the "Defendant").

PLEASE TAKE FURTHER NOTICE that, in support of the Motion, the undersigned will rely upon the Certification of John M. McDonnell, the legal brief in support of the Plaintiff's Motion for Summary Judgment, and the Statement of Undisputed Material Facts submitted simultaneously herewith.

PLEASE TAKE FURTHER NOTICE that, pursuant to D.N.J. L.B.R. 9013-1(f), oral argument is requested.

PLEASE TAKE FURTHER NOTICE that, objections to the Plaintiff's Motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court, 402 East State Street, Trenton, New Jersey 08608 and simultaneously served upon:  The Kelly Firm, P.C., 1011 Highway 71, Suite 200, Spring Lake, New Jersey 07762 (Attention: Andrew J. Kelly, Esq.) within the time permitted under the applicable Rule or otherwise as fixed by the Court.

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is annexed hereto.


                              THE KELLY FIRM, P.C.
                              Attorneys for Trustee/Plaintiff


                              By: _____/s/ *Andrew J. Kelly*_____
Dated:  May 25, 2023                    ANDREW J. KELLY


2

APPX0013

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR**<br>**9004-1(b)** | |
| THE KELLY FIRM, P.C.<br>Andrew J. Kelly, Esq.<br>1011 Highway 71, Suite 200<br>Spring Lake, NJ 07762<br>(732) 449-0525<br>akelly@kbtlaw.com<br>*Attorneys for Trustee/Plaintiff* | |
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>            Debtor. | Chapter:   7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>            Plaintiff,<br><br>      v.<br><br>EILEEN CANDIA, A/K/A EILEEN<br>GLANTON,<br><br>            Defendant. | Judge:      Honorable Christine M. Gravelle<br><br>Hearing Date: June 27, 2023<br>                  10:00 a.m.<br><br>ORAL ARGUMENT REQUESTED |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

John M. McDonnell, Trustee for Debtor Estate of Richard Howard Glanton (the "Trustee"),

by and through its counsel, The Kelly Firm, P.C., hereby submits this Statement of Undisputed

Material Facts pursuant to D.N.J. LBR 7056-1(a) in support of the Debtor's Motion for Summary

Judgment as follows:

1

APPX0014

1.      Defendant Eileen Candia, a/k/a Eileen Glanton (the "defendant"), and the Debtor Richard Howard Glanton (the "Debtor") are a married couple and currently reside at 26 Snowden Lane, Princeton, New Jersey (the "Property"), along with their twelve-year-old daughter.

2.      Defendant and Debtor are currently in the process of finalizing their divorce.

3.      On February 9, 2022, Richard Howard Glanton (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

4.      On May 2, 2022, Debtor filed a Motion to Convert Case from Chapter 11 to Chapter 7.

5.      Said Motion was granted on August 30, 2022, converting the case from Chapter 11 to Chapter 7.

6.      Thereafter, Plaintiff was appointed as Chapter 7 trustee pursuant to Section 701 of the Bankruptcy Code on August 31, 2022.

7.      This Adversary Case was commenced on October 12, 2022, by the filing of the Adversary Complaint.

8.      On October 27, 2022, Defendant filed an answer (the "Answer") to the Adversary Complaint.

9.      In her Answer, Defendant asserts that the benefit to the estate of a sale of the Property free and clear of the interests of the Defendant/co-owner is outweighed by the detriment of the Defendant/co-owner.

10.     Defendant also asserts that the sale of the Property free of the interests of the Defendant/co-owner is premature and that the estate consists of other assets not jointly owned by the Debtor and Defendant available to liquidate and satisfy valid claims in full.

11.     Defendant has not provided any evidence to support these assertions.

APPX0015

12.     At the initial Meeting of Creditors conducted on March 17, 2022, by Alexandria Nikolinos Esq. of the Office of the U.S Trustee, the Debtor testified he is married to the Defendant.

13.     Debtor testified he did not currently own any real property. However, when questioned further, Debtor stated that he had owned the Property with the Defendant within two (2) years of the date of the Meeting of Creditors.

14.     Debtor further testified that in November or December of 2021, he transferred his ownership interest in the Property to his wife Defendant herein, and that he was no longer an owner of the Property.

15.     After the Meeting of Creditors referred to above, on June 28, 2022, the Debtor filed Amended Schedules now listing an ownership interest in the Property.

16.     A property search conducted on October 11, 2022, revealed recorded deeds indicating two transfers of the Property back and forth between the Debtor and Defendant – December 13, 2021 to Defendant, and then August 5, 2022 back to Debtor, respectively.

17.     The deed records show the Property remains titled in the name of the Debtor and Defendant.

18.     According to the Debtor's petition, the Property is encumbered by a first mortgage held by PNC Bank P.O. Box 489909 Charlotte, NC 28269 in the amount of approximately $417,000.00 with the Property valued at approximately $1,050,000.00.

19.     Pursuant to a comparative market analysis obtained by the Trustee dated January 13, 2023, the Property is worth approximately $2,107,500.

20.     There is substantial equity in the Property to be realized by a sale of the entire Property and to be shared between the Debtor's chapter 7 bankruptcy estate and Defendant.

21.     The Property is a single-family home, making partition impractical.

APPX0016

22.    The sale of the Debtor estate's undivided interest in such Property would realize significantly less for the estate than the sale of the Property free and clear of the interest of co-owner, Defendant.

23.    The benefit to the Debtor estate of the sale of such Property free and clear of the interest of the co-owner outweighs the detriment, if any, to the co-owner Defendant.

24.    The Property, a single-family residence, is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

25.    The sale of the Property would result in the satisfaction of a significant portion of Debtor's liabilities.

THE KELLY FIRM, P.C.
Attorneys for Trustee/Plaintiff


By:    */s/ Andrew J. Kelly*
Dated:  May 25, 2023                  **ANDREW J. KELLY**

4

APPX0017

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>THE KELLY FIRM, P.C.<br>Andrew J. Kelly, Esq.<br>1011 Highway 71, Suite 200<br>Spring Lake, NJ 07762<br>(732) 449-0525<br>akelly@kbtlaw.com<br>*Attorneys for Trustee/Plaintiff* | |
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>             Debtor. | Chapter:   7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON,<br><br>             Plaintiff,<br><br>     v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>             Defendant. | Judge:     Honorable Christine M. Gravelle<br><br>Hearing Date: June 27, 2023<br>                  10:00 a.m.<br><br>     ORAL ARGUMENT REQUESTED |

**LEGAL BRIEF IN SUPPORT OF JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON'S MOTION FOR SUMMARY JUDGMENT**

John M. McDonnell, Trustee for Debtor Estate of Richard Howard Glanton (the "Trustee"),

by and through its counsel, The Kelly Firm, P.C., hereby moves for Summary Judgment on Count

APPX0018

I of its Adversary Proceeding asserted against Eileen Candia, a/k/a Eileen Glanton (the "Defendant") as follows:

## PRELIMINARY STATEMENT

The Movant is seeking Court authorization, pursuant to 11 U.S.C § 363(h), to sell both Richard Howard Glanton's (the "Debtor") interest and the interest of the estate's co-owner, the Defendant, in real property in which the Debtor and the Defendant currently reside.

## STATEMENT OF FACTS

Plaintiff has set forth a more detailed statement of facts in its accompanying Statement of Undisputed Material Facts filed herewith.

Defendant and Debtor are a married couple and currently reside at 26 Snowden Lane, Princeton, New Jersey (the "Property") with their twelve-year-old daughter. Defendant and Debtor are currently in the process of finalizing their divorce. Defendant and Debtor are co-owners of the Property. There is sufficient equity in the Property such that a sale of the entire property would provide the bankruptcy estate with a fund out of which a significant dividend could be paid to unsecured creditors. Likewise, the sale of the entire property will provide Defendant with significant sale proceeds which she may use to find alternative housing.

Partition in kind of the subject property is impracticable, if not impossible. A sale of only Plaintiff's undivided interest in the Subject Property would realize significantly less for the estate than would the sale of both the estate's interest and Defendant's interest in the Property. The Property, a single-family residence, is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

## LEGAL ARGUMENT

**A.** **Summary Judgement is Appropriate Because there are No Material Facts in Dispute.**

2

Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Bankruptcy Rule 7056, provides for entry of summary judgment where "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "A fact is material when its resolution 'might affect the outcome of the suit under governing law ....' " <u>Justofin v. Metro. Life Ins.</u>, 372 F.3d 517, 521 (3d Cir. 2004). An issue of material fact is considered genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating there are no genuine issues of material fact. <u>Celotex</u>, 477 *U.S.* at 323; <u>Knauss v. Dwek</u>, 289 *F. Supp 2d* 546, 549 (D.N.J. 2003). The burden then shifts to the nonmoving party, who must present evidence establishing that a genuine issue of material fact exists making it necessary to resolve the difference at trial. *Id*. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgement; the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The non-movant may not rely on mere allegations, but rather must present actual evidence raising a genuine dispute of material fact. *Id*. at 249.

In addition, a motion for summary judgment will not be defeated by "the mere existence of some disputed facts." <u>Am. Eagle Outfitters v. Lyle & Scott, Ltd.</u>, 584 *F.3d* 575, 581 (3d. Cir. 2009). "If the evidence [offered by the non-moving party] is merely colorable or is not significantly probative, summary judgment may be granted" <u>Anderson</u>, 477 *U.S*. at 249-250 (citations omitted). Only disputes over facts "that might affect the outcome of the suit under governing law will

APPX0020

properly preclude the entry of summary judgment." <u>Dehart v. Horn</u>, 390 *F.3d* 262, 267, (3d Cir. 2004).

In the case at hand, there are no material facts in dispute. Each of the facts necessary to meet the evidentiary standard of proof that would apply at a trial on the merits is conclusively established by the motion record submitted. Plaintiff's Certification and Statement of Undisputed Material Facts set forth every fact and establishes every element of the cause of action that has been asserted against Defendant.

**B.** **Pursuant to 11 U.S.C. §363(h), Plaintiff is Entitled to Summary Judgement Authorizing the Sale of Both the Estate's Interest and Defendant's Interest in the Property.**

Section 363(h) provides that the trustee may sell both the estate's interest under subsection (b) and the interest of any co-owner in property in which the debtor had, when the case commenced, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if:

1. partition in kind of such property among the estate and such co-owners is impracticable;

2. sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

3. the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

4. such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Section 363(h) requires balancing of the benefit to the estate from the sale against the detriment "to such co-owners." 11 U.S.C. § 363(h). It is undisputed that the Debtor/Defendant's daughter is

APPX0021

not a co-owner of the Property. <u>In re Olsen</u>, 14-11273, 2017 WL 3311218, at *6 (Bankr. D.N.J. July 20, 2017).

Here, Plaintiff has made the requisite showing with respect to each of the statutory requirements: Plaintiff owns an undivided one-half interest in the Property, because Debtor owned an undivided one-half interest as a joint tenant at the time of the commencement of Debtor's Chapter 7 bankruptcy case. Partition of the Property, a single-family home, is impracticable. If Plaintiff were to sell only its undivided one-half interest subject to Defendant's interest, the estate would realize substantially less than if the property were sold free of Defendant's interest. The sale will provide a benefit to the estate, a likely significant dividend for unsecured creditors, that far outweighs any detriment to Defendant. Finally, the Property is not utilized in connection with the production, transmission or distribution of electricity or gas.

The case of <u>In re Olsen</u> is instructive.  In <u>Olsen</u>, the Plaintiff prevailed on its motion for summary judgment seeking authorization to sell both the bankruptcy estate's and debtor's interest in the respective property in that matter. The debtor and his ex-wife defendant were co-owners of the property where the defendant and their daughter resided. In granting the plaintiff's motion for summary judgment, the Court reasoned the defendant failed to create a genuine issue of fact with respect to any hardship she would encounter by having to move from the Property. Likewise, defendant failed to present any evidence of actual hardships the daughter may face, while also noting that the daughter was not a co-owner of the property and thus not a factor in the determination.

Similarly, in our case, Defendant has not set forth any evidence of a detriment to be suffered by her in the event of a sale of her interest in the Property. The only detrimental impact identifiable would be a possible detrimental impact on Defendant and Debtor's twelve-year-old daughter, who

APPX0022

currently resides at the property. However, Defendant and Debtor are in the process of finalizing their divorce and, as such, restricting the sale of the Property would not have the impact of preserving a marital home. Furthermore, the sale of the Property will produce sufficient proceeds for the Defendant and her daughter (who is not a co-owner) to relocate and thus any potential hardships the daughter may face are minimal. Regardless, any possible detriment is far outweighed by the benefit to the bankruptcy estate as there is substantial equity in the Property to be realized by a sale of the entire Property and to be shared between the Debtor's bankruptcy estate and Defendant. Here, the benefits of the sale outweigh any detriment to the co-owner.

## **CONCLUSION**

For all of the reasons stated it is respectfully submitted that Plaintiff's motion for summary should be granted. Judgment should be entered authorizing Plaintiff to market and sell the Property, and empowering Plaintiff to enter into a listing agreement with a real estate professional to be retained subject to Bankruptcy Court approval. Further, Plaintiff should be authorized to sign any necessary documents in connection with such retention on Defendant's behalf in the event Defendant refuses to cooperate.

THE KELLY FIRM, P.C.
Attorneys for Trustee/Plaintiff

By:     */s/ Andrew J. Kelly*
        **ANDREW J. KELLY**

Dated:  May 25, 2023

6

APPX0023

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

THE KELLY FIRM, P.C.
Andrew J. Kelly, Esq.
1011 Highway 71, Suite 200
Spring Lake, NJ 07762
(732) 449-0525
akelly@kbtlaw.com
*Attorneys for Trustee/Plaintiff*

In re:

RICHARD HOWARD GLANTON,

    Debtor.

---

JOHN M. MCDONNELL,
TRUSTEE FOR DEBTOR ESTATE OF
RICHARD HOWARD GLANTON,

    Plaintiff,

  v.

EILEEN CANDIA, A/K/A EILEEN
GLANTON,

    Defendant.

Chapter: 7

Case No.: 22-11055 (CMG)

Adv. Pro. No.: 22-1335 (CMG)

Judge:  Honorable Christine M. Gravelle

Hearing Date: June 27, 2023
      10:00 a.m.

ORAL ARGUMENT REQUESTED

**CERTIFICATION OF JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON, IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO AUTHORIZE MARKETING FOR SALE BOTH THE ESTATE'S INTEREST AND THE INTEREST OF DEFENDANT CO-OWNER IN REAL ESTATE PURSUANT TO 11 U.S.C.§ 363(h)**

  **JOHN M. MCDONNELL**, of full age, does hereby certify as follows:

1

1.     I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of the captioned Debtor, Richard Howard Glanton ("Debtor"), and am the Plaintiff in the captioned adversary proceeding against Defendant Eileen Candia, A/K/A Eileen Glanton (the "Defendant"). Defendant is the spouse of the Debtor and is the co-owner, along with the chapter 7 estate, of certain real property located in Princeton, New Jersey. I make this certification based upon my personal knowledge, except where indicated, in support of the motion filed on my behalf seeking summary judgment in this adversary proceeding, an action pursuant to 11 U.S.C. §363(h) for authorization to sell both the bankruptcy estate's interest and Defendant's interest in said property.

2.     A copy of the Adversary Complaint filed on my behalf in this matter is attached as **Exhibit A**. The pleading sets forth and describes in detail the events leading to the present situation with respect to the subject real property, a residential house located at 26 Snowden Lane, Princeton, New Jersey (the "Property"). The undisputed facts establishing my entitlement to summary judgment in this matter, all alleged in the Adversary Complaint, are recounted, highlighted and expanded in this certification.

3.     On October 27, 2022, Defendant filed an answer (the "Answer") to the Adversary Complaint. A copy of the Answer is attached as **Exhibit B**.

4.     In her Answer, Defendant asserts defenses upon which she will rely in this case: First, she argues the benefit to the estate of a sale of the Property free and clear of the interests of the Defendant/co-owner is outweighed by the detriment of the Defendant/co-owner. Second, the sale of the Property free of the interests of the Defendant/co-owner is premature. Third, the estate consists of other assets not jointly owned by the Debtor and Defendant available to liquidate and satisfy valid claims in full.

2

APPX0025

## **BACKGROUND FACTS**

1.      On February 9, 2022, Richard Howard Glanton (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

2.      On August 30, 2022, this Court granted Debtors Motion to Convert Case from Chapter 11 to Chapter 7.

3.      Thereafter, on August 31, 2022, I was appointed as Chapter 7 trustee pursuant to the Bankruptcy Code.

4.      At the initial Meeting of Creditors conducted on March 17, 2022, by Alexandria Nikolinos Esq. of the Office of the U.S Trustee, the Debtor testified he is married to the Defendant and he did not currently own any real property. However, when questioned further, Debtor stated that he had owned the Property with the Defendant within two (2) years of the date of the Meeting of Creditors.

5.      Debtor further testified that in November or December of 2021, he transferred his ownership interest in the Property to his wife Defendant herein, and that he was no longer an owner of the Property.

6.      After the Meeting of Creditors referred to above, on June 28, 2022, the Debtor filed Amended Schedules now listing an ownership interest in the Property.

7.      A property search conducted on October 11, 2022, revealed recorded deeds indicating two transfers of the Property back and forth between the Debtor and Defendant – December 13, 2021 to Defendant, and then August 5, 2022 back to Debtor, respectively. True and correct copies of the recorded deeds is attached hereto as **Exhibit C**.

8.      According to the Debtor's petition, the Property is encumbered by a first mortgage held by PNC Bank P.O. Box 489909 Charlotte, NC 28269 in the amount of approximately

3

APPX0026

$417,000.00 with the Property valued at approximately $1,050,000.00. Debtor's petition is attached hereto as **Exhibit D**.

9.     Pursuant to a comparative market analysis ("CMA") obtained by the Trustee dated January 13, 2023, the Property is worth approximately $2,107,500. The CMA is attached hereto as **Exhibit E**.

10.     Based upon this information there is substantial equity in the Property to be realized by a sale of the entire Property and to be shared between the Debtor's chapter 7 bankruptcy estate and Defendant.

11.     Since the Property is a single-family residence, partition in kind of the Property between Debtor's estate and Defendant is impracticable and a sale of the estate's undivided interest in the Property would realize significantly less for the estate than would a sale free of the interest of Defendant.

12.     The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

## DEFENDANT'S AFFIRMATIVE DEFENSES

13.     Defendant has stated that the benefit to the estate of a sale of the Property free and clear of the interests of the Defendant/co-owner is outweighed by the detriment of the Defendant/co-owner.

14.     Defendant fails to specify what hardships she may face and, as such, has failed to create a genuine issue of fact with respect to any hardship she would encounter by having to move from the Property. Regardless, any hardships potentially faced by Defendant co-owner are outweighed by the substantial benefit that the bankruptcy estate would receive through the sale of the Property.

4

APPX0027

15.    Furthermore, the sale of the Property will produce sufficient proceeds for the Defendant and her daughter (who is not a co-owner) to relocate and thus any potential hardships the daughter may face are minimal.

16.    Defendant has also stated that the sale of the Property free of the interests of the Defendant/co-owner is premature, and that the estate consists of other assets not jointly owned by the Debtor and Defendant available to liquidate and satisfy valid claims in full.

17.    These Defenses are without merit as there is no evidence present that the sale of the property would be premature. There is also no merit to the defense that the estate contains other assets that could satisfy the claims in full.

18.    Defendant may not rely on allegations to defeat the Motion for Summary Judgment, but rather must present actual evidence that raises a genuine dispute of material fact, which Defendant has failed to do.

19.    Defendant has failed to raise a genuine issue of material fact and Plaintiff's Motion for Summary Judgment should be granted.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JOHN M. MCDONNELL

Dated: May 25, 2023

5

APPX0028

# EXHIBIT "A"

APPX0029

**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
1011 Highway 71
Suite 200
Spring Lake, NJ 07762
(732) 449-0525
akelly@kbtlaw.com
*Counsel for the Chapter 7 Trustee, John M. McDonnell,*

| | |
|---|---|
| IN RE:<br><br>RICHARD HOWARD GLANTON<br>         Debtor.<br><br>────────────────<br><br>JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>                          Plaintiff,<br><br>vs.<br><br>EILEEN CANDIA, A/K/A<br>EILEEN GLANTON,<br><br>                     Defendant. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>CASE NO. 22-11055 (CMG)<br><br>ADV. PROC. NO. 22-<br><br>Honorable Christine M. Gravelle<br><br>**COMPLAINT TO DETERMINE<br>INTEREST OF EILEEN CANDIA A/K/A<br>EILEEN GLANTON  IN REAL<br>PROPERTY; AND AUTHORIZE SALE<br>OF REAL PROPERTY PURSUANT TO<br>11 U.S.C. § 363(h)** |

JOHN M. McDONNELL, ESQ., Chapter 7 Trustee for the Debtor Estate of Richard

Howard Glanton by way of Complaint against the defendant says:

## JURISDICTION AND VENUE

1.  Jurisdiction in this matter exists by virtue of 28 U.S.C. § 1334.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3.  Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1408.

**PARTIES**

4.  John M. McDonnell is the duly appointed Trustee in bankruptcy for the Debtor Richard Howard Glanton.

5.  Defendant, Eileen Candia A/K/A Eileen Glanton ("Defendant"), and the Debtor Richard Howard Glanton ("Debtor") are a married couple and currently reside at 26 Snowden Lane, Princeton, New Jersey (the "Property").

6.  The Defendant is an owner of the Property.

7.  At the initial Meeting of Creditors conducted on March 17, 2022, by Alexandria Nikolinos Esq. of the Office of the U.S Trustee, the Debtor testified he is married to Defendant Eileen Glanton, a/k/a Eileen Candia

8.  Debtor testified he did not currently own any real property.

9.  When questioned further Debtor stated that he had owned the Property with his wife Defendant Eileen Glanton within two (2) years of the date of the Meeting of Creditors (3.17.22).

10. Richard Howard Glanton testified that in November or December of 2021, he transferred his ownership interest in the Property to his wife Defendant herein, and that he was no longer an owner of the Property.

11. After the Meeting of Creditors referred to above, on June 28, 2022 the Debtor filed Amended Schedules now listing an ownership interest in the Property.

12. A property search conducted on October 11, 2022, identifies two (2) recent transfers:

    a.  December 13, 2021: Richard H. Glanton as Grantors to Eileen Candia as Grantee;

APPX0031

   b. August 4, 2022: Eileen Candia as Grantor to Richard H. Glanton and Eileen
   Candia as Grantees.

**CAUSE OF ACTION**
**FIRST COUNT**

13. The Plaintiff repeats paragraphs 1 through 12 with full force and effect as if set forth
    more fully herein.

14. A property search conducted on October 11, 2022, revealed recorded deeds indicating
    two transfers of the Property back and forth between the Debtor and Defendant –
    December 13, 2021 and then August 5, 2022, respectively.

15. The deed records show the Property remains titled in the name of the Debtor and
    Defendant. However, the extent of the ownership interest of each is unknown.

16. Pursuant to 11 U.S.C. § 363(h) of the United States Bankruptcy Code, the Trustee may
    sell both the Estate's interest in the Property and the interest of any co-owner under the
    conditions set forth therein.

17. According to the Debtor's petition, the Property is encumbered by a first mortgage held
    by PNC Bank P.O. Box 489909 Charlotte, NC 28269 in the amount of approximately
    $417,000.00 with the Property valued at approximately $1,050,000.00.

18. The Property is a single-family home, making partition impractical.

19. The sale of the Debtor Estate's undivided interest in such Property would realize
    significantly less for the Estate than the sale of the Property free and clear of the interest
    of co-owner, Defendant.

20. The benefit to the Debtor Estate of the sale of such Property free and clear of the interest
    of the co-owner outweighs the detriment, if any, to the co-owner Defendant.

3

21. The Property is not used in the production, transmission, or distribution for sale of electric energy, or of natural or synthetic gas for heat, light, or power.

22. It is in the best interest of the estate to sell the Property.

23. The sale will result in the satisfaction of several of the Debtor's liabilities.

24. The Property should be sold free and clear of any liens, claims, and encumbrances, with liens, claims, and encumbrances to attach to proceeds of the sale.

**WHEREFORE,** the Trustee demands judgment against the Defendant as follows:

   a. Authorizing the Trustee to sell the Property located at 26 Snowden Lane, Princeton, New Jersey free and clear of the interest of the co-owner, Defendant Eileen Candia a/k/a Eileen Glanton, and all other liens, claims, and encumbrances, with liens, if valid, and the interest of the co-owner, Defendant to attach to the proceeds of sale.

   b. Determining the extent of the interest of Defendant in the Property to be no greater than 50% of the net proceeds of sale.

   c. Attorney fees and cost of suit; and

   d. Such other relief as the court deems equitable and just.

                    **THE KELLY FIRM, P.C.**
                    Attorneys for Plaintiff/Trustee

Dated: October 12, 2022          BY:     */s/ Andrew J. Kelly*
                                         **ANDREW J. KELLY**

4

APPX0033

# EXHIBIT "B"

APPX0034

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
3131 Princeton Pike
Building 5, Suite 110
Lawrenceville, New Jersey 08648
(609) 890-1500
(609) 8980-6961 - facsimile
bwh@hofmeisterfirm.com
Attorneys for Defendant

| | |
|---|---|
| In Re:<br><br>RICHARD HOWARD GLANTON,<br><br>             Debtor. | Case No.: 22-11055<br><br>Chapter 7<br><br>Judge: Christine M. Gravelle |
| JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON,<br><br>             Plaintiff,<br><br>v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>             Defendant. | Adv. Pro. No. 22-01335 |

### ANSWER TO COMPLAINT

Defendant, Eileen Candia a/k/a Eileen Glanton (the "Defendant"), by and through her

attorneys, Law Firm of Brian W. Hofmeister, LLC, by way of Answer to the Complaint, states:

### JURISDICTION AND VENUE

1.      Defendant  admits the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

1

APPX0035

## PARTIES

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and leaves Plaintiffs to his proofs.

8.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and leaves Plaintiffs to his proofs.

9.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and leaves Plaintiffs to his proofs.

10.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and leaves Plaintiffs to his proofs.

11.      Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, but rather, to the property search, which speaks for itself.

12.      Defendant neither admits nor denies the allegations contained in paragraph 12 of the Complaint and leaves Plaintiffs to his proofs.

## CAUSE OF ACTION

## FIRST COUNT

13.      Defendants repeat and incorporate all of the previous allegations contained in the Answer to the Complaint as if set forth herein at length.

14.      Defendant neither admits nor denies the allegations contained in paragraph 14 of the

2

Complaint and leaves Plaintiff to his proofs.

15.    Defendant admits the allegations contained in paragraph 15 of the Complaint that the Property located at 26 Snowden Lane, Princeton, New Jersey (the "Property") remains titled in the name of the Debtor and Defendant. The Defendant denies the remaining allegations in paragraph 15.

16.    The allegations contained in paragraph 16 of the Complaint constitute a legal conclusion to which no answer to the allegations contained in paragraph 16 is necessary. To the extent an answer is necessary, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.    Defendant admits the allegations contained in paragraph 17 of the Complaint.

19.    The allegations contained in paragraph 19 of the Complaint constitute a legal conclusion to which no answer to the allegations contained in paragraph 19 is necessary. To the extent an answer is necessary, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.    The allegations contained in paragraph 20 of the Complaint constitute a legal conclusion to which no answer to the allegations contained in paragraph 20 is necessary. To the extent an answer is necessary, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.    Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations the allegations contained in paragraph 22 of the Complaint.

23.    Defendant is without independent knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and leaves Plaintiffs to his proofs.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

WHEREFORE, Defendant, Eileen Candia a/k/a Eileen Glanton , demands judgment against

3

APPX0037

Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.

## AFFIRMATIVE DEFENSES

Plaintiff failed to state a cause of action upon which relief can be granted.

The benefit to the estate of a sale of the Property free and clear of the interests of the Defendant/co-owner is outweighed by the detriment of the Defendant/co-owner.

The sale of the Property fee of the interests of the Defendant/co-owner is premature.

The estate consists of other assets not jointly owned by the Debtor and Defendant available to liquidate and satisfy valid claims in full.

WHEREFORE, Defendant,  Eileen Candia a/k/a Eileen Glanton , demands judgment against Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.


LAW FIRM OF BRIAN W. HOFMEISTER, LLC
Attorneys for Defendant, Eileen Candia a/k/a
Eileen Glanton



By:     */s/Brian W. Hofmeister*_____
Brian W. Hofmeister

Dated: October 25, 2022

4

APPX0038

# EXHIBIT "C"

APPX0039

Certification     Page 17 of 66

INSTR # 2021073288
D BK 6467 PG 461 Pgs 461 - 466; (6 pgs)
RECORDED 12/13/2021 11:10:43 AM
PAULA SOLLAMI COVELLO, COUNTY CLERK
MERCER COUNTY, NEW JERSEY

RICHARD & EILEEN GLANTON
26 SNOWDEN LANE
PRINCETON, N.J. 08540

## Mercer County
## Document Summary Sheet

| | |
|---|---|
| **Mercer County Clerk**<br>PO Box 8068<br>240 West State Street<br>6th Floor<br>Trenton NJ 08650 | **Return Name and Address**<br>John D. Rankin, Esq.<br>600 Alexander Road<br>Suite 1-1C<br>Princeton, NJ 08540 |

|  | Official Use Only |
|---|---|
| **Submitting Company** | |
| **Document Date** (mm/dd/yyyy) | 12/10/2021 |
| **Document Type** | DEED |
| **No. of Pages of the Original Signed Document**<br>(Including the cover sheet) | 6 |
| **Consideration Amount** (If applicable) | 1 00 |

| **First Party**<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | **Name(s)** *(Last Name First Name Middle Initial Suffix)*<br>*(or Company Name as written)*<br>Richard H. Glanton, married | **Address** *(Optional)*<br>26 Snowden Lane, Princeton NJ 08540 |
|---|---|---|
| **Second Party**<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | **Name(s)** *(Last Name First Name Middle Initial Suffix)*<br>*(or Company Name as written)*<br>Eileen Candia, married | **Address** *(Optional)*<br>26 Snowden Lane, Princeton NJ 08540 |

| **Parcel Information**<br>(Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | Princeton | 32.03 | 41 | | 26 Snowden Lane, Princeton NJ 08540 |

| **Reference Information**<br>(Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | DB | 6030 | 522 | 2009042967 | 12/09/2009 |

*DO NOT REMOVE THIS PAGE.*
DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF MERCER COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.

DD6  6P  93

APPX0040

# DEED

THIS DEED is made on December /3, 2021

BETWEEN             Richard H. Glanton, married


whose post office address is    26 Snowden Lane, Princeton, New Jersey  08540

referred to as the  Grantors,


AND             Eileen Candia, married


whose post office address is    26 Snowden Lane, Princeton, New Jersey  08540

referred to as the Grantee.

The words Grantors and Grantees shall mean all Grantors and Grantees listed above.

**TRANSFER OF OWNERSHIP.**  The Grantor grants and conveys (transfers ownership of)  the property (called the Property) described below to the Grantee.  This transfer is made for the sum of  ONE  DOLLAR  AND  OTHER  GOOD  AND  VALUABLE CONSIDERATION ($1.00).  The Grantor acknowledges receipt of this money.

**TAX MAP REFERENCE** (N.J.S.A. 46:26A-3)  Municipality: Princeton


Block No.  32.03      Lot No. 41      Qualifier No.

**PROPERTY.**  The Property consists of the land and all the buildings and structures on the land in Princeton, County of Somerset, State of New Jersey.


See legal description attached hereto and made part hereof


BEING the same premises conveyed to Richard H. Glanton and Eileen Candia, by deed from R. B. Homes, Inc., a New Jersey Corporation, dated September 15, 2009 and recorded December 9, 2009 in the Mercer County Clerk's Office in Deed Book 6030, page 522.
It is the intent of this deed to convey the undivided one-half interest in the property owned by Richard H. Glanton to Eileen Candia and thereby vest full title to the property to Eileen Candia.


Prepared by:

_____
John D. Rankin, Esquire

APPX0041

GIT/REP-3
(2-21)
(Print or Type)

# State of New Jersey
## Seller's Residency Certification/Exemption

### Seller's Information
Name(s)
Richard H. Glanton, married

Current Street Address
26 Snowden Lane

| City, Town, Post Office | State | ZIP Code |
|---|---|---|
| Princeton | NJ | 08540 |

### Property Information

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 32.03 | 41 | |

Street Address
26 Snowden Lane

| City, Town, Post Office | State | ZIP Code |
|---|---|---|
| Princeton | NJ | 08540 |

| Seller's Percentage of Ownership | Total Consideration | Owner's Share of Consideration | Closing Date |
|---|---|---|---|
| 100 | 1.00 | 1.00 | |

### Seller's Assurances (Check the Appropriate Box) (Boxes 2 through 16 apply to Residents and Nonresidents)

1. ☐ Seller is a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to the New Jersey Gross Income Tax Act, will file a resident Gross Income Tax return, and will pay any applicable taxes on any gain or income from the disposition of this property.

2. ☒ The real property sold or transferred is used exclusively as a principal residence as defined in 26 U.S. Code section 121.

3. ☐ Seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor, or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not an individual, estate, or trust and is not required to make an estimated Gross Income Tax payment.

6. ☒ The total consideration for the property is $1,000 or less, so the seller is not required to make an estimated Income Tax payment.

7. ☐ The gain from the sale is not recognized for federal income tax purposes under 26 U.S. Code section 721, 1031, or 1033 (CIRCLE THE APPLICABLE SECTION). If the indicated section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey Income Tax return for the year of the sale and report the recognized gain.
   ☐ Seller did not receive non-like kind property.

8. ☐ The real property is being transferred by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this State.

9. ☐ The real property being sold is subject to a short sale instituted by the mortgagee, whereby the seller agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.

10. ☐ The deed is dated prior to August 1, 2004, and was not previously recorded.

11. ☐ The real property is being transferred under a relocation company transaction where a trustee of the relocation company buys the property from the seller and then sells the house to a third party buyer for the same price.

12. ☐ The real property is being transferred between spouses or incident to a divorce decree or property settlement agreement under 26 U.S. Code section 1041.

13. ☐ The property transferred is a cemetery plot.

14. ☐ The seller is not receiving net proceeds from the sale. Net proceeds from the sale means the net amount due to the seller on the settlement sheet.

15. ☐ The seller is a retirement trust that received an acknowledgment letter from the Internal Revenue Service that the seller is a retirement trust, and is therefore not required to make the estimated Gross Income Tax payment.

16. ☐ The seller (and/or spouse/civil union partner) originally purchased the property while a resident of New Jersey as a member of the U.S. Armed Forces and is now selling the property as a result of being deployed on active duty outside of New Jersey. (Only check this box if applicable and neither boxes 1 nor 2 apply.)

### Seller's Declaration
The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein may be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box ☐ I certify that a Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

| Date | Signature (Seller) | Indicate if Power of Attorney or Attorney in Fact |
|---|---|---|
| 12/13/21 | _Richard H. Glanton_ | |

| Date | Signature (Seller) | Indicate if Power of Attorney or Attorney in Fact |
|---|---|---|
| | | |

RTF-1 (Rev. 4/17)
**MUST SUBMIT IN DUPLICATE**

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
**(P.L.1968, c. 49, as amended through P.L. 2006, c. 33) (N.J.S.A. 46:15-5 et seq.)**
**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.**

STATE OF NEW JERSEY }

COUNTY     MERCER     } SS.   County Municipal Code   1114

| FOR RECORDER'S USE ONLY | |
|---|---|
| Consideration | $ _____ |
| RTF paid by seller | $ _____ |
| Date _____ | By _____ |

MUNICIPALITY OF PROPERTY LOCATION  Princeton          *Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** (*See Instructions #3 and #4 on reverse side*)

Deponent,  Richard H. Glanton          , being duly sworn according to law upon his/her oath,
        **(Name)**
deposes and says that he/she is the Deponent _____ in a deed dated December 13, 2021 transferring
  (Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  32.03          Lot number  41          located at

26 Snowden Lane, Princeton, NJ 08540                    and annexed thereto.
        **(Street Address, Town)**

**(2) CONSIDERATION** $1.00          (*Instructions #1 and #5 on reverse side*) ☐ no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A   4B   4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A)REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:**
(*See Instructions #5A and #7 on reverse side*)
        **Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**
        $ _____ ÷ _____ % = $ _____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE** (*See Instruction #8 on reverse side*)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by P.L. 1968, c. 49 as amended through P.L. 2004, c. 66 for the following reason(s).  Mere reference to exemption symbol is insufficient. Explain in detail.
  Consideration is less than 100.00 and between husband and wife.

**(5) PARTIAL EXEMPTION FROM FEE** (*Instruction #9 on reverse side*)
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and General Purpose Fees, as applicable, imposed by P.L. 1975, c. 176, P.L. 2004, c. 113 and P.L. 2004, c. 66 for the following reason(s):

A.   **SENIOR CITIZEN**   Grantor(s) ☐ 62 years of age or over. * ( *Instruction #9 on reverse side for A or B*)
B. { **BLIND PERSON**   Grantor(s) ☐ legally blind or *
    **DISABLED PERSON**   Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

    Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
    ☐ Owned and occupied by grantor(s) at time of sale.    ☐ Resident of State of New Jersey.
    ☐ One or two-family residential premises.    ☐ Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.   **LOW AND MODERATE INCOME HOUSING** (*Instruction #9 on reverse side*)
    ☐ Affordable according to H.U.D. standards.    ☐ Reserved for occupancy.
    ☐ Meets income requirements of region.    ☐ Subject to resale controls.

**(6) NEW CONSTRUCTION** (*Instructions #2, #10 and #12 on reverse side*)
    ☐ Entirely new improvement.    ☐ Not previously occupied.
    ☐ Not previously used for any purpose.    ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

**(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES** (*Instructions #5, #12, #14 on reverse side*)
    ☐ No prior mortgage assumed or to which property is subject at time of sale.
    ☐ No contributions to capital by either grantor or grantee legal entity.
    ☐ No stock or money exchanged by or between grantor or grantee legal entities.

**(8)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of P.L. 1968, c. 49 as amended through P.L. 2006, c. 33.

Subscribed and sworn to before me
this 13 day of December , 2021

_____ Signature of Deponent
26 Snowden Lane, Princeton, NJ 08540

Richard H. Glanton
Grantor Name
26 Snowden Lane, Princeton NJ 08540

**JOHN D. RANKIN**
Attorney at Law State of New Jersey

Deponent Address

XXX-XX-X 618
Last three digits in Grantor's Social Security Number

Grantor Address at Time of Sale

John Rankin, Esq.
Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY | |
|---|---|
| Instrument Number _____ County _____ | |
| Deed Number _____ Book _____ Page _____ | |
| Deed Dated _____ Date Recorded _____ | |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:

**STATE OF NEW JERSEY**
**PO BOX 251**
**TRENTON, NJ 08695-0251**
**ATTENTION: REALTY TRANSFER FEE UNIT**

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and may not be altered or amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at:
https://www.state.nj.us/treasury/taxation/lpt/localtax.shtml

APPX0043

# STEWART TITLE GUARANTY COMPANY

File Number: 213-23514

## SCHEDULE C
## LEGAL DESCRIPTION

ALL that certain tract or parcel of land, situated, lying and being in the Borough of Princeton, County of Mercer, State of New Jersey, more particularly described as follows:

BEING known and designated as Lot 5 in Block 2 as shown on a certain map entitled; "Survey Clearview Corp. Pretty Brook Gardens" dated September, 1944. Said map being filed in the Mercer County Clerk's Office.

BEGINNING at a point on the Westerly sideline of Snowden Lane, distant 280.00 feet Northerly along said sideline from its intersection with Nassau Street, from said beginning point thence;

(1)    North 23 degrees 51 minutes 00 seconds West along said sideline of Snowden Lane, a distance of 75.00 feet to a point; thence

(2)    South 66 degrees 09 minutes 00 seconds West a distance of 216.78 feet to an iron bar; thence

(3)    South 22 degrees 51 minutes 00 seconds East a distance of 75.01 feet to a point; thence

(4)    North 66 degrees 09 minutes 00 seconds East a distance of 218.09 feet to the point and place of Beginning.

NOTE: Being Lot: 41, Block: 32.03; Tax Map of the Borough of Princeton, County of Mercer, State of New Jersey.

NOTE FOR INFORMATION ONLY: Mailing Address is 26 Snowden Lane, Princeton, NJ 08540-3916

NOTE: Lot and Block shown for informational purposes only.

New Jersey Land Title
Insurance Rating Bureau



NJRB 3-07
Effective 2/19/2007

File No. 213-23514

APPX0044

The street address of the Property is:    26 Snowden Lane, Princeton, NJ 08540.

**PROMISES BY GRANTOR.** The Grantor promises that the Grantor has done no act to encumber the Property. This promise is called a covenant as to grantors acts@ (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**SIGNATURES.** The Grantor signs this Deed as of the date at the top of the first page.

John D. Rankin          (Witness)                Richard H. Glanton

STATE OF NEW JERSEY, COUNTY OF MERCER:

I certify that on December 13 2021, Richard H. Glanton, personally came before me, and stated to my satisfaction that he:

(a) was the maker of this Deed;
(b) executed this Deed as his own act and deed; and
(c) made this Deed for $1.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:26A-3.

John D. Rankin, Attorney at Law of the State of New Jersey

RECORD AND RETURN TO:
JOHN D. RANKIN, ESQUIRE
600 ALEXANDER ROAD
PRINCETON, NJ 08540

APPX0045

# Mercer County
# Document Summary Sheet

MERCER COUNTY CLERK

MERCER COUNTY COURTHOUSE

209 SOUTH BROAD STREET

TRENTON NJ 08650

INSTR # 2022037372
D BK 6495 PG 523
RECORDED 08/05/2022 01:29:53 PM
PAULA SOLLAMI COVELLO, COUNTY CLERK
MERCER COUNTY, NEW JERSEY

**Official Use Only**

| Transaction Identification Number | | 6251040 | 7558681 |
|---|---|---|---|
| Submission Date *(mm/dd/yyyy)* | 08/04/2022 | **Return Address** *(for recorded documents)* | |
| No. of Pages *(excluding Summary Sheet)* | 5 | CORVELEYN LAW FIRM | |
| Recording Fee *(excluding transfer tax)* | $93.00 | 118 DARROW DRIVE | |
| Realty Transfer Tax | $0.00 | PENNINGTON, NJ 08534 | |
| Total Amount | $93.00 | | |
| Document Type | DEED - NO CONSIDERATION | | |
| Municipal Codes | | | |
| PRINCETON | PRI | | |
| Batch Type | L2 - LEVEL 2 (WITH IMAGES) | | |

412870

**Additional Information (Official Use Only)**

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MERCER COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

This is not a certified copy



**Mercer County**
**Document Summary Sheet**

| Type | DEED - NO CONSIDERATION | | | |
|---|---|---|---|---|
| Consideration | $1.00 | | | |
| Submitted By | CORVELEYN LAW FIRM | | | |
| Document Date | 08/04/2022 | | | |
| Reference Info | | | | |

**DEED - NO CONSIDERATION**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File |
|---|---|---|---|---|
| D | 6467 | 461 | | 12/13/2021 |

| GRANTOR | Name | Address |
|---|---|---|
| | EILEEN CANDIA | 26 SNOWDEN LANE, PRINCETON, NJ 08540 |

| GRANTEE | Name | Address |
|---|---|---|
| | RICHARD H GLANTON | 26 SNOWDEN LANE, PRINCETON, NJ 08540 |
| | EILEEN CANDIA | 26 SNOWDEN LANE, PRINCETON, NJ 08540 |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| RESIDENTIAL PROPERTY (1 - 4 FAMILY) | PR | 32.03 | 41 | | PRI |

*** DO NOT REMOVE THIS PAGE.**
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MERCER COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

CANDIA V1/6251040 7558681

Page 2 of 2

Bargain and Sale (covenant as to Grantor's Acts)

# DEED

Prepared by:

Graig P. Corveleyn, Esq.

This Deed is made on August 4, 2022

**BETWEEN**

**EILEEN CANDIA**, married,

whose address is #26 Snowden Lane, Princeton NJ 08540,

referred to as the Grantor,

**AND**

**RICHARD H. GLANTON & EILEEN CANDIA**, husband and wife,

whose post office address is about to be #26 Snowden Lane, Princeton NJ 08540,

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of ONE DOLLAR AND NO CENTS 00/100 ($1.00)

The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1) Municipality of the Borough of Princeton, County of Mercer, State of New Jersey.

Block No. 32.03    Lot No. 41    Qual:    Account No.

**Property.** The property consists of the land and all the buildings and structures on the land in the Municipality of the Borough of Princeton, County of Mercer and State of New Jersey. The legal description is:

Attached hereto and made a part hereof as Schedule A.

**BEING THE SAME PREMISES CONVEYED TO** Eileen Candia, married from Richard H. Glanton, married by deed dated December 13, 2021 and recorded December 13, 2021 in the Clerk's Office for the County of Mercer, State of New Jersey in Deed Book 6467 page 461.

# STEWART TITLE GUARANTY COMPANY

File Number: 213-23514

## SCHEDULE C
## LEGAL DESCRIPTION

ALL that certain tract or parcel of land, situated, lying and being in the Borough of Princeton, County of Mercer, State of New Jersey, more particularly described as follows:

BEING known and designated as Lot 5 in Block 2 as shown on a certain map entitled; "Survey Clift New Corp. Pretty Brook Gardens" dated September, 1944. Said map being filed in the Mercer County Clerk's Office.

BEGINNING at a point on the Westerly sideline of Snowden Lane, distant 280.00 feet Northerly along said sideline from its intersection with Nassau Street, from said beginning point thence;

(1)     North 23 degrees 51 minutes 00 seconds West along said sideline of Snowden Lane, a distance of 75.00 feet to a point; thence

(2)     South 66 degrees 09 minutes 00 seconds West a distance of 216.78 feet to an iron bar; thence

(3)     South 22 degrees 51 minutes 00 seconds East a distance of 75.01 feet to a point; thence

(4)     North 66 degrees 09 minutes 00 seconds East a distance of 218.09 feet to the point and place of Beginning.

NOTE: Being Lot: 41, Block: 32.03; Tax Map of the Borough of Princeton, County of Mercer, State of New Jersey.

NOTE FOR INFORMATION ONLY: Mailing Address is 96 Snowden Lane, Princeton, NJ 08540-3916

NOTE: Lot and Block shown for informational purposes only.

New Jersey Land Title
Insurance Rating Bureau

File No. 213-23514



**FOUNDATION** TITLE
*Something to build on.*

NJRB 3-07
Effective 2/15/2007

VOL6030 VOL524

APPX0049

GIT/REP-3
(2-21)
(Print or Type)

# State of New Jersey
## Seller's Residency Certification/Exemption

### Seller's Information

**Name(s)**
Eileen Candia

**Current Street Address**
26 Snowden Lane

| City, Town, Post Office | State | ZIP Code |
|---|---|---|
| Princeton | NJ | 08540 |

### Property Information

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 32.03 | 41 | |

**Street Address**
26 Snowden Lane

| City, Town, Post Office | State | ZIP Code |
|---|---|---|
| Princeton | NJ | 08540 |

| Seller's Percentage of Ownership | Total Consideration | Owner's Share of Consideration | Closing Date |
|---|---|---|---|
| 100 | $1.00 | $1.00 | 8/4/2022 |

### Seller's Assurances (Check the Appropriate Box) (Boxes 2 through 16 apply to Residents and Nonresidents)

1. [X] Seller is a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to the New Jersey Gross Income Tax Act, will file a resident Gross Income Tax return, and will pay any applicable taxes on any gain or income from the disposition of this property.

2. [X] The real property sold or transferred is used exclusively as a principal residence as defined in 26 U.S. Code section 121.

3. [ ] Seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor, or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not an individual, estate, or trust and is not required to make an estimated Gross Income Tax payment.

6. [X] The total consideration for the property is $1,000 or less so the seller is not required to make an estimated Income Tax payment.

7. [ ] The gain from the sale is not recognized for federal income tax purposes under 26 U.S. Code section 721, 1031, or 1033 (CIRCLE THE APPLICABLE SECTION). If the indicated section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey Income Tax return for the year of the sale and report the recognized gain.
   [ ] Seller did not receive non-like kind property.

8. [ ] The real property is being transferred by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this State.

9. [ ] The real property being sold is subject to a short sale instituted by the mortgagee, whereby the seller agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.

10. [ ] The deed is dated prior to August 1, 2004, and was not previously recorded.

11. [ ] The real property is being transferred under a relocation company transaction where a trustee of the relocation company buys the property from the seller and then sells the house to a third party buyer for the same price.

12. [ ] The real property is being transferred between spouses or incident to a divorce decree or property settlement agreement under 26 U.S. Code section 1041.

13. [ ] The property transferred is a cemetery plot.

14. [ ] The seller is not receiving net proceeds from the sale. Net proceeds from the sale means the net amount due to the seller on the settlement sheet.

15. [ ] The seller is a retirement trust that received an acknowledgment letter from the Internal Revenue Service that the seller is a retirement trust, and is therefore not required to make the estimated Gross Income Tax payment.

16. [ ] The seller (and/or spouse/civil union partner) originally purchased the property while a resident of New Jersey as a member of the U.S. Armed Forces and is now selling the property as a result of being deployed on active duty outside of New Jersey. (Only check this box if applicable and neither boxes 1 nor 2 apply.)

### Seller's Declaration

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein may be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box [ ] I certify that a Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

| Date | Signature (Seller) | Indicate if Power of Attorney or Attorney in Fact |
|---|---|---|
| 8/4/22 | *Eileen Candia* | |

| Date | Signature (Seller) | Indicate if Power of Attorney or Attorney in Fact |
|---|---|---|
| | | |

APPX0050

Certification of Records Page 29 of 66

MUST SUBMIT IN DUPLICATE

**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**

(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)

**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.**

STATE OF NEW JERSEY

New York

COUNTY Suffolk  } SS.  County Municipal Code

| FOR RECORDER'S USE ONLY |
|---|
| Consideration $ |
| RTF paid by seller $ |
| Date _____ By _____ |

MUNICIPALITY OF PROPERTY LOCATION Princeton Borough   *Use symbol "C" to indicate that fee is exclusively for county use

**(1) PARTY OR LEGAL REPRESENTATIVE (See Instructions #3 and #4 on reverse side)**

Deponent, Eileen Candia (Name) being duly sworn according to law upon his/her oath, deposes and says that he/she is the Eileen Candia (Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.) in a deed dated August 4 2022 transferring real property identified as Block number 41 Lot number 32.03 located at 26 Snowden Lane, Princeton NJ 08540 (Street Address, Town) and annexed thereto.

**(2) CONSIDERATION** $ _____ (Instructions #1 and #5 on reverse side) ☐ no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A   4B   4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:** (See Instructions #5A and #7 on reverse side)

Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation   $ _____   ☐

_____ % = $

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE (See Instruction #8 on reverse side)**
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.

For consideration of less than $100

**(5) PARTIAL EXEMPTION FROM FEE ( Instruction #9 on reverse side)**
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.   SENIOR CITIZEN   Grantor(s)   62 ☐   years of age or over *   (Instruction #9 on reverse side for A or B)
B.   BLIND PERSON Grantor(s) legally ☐   blind or; *
     DISABLED PERSON   Grantor(s) ☐   permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
Owned and ☐occupied by grantor(s) at time of sale.       ☐ Resident of State of New Jersey.
One or both ☐Jointly residential premises.       Owners as joint ☐ tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY

C.   LOW AND MODERATE INCOME HOUSING (Instruction #9 on reverse side) IF APPLIES ALL BOXES MUST BE CHECKED.
     ☐ Affordable according to H.U.D. standards.       ☐ Reserved for occupancy
     ☐ Meets income requirements of region.       ☐ Subject to resale controls

**(6) NEW CONSTRUCTION (Instructions #2, #10 and #12 on reverse side) IF APPLIES ALL BOXES MUST BE CHECKED**
☐ Entirely new improvement       ☐ Not previously occupied
☐ Not previously used for any purpose.       ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed

**(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES (Instructions #5, #12, #14 on reverse side) IF APPLIES ALL BOXES MUST BE CHECKED.** No
prior mortgage assumed or to which property is subject at time of sale.
☐ No contributions to capital by either grantor or grantee legal entity.
☐ No stock or money unchanged by or between grantor and grantee legal entities.

**(8) INTERCOMPANY TRANSFER IF APPLIES ALL BOXES MUST BE CHECKED, (Instruction #15 on reverse side)**
☐ Intercompany transfer between combined group members as part of the unitary business.
Combined group NU ID number (Required) _____

(9) Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me
this 4th day of August 2022

Signature of Deponent

Eileen Candia
Grantor Name

26 Snowden Lane, Princeton NJ 08540
Deponent Address

Grantor Address at Time of Sale

XXX-XX-X 356
Last three digits in Grantor's Social Security Number   Name/Company of Settlement Officer

Justine D Justiniano
Notary Public, State of New York
Reg. No. 01JU5054451
Qualified in Suffolk County
Commission Expires 01/16/20__ 26

| FOR OFFICIAL USE ONLY |
|---|
| Instrument Number _____ County |

CFN 2022037372 D DOC_TYPE DEED BK 6495 PG 528 PAGE 6 OF 7

APPX0051

AND BEING THE SAME PREMISES CONVEYED TO Richard H. Glanton and Eileen Candia by deed from R.B. Homes, Inc., A New Jersey Corporation, dated September 15, 2009 and recorded December 9, 2009 in the Clerk's Office for the County of Mercer, State of New Jersey in Deed Book 6030, page 522.

ALSO COMMONLY KNOWN AS: #26 Snowden Lane, Princeton NJ 08540.

Being subject to easements, restrictions, covenants of record.

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights, which affect the property such as by making a mortgage or allowing a judgment to be entered against the Grantor.

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page.

_E. J. Candia_
EILEEN CANDIA

STATE OF NEW JERSEY _New York_
COUNTY OF MERCER _Suffolk_ : SS.:

I CERTIFY that on August _4_, 2022

EILEEN CANDIA personally came before me and stated to my satisfaction that this person (or if more than one, each person):

    (a) was the maker of the attached deed;
    (b) executed this deed as his or her own act; and,
    (c) made this Deed for $1.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

Notary Public

Justine D Justiniano
Notary Public, State of New York
Reg. No. 01JU5054450
Qualified in Suffolk County
Commission Expires 01/16/20

APPX0052

# EXHIBIT "D"

APPX0053

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

■ Chapter 11

☐ Chapter 12

☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---------|-------------------|

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Richard**<br>First name<br><br>**Howard**<br>Middle name<br><br>**Glanton**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-7618 | |

Case 22-04229-MBK Doc 108-1 Filed 05/25/2024 Page 25 of 52

| Debtor 1 | **Richard Howard Glanton** | Case number *(if known)* | |

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>Business name(s)<br><br>EIN | ☐ I have not used any business name or EINs.<br><br>Business name(s)<br><br>EIN |
| **5.** **Where you live** | **26 Snowden Lane**<br>**Princeton, NJ 08540**<br>Number, Street, City, State & ZIP Code<br><br>**Mercer**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>Number, Street, City, State & ZIP Code<br><br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** **Why you are choosing this district to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) |

APPX0035

| Debtor 1 | **Richard Howard Glanton** | Case number *(if known)* |
| --- | --- | --- |

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

**8.** **How you will pay the fee**

■ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** **Have you filed for bankruptcy within the last 8 years?**

☐ No.
■ Yes.

| District | **DNJ** | When | **7/13/17** | Case number | **17-24279-CMG** |
| --- | --- | --- | --- | --- | --- |
| District | | When | | Case number | |
| District | | When | | Case number | |

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No
☐ Yes.

| Debtor | | | Relationship to you | |
| --- | --- | --- | --- | --- |
| District | | When | Case number, if known | |
| Debtor | | | Relationship to you | |
| District | | When | Case number, if known | |

**11.** **Do you rent your residence?**

■ No.   Go to line 12.
☐ Yes.   Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.
☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

APPX0036

Certification    Page 34 of 66

| Debtor 1 | Richard Howard Glanton | | Case number *(if known)* |
|---|---|---|---|

---

**Part 3:**    Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor or a debtor* as defined by 11 U.S.C. § 1182(1)?**

For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ No.    I am not filing under Chapter 11.

■ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.    I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

**Part 4:**    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____

_____
Number, Street, City, State & Zip Code

---

| Debtor 1 | **Richard Howard Glanton** | Case number *(if known)* |
|---|---|---|

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*About Debtor 1:*

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

*About Debtor 2 (Spouse Only in a Joint Case):*

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    Richard Howard Glanton _____     Case number *(if known)* _____

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
|---|---|

**16. What kind of debts do you have?**

**16a.**  **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

**16b.**  **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.**  State the type of debts you owe that are not consumer debts or business debts

_____

**17. Are you filing under Chapter 7?**

■ No.  I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.  I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Richard Howard Glanton

**Richard Howard Glanton**
Signature of Debtor 1

Signature of Debtor 2

Executed on    **February  9, 2022**
                     MM / DD / YYYY

Executed on    _____
                     MM / DD / YYYY

| Debtor 1 | **Richard Howard Glanton** | | Case number *(if known)* |

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| **/s/ Thaddeus R. Maciag, Esq.** | Date | **February  9, 2022** |
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**Thaddeus R. Maciag, Esq.**
Printed name

**MACIAG LAW, LLC**
Firm name

**475 Wall Street**
**Princeton, NJ 08540**
Number, Street, City, State & ZIP Code

| Contact phone | **908-704-8800** | Email address | **Maciaglaw1@aol.com** |

**NJ**
Bar number & State

---

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Richard Howard Glanton** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## B 104

## For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders       12/15

If you are an individual filing for bankruptcy under Chapter 11, you must fill out this form. If you are filing under Chapter 7, Chapter 12, or Chapter 13, do not fill out this form. Do not include claims by anyone who is an insider. Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20 percent or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor.  11 U.S.C. § 101.  Also, do not include claims by secured creditors unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

**Part 1:**    List the 20 Unsecured Claims in Order from Largest to Smallest.  Do Not Include Claims by Insiders.

| | | | Unsecured claim |
|---|---|---|---|

**1**

**Celera Management Ltd.**
**c-o Melissa Pena Esq.**
**Norris McLaughlin**
**400 Crossing Blvd, 8th Flr,**
**POBox 5933**
**Bridgewater, NJ 08807-5933**

What is the nature of the claim?    **jointly owed to TCG and Celera**      $0.00

As of the date you file, the claim is: Check all that apply
■ Contingent
☐ Unliquidated
■ Disputed
☐ None of the above apply

_____

_____
Contact

_____
Contact phone

Does the creditor have a lien on your property?
■ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:    - _____
    Unsecured claim       _____

**2**

**TCG Research Ltd**
**c-o Melissa Pena Esq.**
**Norris McLaughlin**
**400 Crossing Blvd, 8th Flr,**
**POBox 5933**
**Bridgewater, NJ 08807-5933**

What is the nature of the claim?    **jointly owed to Celera and TCG**      $195,657.50

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
■ Disputed
☐ None of the above apply

_____

_____
Contact

Does the creditor have a lien on your property?
■ No
☐ Yes. Total claim (secured and unsecured)      _____

B104 (Official Form 104)          For Individual Chapter 11 Cases  List of Creditors Who Have the 20 Largest Unsecured Claims          Page 1

APPX0061

| Debtor 1 | **Richard Howard Glanton** | | Case number *(if known)* | |

☐
Value of security:
Unsecured claim

**3**  Wei Wang
c-o Deanne J. Lowden Esq.
Maselli Warren
600 Alexander Rd, Suite 3-4A
Princeton, NJ 08540

**What is the nature of the claim?**                    **$212,000.00**

**As of the date you file, the claim is:** Check all that apply
☐  Contingent
☐  Unliquidated
☐  Disputed
☒  None of the above apply

**Does the creditor have a lien on your property?**
☒  No
☐  Yes. Total claim (secured and unsecured)
         Value of security:
         Unsecured claim

Contact

Contact phone

---

**Part 2:  Sign Below**

Under penalty of perjury, I declare that the information provided in this form is true and correct.

X  **/s/ Richard Howard Glanton**                    X  _____
   Richard Howard Glanton                               Signature of Debtor 2
   Signature of Debtor 1

Date   **February  9, 2022**                         Date   2/9/2022

B 104 (Official Form 104)          For Individual Chapter 11 Cases  List of Creditors Who Have the 20 Largest Unsecured Claims                    Page 2

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

APPX0062

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Richard Howard Glanton** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

■ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

APPX0063

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Richard Howard Glanton** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
### Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:**    **List All of Your PRIORITY Unsecured Claims**

1.  Do any creditors have priority unsecured claims against you?

☑ No. Go to Part 2.

☐ Yes.

**Part 2:**    **List All of Your NONPRIORITY Unsecured Claims**

3.  Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|
| **4.1** | **Celera Management Ltd.** | Last 4 digits of account number    **BDNJ** | **Unknown** |
| | Nonpriority Creditor's Name | | |
| | **c-o Melissa Pena Esq.** | When was the debt incurred?    **April 2021** | |
| | **Norris McLaughlin** | | |
| | **400 Crossing Blvd, 8th Flr, POBox 5933** | | |
| | **Bridgewater, NJ 08807-5933** | | |
| | Number Street City State Zip Code | **As of the date you file, the claim is:** Check all that apply | |

Who incurred the debt? Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

☐ Check if this claim is for a  community debt

Is the claim subject to offset?

☑ No

☐ Yes

☑ Contingent

☐ Unliquidated

☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify    **$195,657.50 jointly owed to TCG and Celera**

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    52971                    Best Case Bankruptcy

APPX0064

Debtor 1  **Richard Howard Glanton**                                    Case number (if known) _____

---

| 4.2 | **TCG Research Ltd** | **Last 4 digits of account number** | **BDNJ** | **$195,657.50** |

Nonpriority Creditor's Name
**c-o Melissa Pena Esq.**
**Norris McLaughlin**
**400 Crossing Blvd, 8th Flr, POBox 5933**
**Bridgewater, NJ 08807-5933**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **jointly owed to Celera and TCG**

---

| 4.3 | **Wei Wang** | **Last 4 digits of account number** | **8621** | **$212,000.00** |

Nonpriority Creditor's Name
**c-o Deanne J. Lowden Esq.**
**Maselli Warren**
**600 Alexander Rd, Suite 3-4A**
**Princeton, NJ 08540**
Number Street City State Zip Code

**When was the debt incurred?**  **November 2021**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  _____

---

**Part 3:**   **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:**   **Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | | Total Claim |
|---|---|---|---|---|---|
| Total claims from Part 1 | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | 0.00 |

| | | | | | Total Claim |
|---|---|---|---|---|---|
| Total | 6f. | **Student loans** | 6f. | $ | 0.00 |

---

APPX0065

Debtor 1  **Richard Howard Glanton**                              Case number (if known) _____

<table>
<tr><td rowspan="5">**claims from Part 2**</td><td>6g.</td><td>**Obligations arising out of a separation agreement or divorce that you did not report as priority claims**</td><td>6g.</td><td>$</td><td>0.00</td></tr>
<tr><td>6h.</td><td>**Debts to pension or profit-sharing plans, and other similar debts**</td><td>6h.</td><td>$</td><td>0.00</td></tr>
<tr><td>6i.</td><td>**Other.** Add all other nonpriority unsecured claims. Write that amount here.</td><td>6i.</td><td>$</td><td>407,657.50</td></tr>
<tr><td>6j.</td><td>**Total Nonpriority.** Add lines 6f through 6i.</td><td>6j.</td><td>$</td><td>407,657.50</td></tr>
</table>

APPX0066

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Richard Howard Glanton** |
| | First Name      Middle Name      Last Name |
| Debtor 2 (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | Sign Below |
|---|---|

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____   *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X  **/s/ Richard Howard Glanton**         x _____
    **Richard Howard Glanton**              Signature of Debtor 2
    Signature of Debtor 1

Date  **February 9, 2022**              Date  2/9/2022

APPX0067

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Richard Howard Glanton** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of New Jersey |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 122B
## Chapter 11 Statement of Your Current Monthly Income

04/20

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On top of any additional pages, write your name and case number (if known).

### Part 1:    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married**. Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ■ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

| 5. | **Net income from operating a business, profession, or farm** | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|---|
| | Gross receipts (before all deductions) | $ | 21,667.00 | | |
| | Ordinary and necessary operating expenses | -$ | 1,162.48 | | |
| | Net monthly income from a business, profession, or farm | $ | 20,504.52 | **Copy here ->** $ 20,504.52 | $ |

| 6. | **Net income from rental and other real property** | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|---|
| | Gross receipts (before all deductions) | $ | 0.00 | | |
| | Ordinary and necessary operating expenses | -$ | 0.00 | | |
| | Net monthly income from rental or other real property | $ | 0.00 | **Copy here ->** $ 0.00 | $ |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

APPX0068

| Debtor 1 | **Richard Howard Glanton** | Case number (*if known*) | |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ |
| 8. | **Unemployment compensation** | $ 0.00 | $ |
| | Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: | | |
| | For you $ | 0.00 | |
| | For your spouse $ | | |
| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. | $ 0.00 | $ |
| 10. | **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below. | $ | $ |
| | | $ 0.00 | $ |
| | Total amounts from separate pages, if any. + | $ 0.00 | $ |
| 11. | **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $ 20,504.52 + $ | = $ 20,504.52 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

APPX0069

Debtor 1    __Richard Howard Glanton_____        Case number (*if known*) _____

| | |
|---|---|
| **Part 2:** | **Sign Below** |

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X /s/ Richard Howard Glanton

**Richard Howard Glanton**
Signature of Debtor 1

Date **February 9, 2022**
MM / DD / YYYY

APPX0070

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

You are an individual filing for bankruptcy, and

Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

APPX0071

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | | |
|---|---:|---|
|   | $1,167 | filing fee |
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

APPX0072

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   |        |                    |
|---|--------|--------------------|
|   | $200   | filing fee         |
| + | $78    | administrative fee |
|   | $278   | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   |        |                    |
|---|--------|--------------------|
|   | $235   | filing fee         |
| + | $78    | administrative fee |
|   | $313   | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

APPX0073

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days ***before*** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

APPX0074

## United States Bankruptcy Court
### District of New Jersey

In re    **Richard Howard Glanton** _____    Case No. _____

Debtor(s)    Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **February 9, 2022** _____

/s/ Richard Howard Glanton
**Richard Howard Glanton**
Signature of Debtor

APPX0075

```
                    Celera Management Ltd.
                    c-o Melissa Pena Esq.
                    Norris McLaughlin
                    400 Crossing Blvd, 8th Flr, POBox 5933
                    Bridgewater, NJ 08807-5933


                    Eileen Glanton
                    26 Snowden Lane
                    Princeton, NJ 08540


                    ElectedFace Inc.
                    26 Snowden Lane
                    Princeton, NJ 08540


                    ElectedFace Inc.
                    26 Snowden Lane
                    Princeton, NJ 08540


                    ElectedFace Inc.
                    26 Snowden Lane
                    Princeton, NJ 08540


                    TCG Research Ltd
                    c-o Melissa Pena Esq.
                    Norris McLaughlin
                    400 Crossing Blvd, 8th Flr, POBox 5933
                    Bridgewater, NJ 08807-5933


                    Wei Wang
                    c-o Deanne J. Lowden Esq.
                    Maselli Warren
                    600 Alexander Rd, Suite 3-4A
                    Princeton, NJ 08540
```

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### District of New Jersey

In re **Richard Howard Glanton**

Debtor(s)

Case No.

Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ **as approved on Applications to the Court** |
| Prior to the filing of this statement I have received | $ **2,000.00** |
| Balance Due | $ **as approved on Applications to the Court** |

2. The source of the compensation paid to me was:

☐ Debtor    ■ Other (specify):    **Eileen Candia Glanton**

3. The source of compensation to be paid to me is:

☒ Debtor    ■ Other (specify):    **Future compensation to be paid by the Debtor, upon Court Approval of Applications for Compensation or monthly fee statements, as applicable**

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Application for Retention on a general retainer, on an hourly basis, with compensation to be paid per Applications for Compensation and Monthly Fee Statements to be filed with the Court in the ordinary course.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February  9, 2022**
Date

/s/ **Thaddeus R. Maciag, Esq.**
**Thaddeus R. Maciag, Esq.**
Signature of Attorney
**MACIAG LAW, LLC**
**475 Wall Street**
**Princeton, NJ 08540**
**908-704-8800**
**Maciaglaw1@aol.com**
Name of law firm

---

# EXHIBIT "E"

APPX0078



VALUATION WORKBOOK

# 26 Snowden Ln, Princeton, NJ 08540



Presented by

## Vivian Ruggeri | **Broker of Record** | SRS

New Jersey Real Estate License: 0784596
File ID: 26 Snowden Ln, Princeton, NJ 08540



Office: (848) 986-1020

Main: vivian@ruggerirealty.com
Office: www.ruggerirealty.com

**RUGGERI REALTY, LLC**
2008 Rt 37E
Suite 16
Toms River, NJ 08753




Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



APPX0079
10/6/2023

MONMOUTH OCEAN
REGIONAL REALTORS

# 26 Snowden Ln, Princeton, NJ 08540

Listing Date: —
MLS Name: —
MLS Listing ID: —



Legend:  Subject Property

**Off Market** · *Sold Date: 12/9/2009, Public Record*

**Result of Sales Comparison Analysis**

## $2,107,500 (or $423 / sq ft)

Last Analysis Update: 1/13/2023

### $1.55M – $2.85M
(or $311 – $572 / sq ft)

**Number of Comps Chosen**

## 3

**Comps Range**

## $1.55M – $2.85M

**Current Estimated Value**

## $2,359,340

Last RVM® Update: 1/3/2023

RVM® Est. Range: $2.1M – $2.62M

RVM® Confidence: ★★★★☆

⬆ RVM® Change - Last 1 Month: $12,830

⬆ RVM® Change - Last 12 Months: 17.9%

*This report contains data and information that is publicly available and/or licensed from third parties and is provided to you on an "as is" and "as available" basis. The information is not verified or guaranteed. Neither this report nor the estimated value of a property is an appraisal of the property. Any valuation shown in this report has been generated by use of proprietary computer software that assembles publicly available property records and certain proprietary data to arrive at an approximate estimate of a property's value. Some portions of this report may have been provided by an RPR user; RPR is not responsible for any content provided by its users. RPR and its information providers shall not be liable for any claim or loss resulting from the content of, or errors or omissions in, information contained in this report.*



## Homeowner Facts

| | |
|---|---|
| Owner Name (Public) | **Glanton, Richard H; Candia, Eileen** |
| Mailing Address | **26 Snowden Ln Princeton NJ 08540-3916** |
| Phone Number | **2156276310** |
| Owner Occupied | **Yes** |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

APPX0081
1/13/2023



# 26 Snowden Ln, Princeton, NJ 08540

Listing Date: —
MLS Name: —
MLS Listing ID: —

## Home Facts

| Home Facts | Public Facts | Listing Facts | Refinements |
|---|---|---|---|
| Sale/Finance Concession | — | — | — |
| Property Type | Single Family | — | — |
| Property Subtype | Single Family Residential | — | — |
| Total Rooms | — | — | — |
| Total Rooms Above Grade | — | — | — |
| Bedrooms | — | — | 5 |
| Bedrooms Above Grade | — | — | — |
| Building Size sq ft range (low) | — | — | — |
| Building Size sq ft range (high) | — | — | — |
| Total Baths | — | — | 3.1 |
| Total Baths Above Grade | — | — | — |
| Full Baths | — | — | 3 |
| Full Baths Above Grade | — | — | — |
| Partial Baths | — | — | 1 |
| Partial Baths Above Grade | — | — | — |
| Living Area (sq ft) | 4,985 | — | — |
| Living Area Above Grade (sq ft) | — | — | — |
| Basement (sq ft) | — | — | — |
| Finished Rooms Below Grade | — | — | — |
| Lot Size | 0.37 acres | — | — |
| Lot Dimensions | 16275 SF | — | — |
| Garage | — | — | Yes |
| Garage (sq ft) | — | — | 600 |
| Pool | — | — | — |
| Location | — | — | — |
| Tenure | — | — | — |
| View | — | — | — |
| View Factors | — | — | — |
| Style | — | — | — |
| Quality of Construction | — | — | — |
| Year Built | 2009 | — | — |
| Age | 14 | — | — |
| Condition | — | — | — |
| Functional Utility | — | — | — |
| Heating Features | — | — | — |
| Cooling Features | — | — | — |
| Energy Efficient Items | — | — | — |
| Porch/Patio/Deck | — | — | — |
| Roofing Features | — | — | — |
| Fireplaces | — | — | — |
| Basement Features | — | — | — |
| Foundation Features | — | — | — |
| Construction Features | — | — | — |
| Exterior Wall Features | — | — | — |
| Number of Buildings | — | — | — |
| Number of Units | 0 | — | — |
| Number of Stories | — | — | — |

  Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved. Information is not guaranteed. Equal Housing Opportunity. APPX0082 1/13/2023



## Sales Comparables Analysis Summary

**Result of Sales Comparison Analysis**

**$2,107,500** (or $423 / sq ft)

Last Analysis Update: 1/13/2023

**$1.55M – $2.85M**
(or $311 – $572 / sq ft)

**Number of Comps Chosen**

**3**

**Comps Range**

**$1.55M – $2.85M**

## Current Range of Comparable Homes

Compares the estimated value of the subject property with the comps selected in the Sales Comparison Analysis.

**Comps:**

- 🟧 Subject Property (Appraisal Price)
- 🟦 For Sale (List Price)
- 🟦 Pending (List Price)
- 🟩 Recently Closed (Closed Price)
- 🟥 Distressed (List Price)
- 🟥 Pending Distressed (List Price)
- ⬜ Off Market (Estimate)



$1.3M                    $2.11M                    $3.1M
                          Subject



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



APPX0083

1/13/2023


File ID: 26 Snowden Ln, Princeton, NJ 08540

 27 Tyson Ln, Princeton, NJ 08540

MLS Name : —
MLS Listing ID: —

| | Public Facts | Adjustments |
|---|---|---|
| Status | Closed | |
| Proximity | .75 Mi. NE | |
| Value | $2,850,000 | |
| Price Per Sq. Ft. | $1,149 | |
| Sale/Finance Concession | – | |
| Property Type | Single Family | |
| Property Subtype | Single Family Residential | |
| Total Rooms | – | |
| Total Rooms Above Grade | – | |
| Bedrooms | – | |
| Bedrooms Above Grade | – | |
| Building Size sq ft range (low) | – | |
| Building Size sq ft range (high) | – | |
| Total Baths | – | |
| Total Baths Above Grade | – | |
| Full Baths | – | |
| Full Baths Above Grade | – | |
| Partial Baths | – | |
| Partial Baths Above Grade | – | |
| Living Area (sq ft) | 2,480 | |
| Living Area Above Grade (sq ft) | – | |
| Basement (sq ft) | – | |
| Finished Rooms Below Grade | – | |
| Lot Size | 0.76 acres | |
| Lot Dimensions | 33106 SF | |
| Garage | Yes | |
| Garage (sq ft) | – | |
| Pool | – | |
| Location | – | |
| Tenure | – | |
| View | – | |
| View Factors | – | |
| Style | – | |
| Quality of Construction | – | |
| Year Built | 1958 | |
| Age | 65 | |
| Condition | – | |
| Functional Utility | – | |
| Heating Features | – | |
| Cooling Features | – | |
| Energy Efficient Items | – | |
| Porch/Patio/Deck | – | |
| Roofing Features | – | |
| Fireplaces | – | |
| Basement Features | – | |
| Foundation Features | – | |
| Construction Features | Frame | |
| Exterior Wall Features | – | |




LEGEND: Subject Property ▮ This Property

**Closed**
· Sold Date: 12/21/2022
· Public Record

Closed Price
**$2,850,000**

Adjusted Price
**$2,850,000**

Net Adjustments ($ / %)
— / —

Gross Adjustments ($ / %)
— / —

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0084
1/13/2023

| | Public Facts | Adjustments |
|---|---|---|
| Number of Buildings | – | |
| Number of Units | 0 | |
| Number of Stories | 2 | |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



APPX0085

1/13/2023



## Valuation Workbook

File ID: 26 Snowden Ln, Princeton, NJ 08540

---

### 2️⃣ 351 Snowden Ln, Princeton, NJ 08540

MLS Name: —
MLS Listing ID: —





LEGEND: 🏠 Subject Property   ▪ This Property

|  | Public Facts | Adjustments |
|---|---|---|
| Status | Closed | |
| Proximity | .68 Mi. N | |
| Value | $1,900,000 | |
| Price Per Sq. Ft. | $436 | |
| Sale/Finance Concession | – | |
| Property Type | Single Family | |
| Property Subtype | Single Family Residential | |
| Total Rooms | – | |
| Total Rooms Above Grade | – | |
| Bedrooms | – | |
| Bedrooms Above Grade | – | |
| Building Size sq ft range (low) | – | |
| Building Size sq ft range (high) | – | |
| Total Baths | – | |
| Total Baths Above Grade | – | |
| Full Baths | – | |
| Full Baths Above Grade | – | |
| Partial Baths | – | |
| Partial Baths Above Grade | – | |
| Living Area (sq ft) | 4,355 | |
| Living Area Above Grade (sq ft) | – | |
| Basement (sq ft) | – | |
| Finished Rooms Below Grade | – | |
| Lot Size | 0.53 acres | |
| Lot Dimensions | 23087 SF | |
| Garage | – | |
| Garage (sq ft) | – | |
| Pool | – | |
| Location | – | |
| Tenure | – | |
| View | – | |
| View Factors | – | |
| Style | – | |
| Quality of Construction | – | |
| Year Built | 2016 | |
| Age | 7 | |
| Condition | – | |
| Functional Utility | – | |
| Heating Features | – | |
| Cooling Features | – | |
| Energy Efficient Items | – | |
| Porch/Patio/Deck | – | |
| Roofing Features | – | |
| Fireplaces | – | |
| Basement Features | – | |
| Foundation Features | – | |
| Construction Features | – | |
| Exterior Wall Features | – | |

▪ **Closed**
- *Sold Date: 12/14/2022*
- *Public Record*

**Closed Price**
# $1,900,000

**Adjusted Price**
# $1,900,000

**Net Adjustments ($ / %)**
— / —

**Gross Adjustments ($ / %)**
— / —

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



| | Public Facts | Adjustments |
|---|---|---|
| Number of Buildings | – | |
| Number of Units | 0 | |
| Number of Stories | – | |

 RPR

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



APPX0087

1/13/2023



File ID: 26 Snowden Ln, Princeton, NJ 08540

③ 112 Linden Ln, Princeton, NJ 08540

MLS Name: —
MLS Listing ID: —

| | Public Facts | Adjustments |
|---|---|---|
| Status | Closed | |
| Proximity | .57 Mi. W | |
| Value | $1,550,000 | |
| Price Per Sq. Ft. | $624 | |
| Sale/Finance Concession | – | |
| Property Type | Single Family | |
| Property Subtype | Single Family Residential | |
| Total Rooms | – | |
| Total Rooms Above Grade | – | |
| Bedrooms | – | |
| Bedrooms Above Grade | – | |
| Building Size sq ft range (low) | – | |
| Building Size sq ft range (high) | – | |
| Total Baths | – | |
| Total Baths Above Grade | – | |
| Full Baths | – | |
| Full Baths Above Grade | – | |
| Partial Baths | – | |
| Partial Baths Above Grade | – | |
| Living Area (sq ft) | 2,484 | |
| Living Area Above Grade (sq ft) | – | |
| Basement (sq ft) | – | |
| Finished Rooms Below Grade | – | |
| Lot Size | 5,900 sq ft | |
| Lot Dimensions | 5900 SF | |
| Garage | – | |
| Garage (sq ft) | – | |
| Pool | – | |
| Location | – | |
| Tenure | – | |
| View | – | |
| View Factors | – | |
| Style | – | |
| Quality of Construction | – | |
| Year Built | 2018 | |
| Age | 5 | |
| Condition | – | |
| Functional Utility | – | |
| Heating Features | – | |
| Cooling Features | – | |
| Energy Efficient Items | – | |
| Porch/Patio/Deck | – | |
| Roofing Features | – | |
| Fireplaces | – | |
| Basement Features | – | |
| Foundation Features | – | |
| Construction Features | Frame | |
| Exterior Wall Features | – | |





LEGEND: Subject Property / This Property

**Closed**
· Sold Date: 11/28/2022
· Public Record

Closed Price
**$1,550,000**

Adjusted Price
**$1,550,000**

Net Adjustments ($ / %)
— / —

Gross Adjustments ($ / %)
— / —

 Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0088

File ID: 26 Snowden Ln, Princeton, NJ 08540

|  | Public Facts | Adjustments |
|---|---|---|
| Number of Buildings | – | |
| Number of Units | 0 | |
| Number of Stories | 2 | |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.


| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>THE KELLY FIRM, P.C.<br>Andrew J. Kelly, Esq.<br>1011 Highway 71, Suite 200<br>Spring Lake, NJ 07762<br>(732) 449-0525<br>akelly@kbtlaw.com<br>*Attorneys for Trustee/Plaintiff* | |
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>           Debtor. | Chapter:  7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>           Plaintiff,<br><br>     v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>           Defendant. | Judge:    Honorable Christine M. Gravelle<br><br>Hearing Date: June 27, 2023<br>                10:00 a.m.<br><br>    ORAL ARGUMENT REQUESTED |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The relief set forth on the following page, numbered two (2) is hereby **ORDERED**.

1

APPX0090

(Page 2)

| | |
|---|---|
| Debtors: | Richard Howard Glanton |
| Case No.: | 22-11055 (CMG) |
| Adversary No.: | 22-1335 (CMG) |
| Caption of Order: | Order Granting Plaintiff's Motion for Summary Judgment |

**THIS MATTER** having been opened to the Court upon Plaintiff's Motion for Summary Judgment within the captioned Adversary Proceeding, seeking an order pursuant to 11 U.S.C. §363(h) authorizing Plaintiff to market and to sell both the estate's interest and the interest of the Defendant co-owner in certain real property located at 26 Snowden Lane, Princeton, New Jersey (the "Property"); and the Court having read and considered the papers submitted both in support and in opposition to the Motion, and having heard and considered the oral argument of counsel, and for good cause shown, it is hereby;

**ORDERED** as follows:

1.       The Plaintiff's Motion for Summary Judgment is Granted; and

2.       Plaintiff is hereby authorized to market for sale and to sell both the estate's interest and the interest of the Defendant co-owner in the Property by entering into a listing agreement with a licensed real estate professional to be retained by Plaintiff and approved by the Court; and

3.       Plaintiff is hereby authorized to sign the listing agreement and any other required document related to the retention of a real estate professional for the marketing and sale of the Property on behalf of Defendant in the event Defendant refuses to sign such documents.

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

THE KELLY FIRM, P.C.
Andrew J. Kelly, Esq.
1011 Highway 71, Suite 200
Spring Lake, NJ 07762
(732) 449-0525
akelly@kbtlaw.com
Attorneys for Trustee/Plaintiff

In Re:
RICHARD HOWARD GLANTON,

Debtor.

Case No.: 22-11055

Chapter: 7

Adv. No.: 22-1335

Hearing Date: June 27, 2023

Judge: CMG

## CERTIFICATION OF SERVICE

1. I, Wendy Kelly-Sheridan :

   ☐ represent _____ in this matter.

   ☑ am the secretary/paralegal for The Kelly Firm, P.C. , who represents
   John M. McDonnell, Trustee in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On May 25, 2023 , I sent a copy of the following pleadings and/or documents
   to the parties listed in the chart below.
   (1) Motion for Summary Judgment; (2) Statement of Facts; (3) Brief; (4) Certification of
   John M. McDonnell; (5) Exhibits A-E; (6) Proposed Order; and (7) Certificate of Service.

3. I certify under penalty of perjury that the above documents were sent using the mode of service
   indicated.

Date: May 25, 2023 _____ /s/ Wendy Kelly-Sheridan _____
Signature

APPX0092

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Brian W. Hofmeister<br>Law Firm of Brian W. Hofmeister, LLC<br>3131 Princeton Pike<br>Bldg. 5, Suite 110<br>Lawrenceville, NJ 08648 | Attorney for Defendant, Eileen Candia, a/k/a Eileen Glanton | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☑ Other  CM/ECF & Email<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Eileen Candia, a/k/a<br>Eileen Glanton<br>26 Snowden Lane<br>Princeton, NJ 08540 | Defendant | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Richard Howard Glanton<br>26 Snowden Lane<br>Princeton, NJ 08540 | Debtor | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☑ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Alexandria Nikolinos<br>DOJ-Ust<br>One Newark Center<br>1085 Raymond Boulevard<br>Suite 2100<br>Newark, NJ 07102 | US Trustee | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☑ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Morris S. Bauer, Esq.<br>One Riverfront Plaza<br>1077 Raymond Boulevard<br>Suite 1800<br>Newark, NJ  07102 | Mediator | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☑ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

APPX0093

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

*rev.8/1/16*

APPX0094



**MS&B**  McMANIMON • SCOTLAND • BAUMANN                    75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

Anthony Sodono, III
Writer's Direct Dial:  (973) 721-5038
Writer's Direct Fax:  (973) 681-7233
asodono@msbnj.com
60967-001

September 14, 2023

**Via ECF**
Honorable Christine M. Gravelle
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

      Re:    **Richard Howard Glanton**
             **Case No. 22-11055 (CMG)**

             **John M. McDonnell, Chapter 7 Trustee for Richard Howard Glanton v. Eileen**
             **Candia a/k/a Eileen Glanton**
             **Adv. Proc. No. 22-01335 (CMG)**

Dear Judge Gravelle:

        This firm represents creditor, Newport Investment Group, LLC, ("Newport"), in the above referenced bankruptcy matter of Richard Howard Glanton (the "Debtor").  On October 11, 2022, Jack McDonnell, the Chapter 7 Trustee (the "Trustee") of Mr. Glanton's bankruptcy estate filed a Complaint against Eileen Candia (the "Spouse"), the spouse of the Debtor, for approval of the sale of real property (the "Adversary Proceeding").

        The Trustee filed a Motion for Summary Judgment on May 25, 2023 (the "SJ Motion").  The SJ Motion has been adjourned numerous times, now returnable on October 3, 2023.  It has been almost one year since the Adversary Proceeding was commenced.  I understand the reasons for the adjournment of the SJ Motion are to allow for settlement discussions of the Adversary Proceeding. As a creditor of the Debtor's estate, Newport would ultimately have an interest in the sale proceeds recovered in the Adversary Proceeding.  I am writing to the Court to respectfully request that the Trustee provide me with a status report on the Adversary Proceeding and all other matters in this case.  We respectfully request this matter be moved on an expedited track.

        Thank you for the Court's courtesies.  Should Your Honor have any questions or require any further information, please do not hesitate to contact me.

                      Respectfully,

                      /s/ Anthony Sodono, III

                      Anthony Sodono, III

cc:    Andrew Kelly, Esq.  (via ECF)
       Brian W. Hofmeister, Esq. (via ECF)



MS&B   McMANIMON · SCOTLAND · BAUMANN                    75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Anthony Sodono, III**
**Writer's Direct Dial:  (973) 721-5038**
**Writer's Direct Fax: (973) 681-7233**
**asodono@msbnj.com**
60967-001

September 15, 2023

<u>**Via ECF**</u>
Honorable Christine M. Gravelle
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

     Re:    **Richard Howard Glanton**
             **Case No. 22-11055 (CMG)**

             **John M. McDonnell, Chapter 7 Trustee for Richard Howard Glanton v.**
             **Eileen Candia a/k/a Eileen Glanton**
             **Adv. Proc. No. 22-01335 (CMG)**

Dear Judge Gravelle:

     As Your Honor knows, this firm represents creditor, Newport Investment Group, LLC, ("Newport"), in the above referenced bankruptcy matter of Richard Howard Glanton (the "Debtor").  Please accept this letter as a supplement to my letter dated September 14, 2023 regarding this matter.

     I hate to belabor the Court, however, it is important to outline the timing of this matter.

     On February 9, 2022, the Debtor filed a voluntary Chapter 11 bankruptcy petition.  ECF 1. On August 30, 2022, the Debtor's case was converted from Chapter 11 to Chapter 7.  ECF 95.  On August 31, 2022, John McDonnell was appointed as the Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy case. ECF 100.

     On October 12, 2022, the Trustee filed a Complaint against Eileen Candia (the "Spouse"), the spouse of the Debtor, for approval of the sale of real property (the "Adversary Proceeding"). The Spouse filed her answer on October 27, 2022. See Adv. Pro. 22-01335 (CMG); ECF 3.

     On January 13, 2023, there was an appraisal of the real property, subject of the Adversary Proceeding, that estimated the value of the property to be $2,107,500, with a possible loan of $417,000 from PNC Bank undetermined.  There is substantial equity in the property to be realized by a sale of the entire property to be shared in the Debtors chapter 7 bankruptcy.

APPX0096

On January 12, 2023, the parties attended mediation, however, the matter was not resolved.

The Trustee filed a Motion for Summary Judgment on May 25, 2023 (the "SJ Motion"). ECF 10.  The SJ Motion was returnable for June 27, 2023.  On June 15, 2023, the SJ Motion was adjourned to July 11, 2023, in order to provide the parties with attempts to settle the matter.  On July 11, 2023, the SJ Moton was adjourned to August 8, 2023, in order to settle the matter.  On August 4, 2023, the SJ Motion was adjourned to August 22, 2023, again to try and settle the matter.  On August 17, 2023, the SJ Motion was adjourned to September 12, 2023.  Most lately, the SJ Motion is now returnable on October 3, 2023.  It is Newport's position that the tenancy by entirety title has been broke and that the proceeds of the sale of the property should go to the estate for distribution to creditors.  Newport is happy to provide a brief on this issue should the Court request it.

 The reasons for all of the adjournment requests state the parties are attempting to settle. It has been almost one year since the Adversary Proceeding was commenced.  The Spouse has not filed an objection or response to the SJ Motion.  Newport has requested information from the Trustee as to whether any proof of funds have been disclosed by the Spouse in order to settle the matter.  The Adversary Proceeding is dragging on as a detriment to creditors of the Debtor's bankruptcy case.

Thank you for the Court's courtesies.  Should Your Honor have any questions or require any further information, please do not hesitate to contact me.

Respectfully,

/s/ Anthony Sodono, III

Anthony Sodono, III

cc:     Andrew Kelly, Esq.  (via ECF)
        Brian W. Hofmeister, Esq. (via ECF)

4878-0443-1743, v. 1

APPX0097

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>THE KELLY FIRM, P.C.<br>Andrew J. Kelly, Esq.<br>Alex R. Leight, Esq.<br>1011 Highway 71, Suite 200<br>Spring Lake, NJ 07762<br>(732) 449-0525<br>akelly@kbtlaw.com<br>aleight@kbtlaw.com<br>*Attorneys for Trustee/Plaintiff* | |
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>                    Debtor. | Chapter:   7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>EILEEN CANDIA, A/K/A EILEEN<br>GLANTON,<br><br>                    Defendant. | Judge:      Honorable Christine M. Gravelle<br><br>Hearing Date: November 21, 2023<br>                        10:00 a.m.<br><br>**NOTICE OF MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT** |

TO:     ALL PARTIES ON THE ATTACHED SERVICE LIST

SIR/MADAM:

              **PLEASE TAKE NOTICE**, that on November 21, 2023 at 10:00 a.m. in the

forenoon or as soon thereafter as counsel may be heard, the undersigned attorneys for JOHN M.

1

APPX0098

MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON, the above-named Chapter 7 Trustee (the "Trustee" or "Plaintiff"), will move before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, at the United States Bankruptcy Court, 402 E. State Street, Trenton, NJ 08608 for an Order Approving the Settlement of Controversy.

**PLEASE TAKE FURTHER NOTICE** that, in support of the Motion, the undersigned will rely upon the Trustee's Certification and accompanying Memorandum of Law filed in support of the relief requested.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy in accordance with D.N.J. LBR 9013-1.

**PLEASE TAKE FURTHER NOTICE** that, unless an objection is timely filed and served, the Motion will be deemed uncontested in accordance with D.N.J. L.B.R. 9013-3(d) and the relief may be granted without a hearing.

**PLEASE TAKE FURTHER NOTICE** that an order granting the relief requested herein is submitted herewith and made part of the Motion herein.

**THE KELLY FIRM, P.C.**
**Attorneys for Trustee/Plaintiff**


By:  ____/s/ *Alex R. Leight*_____

Dated:  October 17, 2023                **ALEX R. LEIGHT, ESQ.**

APPX0099

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| THE KELLY FIRM, P.C. Andrew J. Kelly, Esq. Alex R. Leight, Esq. 1011 Highway 71, Suite 200 Spring Lake, NJ 07762 (732) 449-0525 akelly@kbtlaw.com aleight@kbtlaw.com *Attorneys for Trustee/Plaintiff* | Chapter:  7 |
| In re: RICHARD HOWARD GLANTON,                      Debtor. | Case No.:  22-11055 (CMG) Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON,                      Plaintiff,              v. EILEEN CANDIA, A/K/A EILEEN GLANTON,                      Defendant. | Judge:    Honorable Christine M. Gravelle Hearing Date: November 21, 2023              10:00 a.m. **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN M. MCDONNELL, CHAPTER 7 TRUSTEE FOR ENTRY OF ORDER APPROVING SETTLEMENT AND COMPROMISE PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019** |

On the Brief:
Alex R. Leight

## PRELIMINARY STATEMENT

John M. McDonnell, Plaintiff in this Adversary Proceeding and Chapter 7 Trustee ("Trustee") in the case of Richard Howard Glanton ("Debtor"), submits this Memorandum of Law in support of his Motion for approval of the settlement and compromise ("Motion") reached with Defendant Eileen Candia, a/k/a Eileen Glanton ("Defendant").

The settlement agreement ("Settlement"), described in further detail herein, provides that in exchange for the Chapter 7 Estate's interest in the Property known as 26 Snowden Lane, Princeton, New Jersey ("Property"), Defendant will pay the Trustee a total of $400,000 ("Settlement Sum") in five (5) quarterly payments of $80,000 commencing on October 30, 2023, and thereafter on January 31, 2024, April 30, 2024, July 31, 2024, and October 31, 2024. If the Defendant fails to pay the Settlement Sum timely and does not cure any default in the time permitted under the Settlement documents, the Trustee then has the right to sell the Property without Defendant's consent or approval. The Trustee has determined in his business judgment that the Settlement is in the best interest of the creditors and this Estate.

## STATEMENT OF FACTS

For the sake of brevity, the Trustee incorporates the facts from his Certification filed in support of the within Motion.

## LEGAL ARGUMENT

By this Motion, the Trustee seeks entry of an order approving the proposed Settlement pursuant to 11 U.S.C. §105(a) and Federal Rules of Bankruptcy Procedure 9019.

### A. The Settlement Is Fair and Equitable and Is in the Best Interest of the Debtor's Estate and Creditors.

Bankruptcy law favors settlement of disputes. See Will v. Nw. Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006); Tindall v. Mavrode (In re Mavrode), 205 B.R. 716, 719-

2

APPX0101

720 (Bankr. D.N.J. 1997). Settlement is favored in bankruptcy cases because settlements "minimize litigation and expedite the administration of a bankruptcy estate . . . ". In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).

Under Bankruptcy Rule 9019(a), upon motion and after notice and a hearing, a bankruptcy court may approve a compromise or settlement. In considering whether to approve a proposed settlement, the Court in Martin spelled out factors a bankruptcy court should consider: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. (citing In re Neshaminy Office  Bldg. Assocs., 62 B.R. 798, 803 (E.D.Pa.1986)).

As a general rule, courts should defer to a trustee's business judgment so long as there is a legitimate business justification for the proposed settlement. Id. at 395. "In evaluating a proposed settlement, the Court is not supposed to have a 'mini-trial' on the merits, but rather examine the settlement and determine whether it falls 'below the lowest point in the range of reasonableness.'" In re G-I Holdings Inc., 420 B.R. 216, 256 (D.N.J. 2009) (quoting In re W.T.  Grant Co., 699 F.2d 599, 608 (2d Cir.1983); see also In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000). "Stated otherwise, it is not a court's role to substitute its own discretionary judgment for that of a trustee." In re NJ Affordable Homes Corp., No. 05-60442 (DHS), 2007 Bankr. LEXIS 3220, at *21 (Bankr. D.N.J. Sep. 13, 2007).

"It is axiomatic that settlement will almost always reduce the complexity and inconvenience of litigation." In re Nutraquest, Inc., 434 F.3d 639, 646 (3d Cir. 2006) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 434, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968) ("Litigation and delay are always the

APPX0102

alternative to settlement, and whether that alternative is worth pursuing necessarily depends upon a reasoned judgment as to the probable outcome of litigation."). Balancing the complexity and delay of litigation with the benefits of settlement is part in parcel of the probability-of-success-in-litigation factor. In re Nutraquest, 434 F.3d at 646 (citation omitted).

If approval of the Settlement is denied, there will undoubtedly be further litigation expenses and delay as the parties move towards a trial, with one possible outcome the denial of the Trustee's request to sell the Property. This added litigation will lead to expense, inconvenience, and uncertainties for the Bankruptcy Estate. The proposed Settlement here would have the effect of resolving the adversary proceeding against the Defendant without a trial, while providing significant funds to be paid to the creditors.

The terms of the Settlement will result in a Settlement Sum of $400,000 being paid to the Bankruptcy Estate by Defendant, or the Property being sold should Defendant not comply with the payment terms. The Settlement will save significant time and resources, all for the benefit of the Estate, and remove the uncertainty of the Adversary Proceeding's outcome, wherein the estate at the conclusion of a trial may be denied the request to sell the Property over the Defendant's objection. The Trustee respectfully submits that the proposed Settlement satisfies the factors set forth in Martin, is fair and equitable, and far exceeds the lowest point in the range of reasonableness. See In re Martin, 91 F.3d at 393; In re G-I Holdings Inc., 420 B.R. at 256.

The relief requested by the Trustee is also consistent with this Court's equitable powers pursuant to 11 U.S.C. §105(a). Section 105(a) of the Bankruptcy Code empowers the Court to "issue and order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). Under Section 105(a), this Court has expansive equitable power to fashion any order of decree that is in the interest of preserving or protecting the value of

APPX0103

the Debtor's assets. <u>See</u> <u>Davis v. Davis (In re Davis)</u>, 170 F.3d 475, 492 (5th Cir. 1999); <u>In re</u>

<u>Kaiser Aluminum Corp.</u>, 456 F.3d 328,340 (3rd Cir. 2006); <u>Coie v. Sadkin (In re Sadkin)</u>, 36 F. 3d

473, 478 (5th Cir. 1994).  The terms and conditions were negotiated at arms-length with the

assistance of the Mediator prior to reaching the Settlement, and the Trustee determined that the

Settlement with Defendant is in the Estate's best interests.

The Trustee respectfully submits that the Settlement satisfies the applicable legal standards,

is fair, equitable and reasonable, and should be approved by this Court. The proposed Settlement

clearly surpasses the minimum threshold of reasonableness necessary to warrant approval.

<u>**CONCLUSION**</u>

**WHEREFORE**, the Trustee respectfully requests the entry of an Order approving the

parties' Settlement and granting such other and further relief as the Court deems just and equitable.


                                        **THE KELLY FIRM, P.C.,**
                                        Attorneys for the Trustee


Date:   October 17, 2023                    _/s/ Alex R. Leight_____
                                            ALEX R. LEIGHT, ESQ.


5

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR<br>9004-1(b)**<br><br>THE KELLY FIRM, P.C.<br>Andrew J. Kelly, Esq.<br>1011 Highway 71, Suite 200<br>Spring Lake, NJ 07762<br>(732) 449-0525<br>akelly@kbtlaw.com<br>*Attorneys for Trustee/Plaintiff* | |
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>                Debtor. | Chapter:  7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG)<br><br>Judge:     Honorable Christine M. Gravelle |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>                Plaintiff,<br><br>      v.<br><br>EILEEN CANDIA, A/K/A EILEEN<br>GLANTON,<br><br>                Defendant. | Hearing Date: November 21, 2023<br>                    10:00 a.m.<br><br>**CERTIFICATION IN SUPPORT OF<br>NOTICE OF MOTION TO APPROVE<br>SETTLEMENT OF CONTROVERSY** |

John M. McDonnell, of full age, does hereby certify as follows:

1.    I am the duly appointed Trustee in the within matter and am the Plaintiff in the captioned adversary proceeding against Defendant Eileen Candia, A/K/A Eileen Glanton (the "Defendant").

APPX0105

2.      I make this certification in support of the Plaintiff's motion to settle the controversy between the Debtor Estate and Defendant reflected in the instant Adversary Case No.: 22-1335 (CMG) pending in the United States Bankruptcy Court for the District of New Jersey (the "Adversary Proceeding").

3.      The Debtor filed his voluntary petition on February 9, 2022, under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

4.      On August 30, 2022, this Court granted Debtor's Motion to Convert Case from Chapter 11 to Chapter 7.

5.      Thereafter, on August 31, 2022, I was appointed as Chapter 7 Trustee pursuant to the Bankruptcy Code.

6.      On September 14, 2022, the Court authorized the Trustee to retain The Kelly Firm, P.C. as counsel.

7.      A property search conducted on October 11, 2022, revealed recorded deeds indicating two recent transfers of the real property known as 26 Snowden Lane, Princeton, New Jersey ("Property") back and forth between the Debtor and Defendant – December 13, 2021, wherein Debtor transferred his interest to Defendant, and then August 5, 2022, whereby Defendant transferred her interest back to Debtor, respectively.  Prior to these transfers the Property had been acquired and owned by the Debtor and Defendant together as tenants-by-the-entirety.

8.      The deed records show the Property presently remains titled in the name of the Debtor and Defendant, each as 50% owners.

9.      This Adversary Proceeding was commenced on October 12, 2022, pursuant to 11 U.S.C. §363(h) seeking authorization to sell both the bankruptcy estate's interest and

Defendant's interest in certain real property known as 26 Snowden Lane, Princeton, New Jersey ("Property"). Defendant currently resides at the Property with her minor child. The Defendant through counsel subsequently filed an answer disputing the Trustee's right to sell the Property pursuant to §363(h).

10.     According to the Debtor's petition, the Property is encumbered by a first mortgage held by PNC Bank P.O. Box 489909 Charlotte, NC 28269 in the amount of approximately $417,000.00 with the Property valued at approximately $1,050,000.00.

11.     Pursuant to a comparative market analysis obtained by the Trustee dated January 13, 2023, the Property was valued at approximately $2,107,500.

12.     A motion for summary judgment was filed against Defendant on May 25, 2023, which is currently scheduled to be heard on November 21, 2023.

13.     The parties participated in court-ordered mediation assisted by the court-appointed mediator, Morris S. Bauer, Esq. ("Mediator").

14.     With the assistance of the Mediator, the parties in this Adversary Proceeding have reached settlement terms wherein the Defendant has agreed to purchase Debtor's interest in the Property from the Estate pursuant to the terms set forth in the executed Settlement Agreement attached hereto as **Exhibit A**. Subject to the requisite Bankruptcy Court approval, the Trustee has agreed to accept the terms of the settlement as the settlement is a valuable and appropriate outcome and is in the best interest of the Estate and its creditors.

15.     The settlement terms call for the Defendant to pay the Trustee a total of $400,000 in 5 quarterly payments of $80,000 commencing on October 30, 2023, and thereafter on January

APPX0107

31, 2024, April 30, 2024, July 31, 2024, and October 31, 2024, in exchange for the Chapter 7 Estate's interest in the Property.

16.     In the event of a default by Defendant in making a quarterly payment, Defendant shall have a 15-day cure period. If no payment has been made and the 15-day cure period has passed, the Trustee shall have sole discretion to sell the Property or extend the cure period. See **Exhibit A** for a more detailed breakdown of the settlement terms.

17.     Considering the costs, delay, and uncertainty of outcome if this matter proceeds further into litigation, I believe that this settlement is a valuable and appropriate outcome in the best interest of the Estate and its creditors.

18.     It is therefore respectfully requested that the Court grant the Motion to Approve the Settlement.

I hereby certify that the foregoing statements made by me are true.  If any of the foregoing statements made by me are willfully false, I am subject to punishment.


By:     */s/John M. McDonnell*_____
        **John M. McDonnell**


Dated: October 17, 2023

# EXHIBIT A

APPX0109

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement") is entered into by and between John M. McDonnell (the "Trustee"), the duly appointed Trustee in the captioned Chapter 7 bankruptcy case of Richard Howard Glanton (the "Debtor") and Plaintiff in the captioned adversary proceeding against Defendant Eileen Candia, A/K/A Eileen Glanton (the "Defendant") (the Trustee and Defendant referred to collectively herein as "the Parties").

## RECITALS

**WHEREAS**, the Debtor filed his voluntary petition on February 9, 2022, under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code");

**WHEREAS**, on August 30, 2022, the Bankruptcy Court granted Debtor's Motion to Convert Case from Chapter 11 to Chapter 7.

**WHEREAS**, on August 31, 2022, John M. McDonnell was appointed as Chapter 7 Trustee pursuant to the Bankruptcy Code.

**WHEREAS**, on September 14, 2022, the Court authorized the Trustee to retain The Kelly Firm, P.C. as counsel.

**WHEREAS**, this adversary proceeding was commenced on October 12, 2022, pursuant to 11 U.S.C. §363(h) seeking authorization to sell both the bankruptcy estate's interest and Defendant's interest in certain real property known as 26 Snowden Lane, Princeton, New Jersey ("Property"). Defendant currently resides at the Property.

**WHEREAS**, on May 25, 2023, Plaintiff filed its motion for summary judgment in this adversary proceeding. The motion for summary judgment is currently scheduled to be heard before this Court on October 3, 2023.

APPX0110

**WHEREAS**, the Parties in this adversary proceeding engaged in mediation with the court-appointed mediator, Morris S. Bauer, Esq. (the "Mediator") and with the assistance of the Mediator reached settlement terms wherein the Defendant has agreed to purchase the Debtor's interest in the Property from the Chapter 7 bankruptcy estate, pursuant to the terms set forth herein.

NOW, THEREFORE, in consideration of the foregoing and the covenants contained herein, the parties hereby agree as follows:

1.       In exchange for the Chapter 7 estate's interest in the Property, Defendant shall pay the Trustee a total of $400,000 (the "Settlement Sum") in 5 quarterly payments of $80,000 commencing on October 30, 2023, and thereafter on January 31, 2024, April 30, 2024, July 31, 2024, and October 31, 2024.

2.       In the event of a default by Defendant in making a quarterly payment, Defendant shall have a 15-day cure period. If no payment has been made and the 15-day cure period has passed, the Trustee shall have sole discretion to sell the Property or extend the cure period. If the Property is sold, the Trustee will retain 50% of the net proceeds and 50% of the net proceeds will be paid to Defendant. The net proceeds to be received by the Trustee shall be reduced dollar-for-dollar by the total amount of any payments made in satisfaction of the Settlement Sum by Defendant prior to default.

3.       In the event the Trustee sells the Property after a default by Defendant in making quarterly payments as permitted in this Settlement, the Trustee shall be permitted to list the Property with a broker of his choice and a commission structure of his choosing (subject to bankruptcy court approval of the broker and recommended commission structure) and at a minimum price set by the Trustee is his sole discretion.

APPX0111

4.    Any monies paid by Defendant to the Trustee under this Settlement that have cleared the estate's bank account shall be deemed property of the estate pursuant to Bankruptcy Code section 541.

5.    Upon the full execution of this Settlement, the Trustee shall file a motion with the Court seeking approval of this Settlement.

6.    Upon the Court approving this Settlement, Defendant shall be deemed to have, and shall have, released and forever discharged the Trustee, his professionals, and the bankruptcy estate, from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which Defendant had, may ever have, or may ever claim to have, against the Trustee, his professionals, and the bankruptcy estate arising in or in connection with this Adversary Proceeding and the Property.

7.    Upon the Court approving this Settlement and receipt and clearance of the entire Settlement Sum, the Trustee, on behalf of the Debtor's estate, shall be deemed to have, and shall have, released and forever discharged Defendant from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Trustee and the Debtor's estate have, had, may have had, or may ever claim to have, against Defendant arising in or in connection the Adversary Proceeding and the Property, except that the Trustee shall retain any rights and claims against the Defendant and the Property that may arise

APPX0112

in connection with any claims against the Trustee regarding the Trustee's receipt of monies utilized to pay the Settlement Sum.

8.      In the event the Court denies approval of this Settlement, this Settlement shall become null, void, and of no further force or effect, and nothing contained herein shall be deemed an admission by any of the Parties.

9.      This Settlement is a compromise and settlement of disputed claims and is the product of arm's-length negotiations. The Parties understand and agree that the payment of the Settlement Sum and the execution and delivery of this Settlement shall not constitute or be construed as an admission or adjudication, express or implied, of any fact or liability whatsoever with respect to any claims that are the subject matter of this Settlement, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the Parties hereto has made such an admission to any claims against any non-debtor parties (if any).

10.      This Settlement sets forth the entire agreement between the Parties and fully supersedes all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

11.      This Settlement shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

12.      This Settlement may not be amended or modified other than in writing executed by each of the Parties.

13.      The undersigned represent and warrant that they have full authority to execute this Settlement on behalf of their respective party or client and have obtained all necessary approvals,

4

APPX0113

but the Trustee's authority to bind the Debtor's estate to the settlement is expressly subject to approval by the Bankruptcy Court.

14.     This Settlement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

15.     Upon approval of this Settlement by the Bankruptcy Court, the subject adversary proceeding will be closed.

16.     The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Settlement.

*[Remainder of Page Left Intentionally Blank; Signature Page to Follow]*

APPX0114

IN WITNESS WHEREOF, the following have hereto set their hand and seal as of the

date indicated:

JOHN M. McDONNELL,
Chapter 7 Trustee for
the Debtor Estate of
Richard Howard Glanton
Dated: 10/2/23

EILEEN CANDIA,
a/k/a EILEEN GLANTON, Defendant
Dated: 10/2/2023

6

APPX0115

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>THE KELLY FIRM, P.C.<br>Andrew J. Kelly, Esq.<br>Alex R. Leight, Esq.<br>1011 Highway 71, Suite 200<br>Spring Lake, NJ 07762<br>(732) 449-0525<br>akelly@kbtlaw.com<br>aleight@kbtlaw.com<br>*Attorneys for Trustee/Plaintiff* | |
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>                    Debtor. | Chapter:   7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>                  Plaintiff,<br><br>       v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>                  Defendant. | Judge:      Honorable Christine M. Gravelle |

**ORDER**

The relief set forth on the following page, numbered two (2) is hereby **ORDERED**.

1

APPX0116

Upon consideration of a Motion having been presented on behalf of the Trustee and Plaintiff in this Adversary Proceeding seeking to approve a settlement agreement reached with the Chapter 7 Trustee resolving a disputed contested matter, upon consideration of any objections and for cause shown, it is

ORDERED as follows:

1. The Settlement Agreement between the Defendant, Eileen Candia a/k/a/ Eileen Glanton and the Chapter 7 Trustee, John M. McDonnell, Esquire, dated October 2, 2023, attached hereto as **Exhibit A**, is hereby approved and the parties are directed to effectuate its terms as set forth therein.

APPX0117

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement") is entered into by and between John M. McDonnell (the "Trustee"), the duly appointed Trustee in the captioned Chapter 7 bankruptcy case of Richard Howard Glanton (the "Debtor") and Plaintiff in the captioned adversary proceeding against Defendant Eileen Candia, A/K/A Eileen Glanton (the "Defendant") (the Trustee and Defendant referred to collectively herein as "the Parties").

## RECITALS

**WHEREAS**, the Debtor filed his voluntary petition on February 9, 2022, under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code");

**WHEREAS**, on August 30, 2022, the Bankruptcy Court granted Debtor's Motion to Convert Case from Chapter 11 to Chapter 7.

**WHEREAS**, on August 31, 2022, John M. McDonnell was appointed as Chapter 7 Trustee pursuant to the Bankruptcy Code.

**WHEREAS**, on September 14, 2022, the Court authorized the Trustee to retain The Kelly Firm, P.C. as counsel.

**WHEREAS**, this adversary proceeding was commenced on October 12, 2022, pursuant to 11 U.S.C. §363(h) seeking authorization to sell both the bankruptcy estate's interest and Defendant's interest in certain real property known as 26 Snowden Lane, Princeton, New Jersey ("Property"). Defendant currently resides at the Property.

**WHEREAS**, on May 25, 2023, Plaintiff filed its motion for summary judgment in this adversary proceeding. The motion for summary judgment is currently scheduled to be heard before this Court on October 3, 2023.

APPX0118

**WHEREAS**, the Parties in this adversary proceeding engaged in mediation with the court-appointed mediator, Morris S. Bauer, Esq. (the "Mediator") and with the assistance of the Mediator reached settlement terms wherein the Defendant has agreed to purchase the Debtor's interest in the Property from the Chapter 7 bankruptcy estate, pursuant to the terms set forth herein.

NOW, THEREFORE, in consideration of the foregoing and the covenants contained herein, the parties hereby agree as follows:

1.      In exchange for the Chapter 7 estate's interest in the Property, Defendant shall pay the Trustee a total of $400,000 (the "Settlement Sum") in 5 quarterly payments of $80,000 commencing on October 30, 2023, and thereafter on January 31, 2024, April 30, 2024, July 31, 2024, and October 31, 2024.

2.      In the event of a default by Defendant in making a quarterly payment, Defendant shall have a 15-day cure period. If no payment has been made and the 15-day cure period has passed, the Trustee shall have sole discretion to sell the Property or extend the cure period. If the Property is sold, the Trustee will retain 50% of the net proceeds and 50% of the net proceeds will be paid to Defendant. The net proceeds to be received by the Trustee shall be reduced dollar-for-dollar by the total amount of any payments made in satisfaction of the Settlement Sum by Defendant prior to default.

3.      In the event the Trustee sells the Property after a default by Defendant in making quarterly payments as permitted in this Settlement, the Trustee shall be permitted to list the Property with a broker of his choice and a commission structure of his choosing (subject to bankruptcy court approval of the broker and recommended commission structure) and at a minimum price set by the Trustee is his sole discretion.

APPX0119

4.      Any monies paid by Defendant to the Trustee under this Settlement that have cleared the estate's bank account shall be deemed property of the estate pursuant to Bankruptcy Code section 541.

5.      Upon the full execution of this Settlement, the Trustee shall file a motion with the Court seeking approval of this Settlement.

6.      Upon the Court approving this Settlement, Defendant shall be deemed to have, and shall have, released and forever discharged the Trustee, his professionals, and the bankruptcy estate, from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which Defendant had, may ever have, or may ever claim to have, against the Trustee, his professionals, and the bankruptcy estate arising in or in connection with this Adversary Proceeding and the Property.

7.      Upon the Court approving this Settlement and receipt and clearance of the entire Settlement Sum, the Trustee, on behalf of the Debtor's estate, shall be deemed to have, and shall have, released and forever discharged Defendant from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Trustee and the Debtor's estate have, had, may have had, or may ever claim to have, against Defendant arising in or in connection the Adversary Proceeding and the Property, except that the Trustee shall retain any rights and claims against the Defendant and the Property that may arise

APPX0120

in connection with any claims against the Trustee regarding the Trustee's receipt of monies utilized to pay the Settlement Sum.

8.     In the event the Court denies approval of this Settlement, this Settlement shall become null, void, and of no further force or effect, and nothing contained herein shall be deemed an admission by any of the Parties.

9.     This Settlement is a compromise and settlement of disputed claims and is the product of arm's-length negotiations. The Parties understand and agree that the payment of the Settlement Sum and the execution and delivery of this Settlement shall not constitute or be construed as an admission or adjudication, express or implied, of any fact or liability whatsoever with respect to any claims that are the subject matter of this Settlement, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the Parties hereto has made such an admission to any claims against any non-debtor parties (if any).

10.     This Settlement sets forth the entire agreement between the Parties and fully supersedes all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

11.     This Settlement shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

12.     This Settlement may not be amended or modified other than in writing executed by each of the Parties.

13.     The undersigned represent and warrant that they have full authority to execute this Settlement on behalf of their respective party or client and have obtained all necessary approvals,

4

APPX0121

but the Trustee's authority to bind the Debtor's estate to the settlement is expressly subject to approval by the Bankruptcy Court.

14.    This Settlement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

15.    Upon approval of this Settlement by the Bankruptcy Court, the subject adversary proceeding will be closed.

16.    The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Settlement.

*[Remainder of Page Left Intentionally Blank; Signature Page to Follow]*

APPX0122

IN WITNESS WHEREOF, the following have hereto set their hand and seal as of the

date indicated:

JOHN M. McDONNELL,
Chapter 7 Trustee for
the Debtor Estate of
Richard Howard Glanton
Dated: _10/2/23_

EILEEN CANDIA,
a/k/a EILEEN GLANTON, Defendant
Dated: _10/2/2023_

6

APPX0123

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

THE KELLY FIRM, P.C.
Andrew J. Kelly, Esq.
Alex R. Leight, Esq.
1011 Highway 71, Suite 200
Spring Lake, NJ 07762
(732) 449-0525
akelly@kbtlaw.com
aleight@kbtlaw.com
*Attorneys for Trustee/Plaintiff*

|  |  |
|---|---|
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>                Debtor. | Chapter:   7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF RICHARD<br>HOWARD GLANTON,<br><br>                Plaintiff,<br><br>      v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>                Defendant. | Judge:    Honorable Christine M. Gravelle<br><br>**NOTICE OF PROPOSED**<br>**COMPROMISE or**<br>**SETTLEMENT OF**<br>**CONTROVERSY** |

     **JOHN M. McDONNELL, Chapter 7 Trustee**, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below **not later 7 days before the hearing date**.

**Address of the Clerk**: Nancy Figueroa
                    Clarkson S. Fisher U.S. Courthouse
                    402 East State Street
                    Trenton, NJ 08608

        If an objection is filed, a hearing will be held before the Honorable <u>Christine M. Gravelle, U.S.B.J.</u>, on **Tuesday, November 21, 2023 at 10:00 a.m.** at the United States Bankruptcy Court, Courtroom no.8, 402 East State Street, Trenton, NJ  08608 (*hearing to be scheduled for at least 28 days from the date of the filing of the notice*). If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

        **Nature of Action**:  Trustee made application to the Court, seeking authorization to sell debtor's property known as 26 Snowden Lane, Princeton, NJ (the "property"), where the Defendant herein resides.

        **Pertinent Terms of Settlement:**  Defendant shall pay the Trustee the total sum of $400,000.00 in five (5) quarterly payments of $80,000.00 each in exchange for Trustee's interest in the property, in accordance with a Settlement Agreement entered into between the parties on October 2, 2023.

        **Objections** must be served on, and requests for additional information directed to:
        Andrew J. Kelly, Esq.,
        Counsel to the Trustee
        The Kelly Firm, P.C.
        1011 Highway 71, Suite 200
        Spring Lake, NJ  07762
        732.449.0525
        akelly@kbtlaw.com

APPX0125

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Attorneys for Secured Creditor,*
*Newport Investment Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RICHARD HOWARD GLANTON<br><br>Debtor. | Chapter: 7<br><br>Case No.: 22-11055 (CMG)<br><br>Honorable Christine M. Gravelle |
| JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON,<br><br>Plaintiff,<br><br>v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>Defendant. | Adv. Pro. No.: 22-1335 (CMG)<br><br><br><br>**Hearing Date: November 21, 2023**<br>**Hearing Time: 10:00 a.m.** |

**SECURED CREDITOR NEWPORT INVESTMENT GROUP, LLC'S OBJECTION TO MOTION OF JOHN M. MCDONNELL, CHAPTER 7 TRUSTEE FOR ENTRY OF ORDER APPROVING SETTLEMENT AND COMPROMISE PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019**

Secured Creditor Newport Investment Group, LLC ("**Newport**") by and through its

undersigned counsel, hereby respectfully objects (this "**Objection**") to Chapter 7 Trustee John M.

McDonnell's (the "**Trustee**") Motion for Entry of Order Approving Settlement and Compromise

APPX0126

Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019 [Dkt. 20] (the "**Motion**").[1] In support

of this Objection, Newport states as follows:

**I.**
**PRELIMINARY STATEMENT**

1.      Through this Motion, Trustee seeks to settle a matter for $400,000, less than fifteen

percent (15%) of the current market value of the property ($2,567,070.00), with purported

payments spread out over the next fifteen (15) months without any evidence of how they will even

be paid.

2.      The Trustee is asking this Court to determine whether the proposed settlement

passes muster under Bankr. R. 9019, but it does not.  All this Court needs to do is deny the instant

motion, grant the pending motion for summary judgment allowing the Trustee to sell the property

immediately, and reap **85% more representing approximately $2,167,070.00**, paid almost

immediately through a sale by way of the pending summary judgment.

3.      This Court should deny the Motion because it does not even come close to

satisfying the well-established standard for approval of settlements under R. 9019.  Even if this

Court were inclined to review the Motion on its merits, it should deny the Motion because it is

neither fair and equitable nor in the best interests of the estate. There are too many conditions

precedent, it will take too long to satisfy, and the and the amount is far too de minimis to approve,

when the Court has a pending summary judgment filed by the Trustee just a few months ago.

**II.**
**BACKGROUND**

4.      On February 9, 2022, Richard Howard Glanton (the "**Debtor**") filed a voluntary

petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy**

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

APPX0127

Code"). ECF No. 1.[2]

5.      On December 13, 2021, fifty-four (54) days pre-petition, the Debtor transferred his interest in a single-family residence located at 26 Snowden Lane, Princeton, NJ 08540 (the "**Property**") to his wife Eileen Candia Glanton (the "**Defendant**") for one dollar ($1.00).[3]

6.      On June 7, 2022, Newport filed a proof of secured claim in the amount of $7,186,756.38 [Claim No. 6].

7.      On August 30, 2022, this Court granted the creditors motion to convert the case from Chapter 11 to Chapter 7. ECF. No. 95.

8.      On August 31, 2022, John M. McDonnel was appointed as Chapter 7 Trustee pursuant to Section 701 of the Bankruptcy Code. ECF No. 100.

9.      This Adversary Case was commenced by the Trustee on October 12, 2022 (the "**Adversary Case**"), pursuant to 11 U.S.C. §363(h) seeking authorization for the sale of the Property. A/P ECF No. 1.

10.     On October 27, 2022, Defendant filed her answer (the "**Answer**"). A/P ECF No. 3.

11.     On January 12, 2023, almost one year ago, the parties attended mediation, however, the matter was not resolved.

12.     On May 25, 2023, the Trustee filed his motion for summary judgment [A/P ECF No. 10] (the "**MSJ**") seeking Court authorization, pursuant to 11 U.S.C § 363(h), to sell the Property. *Id.* at ¶ 17.  The MSJ states, in relevant part, that the recorded deeds show two (2) transfers of the Property back and forth between the Debtor and Defendant – December 13, 2021

---

[2] All references to the docket herein are to the Debtor's main Chapter 7 case except when specifically referencing this adversary proceeding, which will be referred to as "**A/P ECF No.__**."

[3] The Debtor and Defendant, both attorneys, filed a Stipulation with this Court acknowledging the house constitutes estate property in an attempt to brush their transgression under the rug.  *See* ECF No. 22. On June 28, 2022, after the initial Meeting of Creditors, the Debtor filed Amended Schedules listing an interest in the Property.

APPX0128

to the Defendant pre-petition, and then August 5, 2022 back to Debtor and Defendant, respectively. *Id*. at ¶ 16. The Property currently remains jointly titled in the name of the Debtor and Defendant, possibly encumbered by a first mortgage held by PNC Bank in the amount of approximately $417,000.00 (the "**Mortgage**"). *Id*. at ¶ 17. Newport is unaware of any discovery conducted in this Adversary Case, or whether any subpoena was served on PNC Bank relating to the Mortgage.[4]

13. Pursuant to the comparative market analysis obtained by the Trustee on January 13, 2023, attached as Exhibit E to the MSJ, the Property had an estimated value of **$2,359,340.00**.

14. Pursuant to a recent comparative market analysis obtained by Newport on November 13, 2023. The Property now has a value of **$2,567,070.00**. See Certification of Brian Roche, Exh. A.

15. Through this Motion, the Trustee proposes a settlement whereby the Defendant will pay $400,000 (the "**Settlement Sum**") representing a mere fifteen (15%) of the Property's value, in five (5) quarterly payments of $80,000, commencing on October 30, 2023 (which already passed), and thereafter on January 31, 2024, April 30, 2024, July 31, 2024, and October 31, 2024. *Id.* Attached as Exhibit A to the Trustee's *Certification in Support of Motion to Approve Settlement of Controversy* is a copy of the settlement agreement at issue (the "**Settlement Agreement**").

### III.
### THE PENDING MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

16. The MSJ was returnable on June 27, 2023, however despite being ***unopposed***, has already been adjourned five (5) separate times while the Trustee and Defendant tried to settle.[5]

---

[4] As discussed herein below, a property held in tenancy by the entirety, then transferred fraudulently, cannot be reverted back to tenancy by the entirety. Therefore, the status of the Mortgage and whether it transferred solely to Defendant on December 13, 2021, or back again to them jointly on August 5, 2022 is presently unknown.

[5] July 11, 2023, August 8, 2023, August 22, 2023, September 12, 2023, and October 3, 2023. On October 3, 2023 the Trustee represented a settlement had been reached that morning, and the MSJ hearing was adjourned to coincide with the hearing date of this Motion.

4865-5131-6112, v. 1

APPX0129

17.    It has been almost one year since the Adversary Case commenced.  The Defendant has not filed an objection or response to the MSJ, nor has she set forth any evidence of any detriment she will suffer in the event of a sale of the Property.  Likewise, Newport has requested information from the Trustee as to Defendant's proof of funds or ability to perform under the terms and conditions of the Settlement Agreement to no avail.

18.    Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the Supreme Court has indicated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 1). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir. 1993).

19.    "Once the moving party establishes the absence of a genuine dispute of material fact, however, the burden shifts to the non-moving party to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Moran-Hernandez*, 544 B.R. 796, 800 (Bankr. D.N.J. 2016) (quoting *Matsushita,* 475 U.S. at 586, 106 S. Ct. 1348). A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there

4865-5131-6112, v. 1

APPX0130

is a genuine [dispute] for trial"). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir. 1972). If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc., supra,* 477 U.S. at 249–250, 106 S. Ct. 2505. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S. Ct. 1348.

20.   Section 363(h) provides that the Trustee may sell both the estate's interest under subsection (b) and the interest of any co-owner in property in which the debtor had, when the case commenced, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety.

21.   Here, the Trustee has made the requisite showing with respect to each of the statutory requirements, citing *In re Olsen*, 14-11273, 2017 WL 3311218, at *6 (Bankr. D.N.J. July 20, 2017).  The Trustee states in his MSJ that "the sale of the Property will produce sufficient proceeds for the Defendant to relocate and thus any potential hardships are minimal. Regardless, any possible detriment is far outweighed by the benefit to the bankruptcy estate as there is substantial equity in the Property to be realized by a sale of the entire Property.  Here, the benefits of the sale outweigh any detriment to the co-owner." *Id.* Newport agrees and the MSJ should be granted.

## IV.
## THIS MOTION SHOULD BE DENIED

### A.   The Proposed Settlement is Not Fair and Equitable

22.   Courts in this Circuit consider four (4) factors when determining whether to approve a settlement proposed in a bankruptcy case:

    (i)      The probability of success in litigation;

    (ii)     The likely difficulties in collection;

APPX0131

        (iii)    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

        (iv)    The paramount interest of the creditors.

*Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citations omitted).

23.    A bankruptcy court does not merely "red stamp" a settlement agreement. *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 720 (Bankr. D.N.J. 1997). On the contrary, the Third Circuit has observed, "the unique nature of the bankruptcy process means that judges must carefully examine settlements before approving them." *Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006). And while bankruptcy courts reviewing proposed settlements typically defer to a debtor's business judgment, they will not do so without a legitimate business justification for the decision to enter into a settlement. *Martin*, 91 F.3d at 395.

24.    Even if this Court were inclined to review the Motion on its merits, it should deny the Motion because it is neither fair and equitable nor in the best interests of the estate. The Settlement Sum represents **less than fifteen (15%)** of the fair market value of the Property today, and with the contemplated quarterly payments spread out over the next fifteen (15) months without any proof of funds or understanding as to how Defendant expects to make any of the payments, it is speculative at best. The Court should therefore deny the Motion, grant the MSJ, and allow the estate to realize **85% or approximately $2,167,070.00 more** based on today's value, which can be achieved immediately from the sale of the Property by the Trustee if the MSJ is granted.

25.    The Settlement Agreement could also be a moving target. The Trustee may substantially change, or even materially alter, the timeline provisions to the creditor's detriment:

> In the event of a default by Defendant in making a quarterly payment, Defendant shall have a 15-day cure period. If no payment has been made and the 15-day cure period has passed, the Trustee shall have sole discretion to sell the Property **or extend the cure period**.

26.     Unless a final and unalterable agreement is placed before this Court, it should not be asked to bless a settlement which is no more than a moving target. Indeed, it is difficult, if not impossible, for Newport to thoroughly express its concerns with the proposed settlement.

27.     For all of these reasons, the settlement is not fair and equitable and does not satisfy the *Martin* factors. Thus, the Motion should be denied.

### B.     The Trustee has a 100% Probability of Success if the Motion is Denied

28.     The complexity, expense, inconvenience, and delay normally associated with litigation in an adversary proceeding is completely ***non-existent*** in this case. The litigation at issue does not involve complex factual or legal issues. In contrast, if the settlement is denied and MSJ approved, the actions will be concluded with finality, and the proceeds generated will be 85% greater totaling approximately $2,167,070.00 for the estate.

29.     Newport is the only first position secured creditor of the Debtor's estate, However, the Trustee has a fiduciary relationship with all creditors of the estate. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 354-55 (1985); *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 701 (3d Cir. 1993). Indeed, under the Code, the Trustee must investigate all sources of income for the estate and "collect and reduce to money the property of the estate." 11 U.S.C. §(s) 704(1).  The Trustee has the duty to maximize the value of the estate, and in so doing is "bound to be vigilant and attentive in advancing [the estate's] interests." *In re Baird*, 112 F. 960, 960 (D.C. Cir. 1902).  In sum, "it is the trustee's duty to both the debtor and the creditor to realize from the estate all that is possible for distribution among the creditors." 4 Collier on Bankruptcy Para(s) 704.01 (15th ed. 1993).

30.     Therefore, based on the four Martin factors, there is no risk or uncertainty of success in litigation if the Motion is denied and MSJ granted; the Property is ripe to sell at the maximum

4865-5131-6112, v. 1

APPX0133

value and no foreseeable difficulties in collection; the complexity, expense, inconvenience, and delay associated with litigation is moot since the case would be closed; and the paramount interests of creditors of a Settlement Sum that represents a meager 15% of the current market value of the Property, *somehow* paid by the Defendant quarterly over the next 15 months without any evidence as to how, is of greater significance if the Property sold for maximum value to the estate now.

## IV.
## DEBTOR AND DEFENDANT ENGAGED IN A FRAUDULENT TRANSFER AND TENANCY BY THE ENTIRETY WAS BROKEN

31.    This Court previously found good cause existed to convert the Debtor's bankruptcy from a Chapter 11 to a Chapter 7, as well as "cause" under Section 1112(b)(1) and (4) of the Bankruptcy Code to appoint the Trustee based upon evidence of fraud, dishonesty, incompetence and gross mismanagement[6]. A "fraudulent transfer" occurs when a debtor either (1) transfers property with the intent to hinder, delay or defraud its creditors or; (2) makes a transfer for less than reasonably equivalent value and at the time of such transfer: (i) was insolvent; (ii) had unreasonably small capital; (iii) intended to incur debts beyond its ability to repay them or (iv) made such transfer for the benefit of an insider under an employment contract outside of the ordinary course of business. 11 U.S.C. § 548(a)(1)(A)-(B). Federal law permits a trustee to avoid transfers by the debtor committed to defraud creditors. 11 U.S. Code § 548.

32.    *In re Caola*, 422 B.R. 13 (Bankr. D.N.J. 2010) is most on point wherein the debtor, prior to filing his petition, transferred his one-half interest in his home to his wife individually. *Id. at 14*. When the debtor then sought to confirm a plan, the trustee objected, arguing that the transfer of debtor's interest in his home was a fraudulent transfer under 11 U.S.C. § 548. *Id. at 15*.

---

[6] The legislative history of section 1112(b) of the Bankruptcy Code also indicates that the list set forth in sections 1112(b)(4)(A)-(P) of the Bankruptcy Code is nonexclusive, such that a bankruptcy court has the ability to make such a determination for any reason cognizable to its equitable powers. *See* H.R. Rep. No. 95-595 at 405-06 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6361-62.

APPX0134

The *Caola* court ultimately concluded the same. *Id. at 20-21*. Here, the circumstances are even more egregious, involving the Debtor and his Defendant wife, attorneys, in cohorts on the transfer.

### A.    Once You Eliminate Tenancy By Entirety—You Cannot Revive It

33.    A tenancy by the entirety is a form of joint ownership created "when property is held by a husband and wife with each becoming seized and possessed of the entire estate." *N.T.B. v. D.D.B.*, 442 N.J. Super. 205, 218 (App. Div. 2015) (quoting *Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi*, 389 N.J. Super. 219, 227 (Ch. Div. 2006).    There are five (5) requirements for tenancy by the Entirety ownership: (1) Unity of time; (2) Unity of marriage; (3) Unity of title; (4) Unity of interest; and (5) Unity of possession. *In re Cosper*, 106 B.R. 377, at 380 (Bankr. M.D. Pa. 1989). Property transferred pre-petition out of a tenancy by the entirety estate, does not revert to a tenancy by the entirety upon avoidance. *In re Swiontek*, 376 B.R. 851, 867 (Bankr. N.D. Ill. 2007).

34.    The New Jersey Appellate Division court seems to side similarly, **that once a unity is broken, the tenancy by the entirety cannot be revived.** *DiSanto v. Adase*, 116 N.J. Super. 226 (App. Div. 1971) (where divorce terminates the marital relationship, and the defendant alleged remarriage revived the tenancy by the entirety). Here, even if though the property appears to be conveyed by the wife back into 50% ownership by the husband, the previous tenancy by the entirety would not be revived because the Unity of Time, Unity of Title, and Unity of Interest was broken.

### B.    Property Held in Tenancy By the Entirety and Then Transferred Fraudulently Cannot Be Reverted Back to Tenancy by the Entirety

35.    Upon establishing the transfer is fraudulent under Section 548 of the Bankruptcy Code, the Trustee can put the Property back into the estate to be distributed to the creditors. 11 U.S.C. § 544.    The Bankruptcy Code allows a court to rely on the governing state law fraudulent

APPX0135

transfer statutes, if they are more beneficial to the creditors than those provided by the Bankruptcy Code. 11 U.S.C. § 544. The New Jersey Uniform Fraudulent Transfer Act (the "**NJUFTA**") lets creditors ultimately challenge and void the transfer of money, property or assets made by a debtor if the transfer has the effect of placing the money, property or assets out of the reach of present and sometimes future creditors. <u>*See*</u> N.J.S.A. §§ 25:2-20 – 25:2-34. NJUFTA makes the following types of transfers fraudulent in New Jersey: (1) A transfer made with the actual intent to hinder, delay or defraud one's creditors; (2) A transfer made by a business without receiving a reasonably equal value in exchange and which leaves the business with money, property and assets worth less than their debts; (3) A transfer without receiving a reasonably equal value in exchange, knowing (or should have known) at the time of the transfer that he/she would incur debts in the future beyond his/her ability to pay them. <u>*See also*</u> N.J.S.A. 25:2-25; N.J.S.A. 25:2-27; *Gilchinsky v. National Westminster Bank N.J.*, 732 A.2d 482, 488, 159 N.J. 463 (N.J. 1999). The recent acts of the Debtor and the Defendant of deeding a one-half (50%) interest back to Debtor does not negate the fraudulent transfer.

### C.     The Mortgage, if it Still Exists, is Voidable as a Fraudulent Conveyance

36.     Federal Rules of Bankruptcy provides that an adversary proceeding must be brought to recover property and "to determine the validity, priority, or extent of a lien or other interest in property." Fed. R. of Bankr. Proc. 7001(1)-(2). A mortgage can be voided as a constructively fraudulent conveyance under the NJUFTA. 30A N.J. Prac., L. of Mortgages § 32.9 (2d ed.) The provision provides that any transfer of property to an "insider" *is* constructively fraudulent, "if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time, and the insider had reasonable cause to believe that the debtor was insolvent." N.J.S.A. 25:2-27(b); N.J.S.A. 25:2-22(a).

APPX0136

37. Under this provision, this Court can find the PNC Bank Mortgage is voidable as a fraudulent conveyance *except* "(1) to the extent the insider gave new value to or for the benefit of the debtor after the transfer was made unless the new value was secured by a valid lien; (2) if made in the ordinary course of business or financial affairs of the debtor and insider; or (3) if made pursuant to a good-faith effort to rehabilitate the debtor and the transfer secured present value given for that purpose as well as an antecedent debt of the debtor." N.J.S.A. 25:2-30(f). Here, ***none*** of these conditions exist. <u>See also</u> *Cont'l Ill. Nat'l Bank & Trust Co. V. Century City, Inc.* (*In re Century City, Inc.*), 8 B.R. 25, 30–31 (Bankr. D.N.J. 1980). Thus, Newport's position, based on the facts and supported by case law, is that tenancy by the entirety was broken, cannot be reverted back, and the proceeds from the Property's sale should go to the Debtor's estate.

### IV.
### RESERVATION OF RIGHTS

38. Newport reserves its rights to supplement or amend this Objection and to raise additional issues with the Motion prior to or at the hearing on the same, and to present evidence or rely on evidence that may be presented by others at the hearing on the Motion.

### V.
### CONCLUSION

**WHEREFORE**, Newport respectfully requests that this Court (i) deny the Motion; (ii) grant the MSJ; (iii) find that tenancy by entirety was broken and not revived when the deed was transferred back; and (iv) grant any other relief as is just and proper.

Respectfully submitted,

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Attorneys for Secured Creditor,*
*Newport Investment Group, LLC*

Dated: November 14, 2023            By:   */s/ Sari B. Placona*
                                                      SARI B. PLACONA

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Attorneys for Secured Creditor,*
*Newport Investment Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RICHARD HOWARD GLANTON<br><br>Debtor. | Chapter: 7<br><br>Case No.: 22-11055 (CMG)<br><br>Honorable Christine M. Gravelle |
| JOHN M. MCDONNELL, TRUSTEE FOR DEBTOR ESTATE OF RICHARD HOWARD GLANTON,<br><br>Plaintiff,<br><br>v.<br><br>EILEEN CANDIA, A/K/A EILEEN GLANTON,<br><br>Defendant. | Adv. Pro. No.: 22-1335 (CMG) |

**CERTIFICATION OF BRIAN ROCHE IN SUPPORT OF SECURED CREDITOR NEWPORT INVESTMENT GROUP, LLC'S OBJECTION TO MOTION OF JOHN M. MCDONNELL, CHAPTER 7 TRUSTEE FOR ENTRY OF ORDER APPROVING SETTLEMENT AND COMPROMISE PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019**

**I, Brian Roche**, of full age, certifies as follows:

      1.      I serve as the Manager of Newport Investment Group, LLC ("Newport"), secured

creditor in the bankruptcy proceeding of Richard Howard Glanton, Chapter 7 debtor ("Glanton").

APPX0138

2.      I am submitting this certification in support of Newport's objection to Motion of John M. McDonnell, Chapter 7 Trustee for the Entry of Order Approving Settlement and Compromise Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019.

3.      Attached as Exhibit A is the recent comparative market analysis of 26 Snowden Lane, Princeton, New Jersey, obtained by Newport on November 13, 2023.

I hereby certify that the above statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 14, 2023                     By: ___/s/ Brian Roche_____
                                                  Brian Roche

2

APPX0139

Case 3:23-cv-01292-MK    Document 131    Filed 11/04/2024    Page 143 of 201    Page ID 6609

# EXHIBIT A

**AVALLON REAL ESTATE**
GROUP

To Whom This May Concern:

26 Snowden Ln, Princeton, NJ 08540 has increased from the current estimated value of $2,359,340.00 in January 2023 from the valuation conducted by Vivian Ruggiero of Monmouth Ocean Realtors – Ruggiero Realty to $2,567,070.

Sincerely,
Christopher Avallon, Broker/Owner

**Avallon Real Estate Group**
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Office: (609) 436-5221
Cell:   (609) 436-0419
Email: chris@avallonRE.com
Web:  www.avallonRE.com
Fax:   (609) 436-0203

**bright**
MLS

VALUATION WORKBOOK

# 26 Snowden Ln, Princeton, NJ 08540





Presented by

## Christopher Avallon | **Broker/Owner**

New Jersey Real Estate License: 1751378
File ID: 26 Snowden Ln, Princeton, NJ 08540



Mobile: (609) 436-0419 | Fax: (609) 436-0203

Main: chris@avallonRE.com
Office: www.avallonRE.com

**Avallon Real Estate Group**
100 Overlook Center
2nd Floor
Princeton, NJ 08540



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

# 26 Snowden Ln, Princeton, NJ 08540

Listing Date: –
MLS Name: –
MLS Listing ID: –



Legend:  Subject Property

■ **Off Market** • Sold Date: 12/9/2009, Public Record

### Result of Sales Comparison Analysis
## $2,543,750 (or $510 / sq ft)
Last Analysis Update: 11/13/2023

## $2.4M – $2.62M
(or $481 – $527 / sq ft)

### Number of Comps Chosen
## 4

### Comps Range
## $2.4M – $2.62M

### Current Estimated Value
## $2,567,070
Last RVM® Update: 10/24/2023

RVM® Est. Range: $2.28M – $2.85M

RVM® Confidence: ★★★★☆

⬆ RVM® Change - Last 1 Month: $8,210

⬆ RVM® Change - Last 12 Months: 9.05%

*This report contains data and information that is publicly available and/or licensed from third parties and is provided to you on an "as is" and "as available" basis. The information is not verified or guaranteed. Neither this report nor the estimated value of a property is an appraisal of the property. Any valuation shown in this report has been generated by use of proprietary computer software that assembles publicly available property records and certain proprietary data to arrive at an approximate estimate of a property's value. Some portions of this report may have been provided by an RPR user; RPR is not responsible for any content provided by its users. RPR and its information providers shall not be liable for any claim or loss resulting from the content of, or errors or omissions in, information contained in this report.*

 RPR — Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved. Information is not guaranteed. Equal Housing Opportunity. APPX0143 11/13/2023



## Homeowner Facts

| | |
|---|---|
| Owner Name (Public) | **Glanton, Richard H; Candia, Eileen** |
| Mailing Address | **26 Snowden Ln Princeton NJ 08540-3916** |
| Phone Number | **2156276310** |
| Owner Occupied | **Yes** |

 

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX 0144

# 26 Snowden Ln, Princeton, NJ 08540

Listing Date: –
MLS Name: –
MLS Listing ID: –

## Home Facts

| | Public Facts | Listing Facts | Refinements |
|---|---|---|---|
| Sale/Finance Concession | – | – | – |
| Property Type | **Single Family** | – | – |
| Property Subtype | **Single Family Residential** | – | – |
| Total Rooms | – | – | – |
|    Total Rooms Above Grade | – | – | – |
| Bedrooms | – | – | **5** |
|    Bedrooms Above Grade | – | – | – |
| Building Size sq ft range (low) | – | – | – |
| Building Size sq ft range (high) | – | – | – |
| Total Baths | – | – | **3.1** |
|    Total Baths Above Grade | – | – | – |
| Full Baths | – | – | **3** |
|    Full Baths Above Grade | – | – | – |
| Partial Baths | – | – | **1** |
|    Partial Baths Above Grade | – | – | – |
| Living Area (sq ft) | **4,985** | – | – |
| Building Area (sq ft) | **4,985** | – | – |
| Living Area Above Grade (sq ft) | – | – | – |
| Basement (sq ft) | – | – | – |
| Finished Rooms Below Grade | – | – | – |
| Lot Size | **0.37 acres** | – | – |
| Lot Dimensions | **16275 SF** | – | – |
| Garage | – | – | **Yes** |
|    Garage (sq ft) | – | – | **600** |
| Pool | – | – | – |
| Location | – | – | – |
| Tenure | – | – | – |
| View | – | – | – |
|    View Factors | – | – | – |
| Style | – | – | – |
| Quality of Construction | – | – | – |
| Year Built | **2009** | – | – |
| Age | **14** | – | – |
| Condition | – | – | – |
| Functional Utility | – | – | – |
| Heating Features | – | – | – |
| Cooling Features | – | – | – |
| Energy Efficient Items | – | – | – |
| Porch/Patio/Deck | – | – | – |
| Roofing Features | – | – | – |
| Fireplaces | – | – | – |
| Basement Features | – | – | – |
| Foundation Features | – | – | – |
| Construction Features | – | – | – |
| Exterior Wall Features | – | – | – |
| Number of Buildings | – | – | – |
| Number of Units | **0** | – | – |

 RPR®

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX 0145

10/14/2023

| Number of Stories | – | – | – |
| Garage Sq Ft | – | – | **600** |

 **RPR**
Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



Case 2230123739 MK  Document 13-11 Filed 06/13/24  Page 150 of 201  PageID: 6616

# Extended Home Facts

Listing Date: –
MLS Name: –
MLS Listing ID: –



Legend:    Subject Property

## Location Details

**Zoning**                    R2


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.    

APPX01147
10/19/2023

# Historical Photos

Listing Date: 4/20/2009
MLS Name: Bright MLS
MLS Listing ID: 1005228062



Exterior Front


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX01348

# Historical Photos

Listing Date: 11/7/2008
MLS Name: Bright MLS
MLS Listing ID: 1008642124




Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

# Property History

## Legal Description

| | |
|---|---|
| **APN:** | 14 00032- 03-00041 |
| **Tax ID:** | – |
| **Zoning:** | R2 |
| **Abbreviated Description:** | LOT:41 BLK:32.03 DIST:14 CITY/MUNI/TWP:PRINCETON MAP REF:TAX MAP 32 |
| **Census Tract:** | 340210040.001018 |
| **City/Municipality/Township:** | PRINCETON |

## Tax and Assessed Values

| Date | Improvements | | Land | | Total | Tax |
|---|---|---|---|---|---|---|
| 2022 | $883,100 | + | $410,000 | = | $1,293,100 | – |
| 2021 | $883,100 | + | $410,000 | = | $1,293,100 | $31,539 |
| 2020 | $883,100 | + | $410,000 | = | $1,293,100 | $31,293 |
| 2019 | $883,100 | + | $410,000 | = | $1,293,100 | $30,672 |
| 2018 | $883,100 | + | $410,000 | = | $1,293,100 | $30,155 |
| 2017 | $883,100 | + | $410,000 | = | $1,293,100 | $29,741 |
| 2016 | $883,100 | + | $395,000 | = | $1,278,100 | $28,936 |
| 2015 | $883,100 | + | $395,000 | = | $1,278,100 | $28,272 |
| 2014 | $883,100 | + | $395,000 | = | $1,278,100 | $27,926 |
| 2013 | $883,100 | + | $395,000 | = | $1,278,100 | $27,236 |
| 2012 | – | + | – | = | – | $26,904 |

 RPR

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 



---

# Valuation Workbook

## Sales and Financing Activity

This chart shows a property's sales and financing history. It can be used to compare the value of the property as seen by public records, such as deeds and tax records, with the estimated home value. Actions taken against the owner, such as the issuance of a Notice of Default, are noted. Sales activity, such as listing date and price reductions, are highlighted.



Data Source: Public Record and Listing data

Update Frequency: Valuations are updated twice monthly; actions on the home, such as listing activity or distressed property notices, are updated daily as made available from public records sources

 RPR

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

APPX0115 10/15/2023

## Aerial Map



Legend:  Subject Property

## Birdseye Map



Legend:  Subject Property

 **RPR**
Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

# Sales Comparables Analysis Summary

Result of Sales Comparison Analysis
**$2,543,750** (or $510 / sq ft)
Last Analysis Update: 11/13/2023

**$2.4M − $2.62M**
(or $481 − $527 / sq ft)

Number of Comps Chosen
**4**

Comps Range
**$2.4M − $2.62M**

## Current Range of Comparable Homes

Compares the estimated value of the subject property with the comps selected in the Sales Comparison Analysis.

**Comps:**
- Subject Property (Appraisal Price)
- For Sale (List Price)
- Pending (List Price)
- Recently Closed (Closed Price)
- Distressed (List Price)
- Pending Distressed (List Price)
- Off Market (Estimate)



$2.3M    $2.54M Subject    $2.7M

## Historical Range of Comparable Homes

Compares the estimated value of the subject property with the highest, median and lowest comps selected in the Sales Comparison Analysis.

- Subject Property Estimated Value



## Comps and Adjustments Map

### 26 Snowden Ln, Princeton, NJ 08540
**Closed**
- *Sold Date: 12/9/2009*
- *Public Record*

Price: **$2,543,750**

5 bed
3.1 bath
4,985 sq ft

### 1 — 25 Oakridge Ct, Princeton, NJ 08540
**Closed**
- *Sold Date: 6/20/2023*
- *MLS Listing NJME2027136: 3/3/2023*



Price: **$2,550,000**

5 bed
4.1 bath
5,571 sq ft

### 2 — 24 Roper Rd, Princeton, NJ 08540
**Pending**
- *Pending as of 7/20/2022*



Price: **$2,600,000**

5 bed
5.1 bath
5,011 sq ft



### 3 — 49 Maybury Hill Rd, Princeton, NJ 08540
**Closed**
- *Sold Date: 11/6/2023*
- *MLS Listing NJME2034954: 9/13/2023*



Price: **$2,625,000**

4 bed
5.1 bath
5,039 sq ft

### 4 — 327 Snowden Ln, Princeton, NJ 08540
**Closed**
- *Sold Date: 6/1/2023*
- *MLS Listing NJME2028702: 4/6/2023*



Price: **$2,400,000**

5 bed
6.1 bath
4,193 sq ft



## Comps Selected
In Analysis

  

| | 26 Snowden Ln Princeton, NJ 08540 | 25 Oakridge Ct Princeton, NJ 08540 | 24 Roper Rd Princeton, NJ 08540 |
|---|---|---|---|
| Address | 26 Snowden Ln Princeton, NJ 08540 | 25 Oakridge Ct Princeton, NJ 08540 | 24 Roper Rd Princeton, NJ 08540 |
| Status | Subject Property | Closed | Pending |
| MLS Name | – | Bright MLS | Bright MLS |
| MLS Listing ID | – | NJME2027136 | NJME2018522 |
| Proximity | | 2.77 Mi. W | .46 Mi. NE |
| Value | $2,543,750 | $2,550,000 | $2,600,000 |
| Price Per Sq. Ft. | $510 | $458 | $519 |
| Sale/Finance Concession | – | – | – |
| Property Type | Single Family | Single Family | Single Family |
| Property Subtype | Single Family Residential | Free Standing | Free Standing |
| Total Rooms | – | 13 | – |
| Total Rooms Above Grade | – | – | – |
| Bedrooms | 5 | 5 | 5 |
| Bedrooms Above Grade | – | – | – |
| Building Size sq ft range (low) | – | – | – |
| Building Size sq ft range (high) | – | – | – |
| Total Baths | 3.1 | 4.1 | 5.1 |
| Total Baths Above Grade | – | – | – |
| Full Baths | 3 | 4 | 5 |
| Full Baths Above Grade | – | – | – |
| Partial Baths | 1 | 1 | 1 |
| Partial Baths Above Grade | – | – | – |
| Living Area (sq ft) | 4,985 | 5,571 | 5,011 |
| Building Area (sq ft) | 4,985 | 5,571 | 5,011 |
| Living Area Above Grade (sq ft) | – | – | – |
| Basement (sq ft) | – | – | – |
| Finished Rooms Below Grade | – | – | – |
| Lot Size | 0.37 acres | 1.35 acres | 0.85 acres |
| Lot Dimensions | 16275 SF | 0.00 x 0.00 | 0.00 x 0.00 |
| Garage | Yes | Yes | Additional Storage, Garage Door Opener, Inside Access |
| Garage (sq ft) | 600 | – | – |
| Pool | – | – | – |
| Location | – | – | Suburban |
| Tenure | – | – | – |
| View | – | – | – |
| View Factors | – | Trees/Woods | – |
| Style | – | – | – |

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

APPX0155

## Comps Selected In Analysis

  

| | 26 Snowden Ln Princeton, NJ 08540 | 25 Oakridge Ct Princeton, NJ 08540 | 24 Roper Rd Princeton, NJ 08540 |
|---|---|---|---|
| Address | 26 Snowden Ln Princeton, NJ 08540 | 25 Oakridge Ct Princeton, NJ 08540 | 24 Roper Rd Princeton, NJ 08540 |
| Status | Subject Property | Closed | Pending |
| Quality of Construction | – | – | – |
| Year Built | 2009 | 1995 | 2022 |
| Age | 14 | 28 | 1 |
| Condition | – | – | – |
| Functional Utility | – | – | – |
| Heating Features | – | Forced Air, Zoned | Forced Air, Zoned |
| Cooling Features | – | Central Air Conditioning, Zoned | Central Air Conditioning, Multi Units, Zoned |
| Energy Efficient Items | – | – | – |
| Porch/Patio/Deck | – | – | – |
| Roofing Features | – | Pitched, Shingle | Architectural Shingle |
| Fireplaces | – | 4 | 1 |
| Basement Features | – | Full, Outside Entrance, Unfinished, Windows | Drainage System, Full, Interior Access, Sump Pump |
| Foundation Features | – | Block | Active Radon Mitigation, Other |
| Construction Features | – | Brick, Stucco, Wood Siding | Hardiplank Type, Stone, Stucco |
| Exterior Wall Features | – | – | – |
| Number of Buildings | – | – | – |
| Number of Units | 0 | 0 | 0 |
| Number of Stories | – | 2 | 2 |
| Garage Sq Ft | 600 | – | – |
| Net Adjustments (%) | | – | – |
| Gross Adjustments (%) | | – | – |
| Net Adjustments | | – | – |
| Net Adjustments Per Sq. Ft. | | – | – |
| Net Adjusted Value | | $2,550,000 | $2,600,000 |
| Net Adjusted Value Per Sq. Ft. | | $458 | $519 |
| Comp Weighting | | 25% | 25% |
| Notes from Christopher Avallon | | – | – |

**RPR**     Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.          APPX0015623

## Comps Selected In Analysis

 

| | 49 Maybury Hill Rd | 327 Snowden Ln |
|---|---|---|
| Address | 49 Maybury Hill Rd<br>Princeton, NJ 08540 | 327 Snowden Ln<br>Princeton, NJ 08540 |
| Status | 8 Closed | 4 Closed |
| MLS Name | Bright MLS | Bright MLS |
| MLS Listing ID | NJME2034954 | NJME2028702 |
| Proximity | .73 Mi. N | .65 Mi. N |
| Value | $2,625,000 | $2,400,000 |
| Price Per Sq. Ft. | $521 | $572 |
| Sale/Finance Concession | – | – |
| Property Type | Single Family | Single Family |
| Property Subtype | Free Standing | Free Standing |
| Total Rooms | – | – |
| Total Rooms Above Grade | – | – |
| Bedrooms | 4 | 5 |
| Bedrooms Above Grade | – | – |
| Building Size sq ft range (low) | – | – |
| Building Size sq ft range (high) | – | – |
| Total Baths | 5.1 | 6.1 |
| Total Baths Above Grade | – | – |
| Full Baths | 5 | 6 |
| Full Baths Above Grade | – | – |
| Partial Baths | 1 | 1 |
| Partial Baths Above Grade | – | – |
| Living Area (sq ft) | 5,039 | 4,193 |
| Building Area (sq ft) | 5,039 | 4,193 |
| Living Area Above Grade (sq ft) | – | – |
| Basement (sq ft) | – | – |
| Finished Rooms Below Grade | – | – |
| Lot Size | 1 acre | 0.58 acres |
| Lot Dimensions | 0.00 x 0.00 | 0.00 x 0.00 |
| Garage | Yes | Yes |
| Garage (sq ft) | – | – |
| Pool | Gunite | – |
| Location | – | – |
| Tenure | – | – |
| View | – | – |
| View Factors | – | – |
| Style | – | – |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX01557

## Comps Selected In Analysis

 

| | 49 Maybury Hill Rd Princeton, NJ 08540 | 327 Snowden Ln Princeton, NJ 08540 |
|---|---|---|
| Address | 49 Maybury Hill Rd Princeton, NJ 08540 | 327 Snowden Ln Princeton, NJ 08540 |
| Status | 8 Closed | 4 Closed |
| Quality of Construction | – | – |
| Year Built | 1995 | 2017 |
| Age | 28 | 6 |
| Condition | – | – |
| Functional Utility | – | – |
| Heating Features | 90% Forced Air | Forced Air |
| Cooling Features | Central Air Conditioning | Central Air Conditioning |
| Energy Efficient Items | – | – |
| Porch/Patio/Deck | – | – |
| Roofing Features | – | – |
| Fireplaces | 1 | 2 |
| Basement Features | Full, Partially Finished | Full, Fully Finished |
| Foundation Features | Slab | Other |
| Construction Features | Brick | Frame |
| Exterior Wall Features | – | – |
| Number of Buildings | – | – |
| Number of Units | 0 | 0 |
| Number of Stories | 2 | 2 |
| Garage Sq Ft | – | – |
| Net Adjustments (%) | – | – |
| Gross Adjustments (%) | – | – |
| Net Adjustments | – | – |
| Net Adjustments Per Sq. Ft. | – | – |
| Net Adjusted Value | $2,625,000 | $2,400,000 |
| Net Adjusted Value Per Sq. Ft. | $521 | $572 |
| Comp Weighting | 25% | 25% |
| Notes from Christopher Avallon | – | – |

RPR 
Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

**1** 25 Oakridge Ct, Princeton, NJ 08540

MLS Name: Bright MLS
MLS Listing ID: NJME2027136

| | Listing Facts | Adjustments |
|---|---|---|
| Status | Closed | |
| Proximity | 2.77 Mi. W | |
| Value | $2,550,000 | |
| Price Per Sq. Ft. | $458 | |
| Sale/Finance Concession | – | |
| Property Type | Single Family | |
| Property Subtype | Free Standing | |
| Total Rooms | 13 | |
| Total Rooms Above Grade | – | |
| Bedrooms | 5 | |
| Bedrooms Above Grade | – | |
| Building Size sq ft range (low) | – | |
| Building Size sq ft range (high) | – | |
| Total Baths | 4.1 | |
| Total Baths Above Grade | – | |
| Full Baths | 4 | |
| Full Baths Above Grade | – | |
| Partial Baths | 1 | |
| Partial Baths Above Grade | – | |
| Living Area (sq ft) | 5,571 | |
| Building Area (sq ft) | 5,571 | |
| Living Area Above Grade (sq ft) | – | |
| Basement (sq ft) | – | |
| Finished Rooms Below Grade | – | |
| Lot Size | 1.35 acres | |
| Lot Dimensions | 0.00 x 0.00 | |
| Garage | Garage Door Opener, Inside Access, Side Entry Garage | |
| Garage (sq ft) | – | |
| Pool | – | |
| Location | – | |
| Tenure | – | |
| View | – | |
| View Factors | Trees/Woods | |
| Style | – | |
| Quality of Construction | – | |
| Year Built | 1995 | |
| Age | 28 | |
| Condition | – | |
| Functional Utility | – | |
| Heating Features | Forced Air, Zoned | |
| Cooling Features | Central Air Conditioning, Zoned | |
| Energy Efficient Items | – | |
| Porch/Patio/Deck | – | |
| Roofing Features | Pitched, Shingle | |
| Fireplaces | 4 | |




LEGEND: Subject Property / This Property

**Closed**

* Sold Date: 6/20/2023
* MLS Listing NJME2027136: 3/3/2023

Closed Price
**$2,550,000**

Adjusted Price
**$2,550,000**

Net Adjustments ($ / %)
– / –

Gross Adjustments ($ / %)
– / –

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

bright
MLS

| Basement Features | Listing Facts | Adjustments |
|---|---|---|
| Basement Features | Full, Outside Entrance, Unfinished, Windows | |
| Foundation Features | Block | |
| Construction Features | Brick, Stucco, Wood Siding | |
| Exterior Wall Features | – | |
| Number of Buildings | – | |
| Number of Units | – | |
| Number of Stories | 2 | |
| Garage Sq Ft | – | |



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

Case 3:23-cv-12522-MK Document 1-31 Filed 04/28/24 Page 24 of 52 PageID: 630
Certification in Support of Objection    File: 26 Snowden Ln, Princeton, NJ 08540

## 1 Property Photos: 25 Oakridge Ct, Princeton, NJ 08540

















Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0161
10/16/2023



Valuation Workbook

26 Snowden Ln, Princeton, NJ 08540










Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0162

**bright**
MLS

### 24 Roper Rd, Princeton, NJ 08540

MLS Name: Bright MLS
MLS Listing ID: NJME2018522

|  | Listing Facts | Adjustments |
|---|---|---|
| Status | Pending | |
| Proximity | .46 Mi. NE | |
| Value | $2,600,000 | |
| Price Per Sq. Ft. | $519 | |
| Sale/Finance Concession | – | |
| Property Type | Single Family | |
| Property Subtype | Free Standing | |
| Total Rooms | – | |
| Total Rooms Above Grade | – | |
| Bedrooms | 5 | |
| Bedrooms Above Grade | – | |
| Building Size sq ft range (low) | – | |
| Building Size sq ft range (high) | – | |
| Total Baths | 5.1 | |
| Total Baths Above Grade | – | |
| Full Baths | 5 | |
| Full Baths Above Grade | – | |
| Partial Baths | 1 | |
| Partial Baths Above Grade | – | |
| Living Area (sq ft) | 5,011 | |
| Building Area (sq ft) | 5,011 | |
| Living Area Above Grade (sq ft) | – | |
| Basement (sq ft) | – | |
| Finished Rooms Below Grade | – | |
| Lot Size | 0.85 acres | |
| Lot Dimensions | 0.00 x 0.00 | |
| Garage | Additional Storage, Garage Door Opener, Inside Access | |
| Garage (sq ft) | – | |
| Pool | – | |
| Location | Suburban | |
| Tenure | – | |
| View | – | |
| View Factors | – | |
| Style | – | |
| Quality of Construction | – | |
| Year Built | 2022 | |
| Age | 1 | |
| Condition | – | |
| Functional Utility | – | |
| Heating Features | Forced Air, Zoned | |
| Cooling Features | Central Air Conditioning, Multi Units, Zoned | |
| Energy Efficient Items | – | |
| Porch/Patio/Deck | – | |
| Roofing Features | Architectural Shingle | |
| Fireplaces | 1 | |





LEGEND: Subject Property

This Property

◉ **Pending**

• *Pending as of 7/20/2022*

List Price
## $2,600,000

Adjusted Price
## $2,600,000

Net Adjustments ($ / %)
## – / –

Gross Adjustments ($ / %)
## – / –

RPR

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

| Basement Features | Listing Facts | Adjustments |
|---|---|---|
| | Drainage System, Full, Interior Access, Sump Pump | |
| Foundation Features | Active Radon Mitigation, Other | |
| Construction Features | Hardiplank Type, Stone, Stucco | |
| Exterior Wall Features | – | |
| Number of Buildings | – | |
| Number of Units | – | |
| Number of Stories | 2 | |
| Garage Sq Ft | – | |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

## Property Photos: 24 Roper Rd, Princeton, NJ 08540











RPR — Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX 168

10/16/2023

### 3 49 Maybury Hill Rd, Princeton, NJ 08540

MLS Name: Bright MLS
MLS Listing ID: NJME2034954

| | Listing Facts | Adjustments |
|---|---|---|
| Status | Closed | |
| Proximity | .73 Mi. N | |
| Value | $2,625,000 | |
| Price Per Sq. Ft. | $521 | |
| Sale/Finance Concession | – | |
| Property Type | Single Family | |
| Property Subtype | Free Standing | |
| Total Rooms | – | |
| Total Rooms Above Grade | – | |
| Bedrooms | 4 | |
| Bedrooms Above Grade | – | |
| Building Size sq ft range (low) | – | |
| Building Size sq ft range (high) | – | |
| Total Baths | 5.1 | |
| Total Baths Above Grade | – | |
| Full Baths | 5 | |
| Full Baths Above Grade | – | |
| Partial Baths | 1 | |
| Partial Baths Above Grade | – | |
| Living Area (sq ft) | 5,039 | |
| Building Area (sq ft) | 5,039 | |
| Living Area Above Grade (sq ft) | – | |
| Basement (sq ft) | – | |
| Finished Rooms Below Grade | – | |
| Lot Size | 1 acre | |
| Lot Dimensions | 0.00 x 0.00 | |
| Garage | Garage Door Opener, Side Entry Garage | |
| Garage (sq ft) | – | |
| Pool | Gunite | |
| Location | – | |
| Tenure | – | |
| View | – | |
| View Factors | – | |
| Style | – | |
| Quality of Construction | – | |
| Year Built | 1995 | |
| Age | 28 | |
| Condition | – | |
| Functional Utility | – | |
| Heating Features | 90% Forced Air | |
| Cooling Features | Central Air Conditioning | |
| Energy Efficient Items | – | |
| Porch/Patio/Deck | – | |
| Roofing Features | – | |
| Fireplaces | 1 | |
| Basement Features | Full, Partially Finished | |





Geological Survey, USDA/FPAC/GEO





LEGEND: Subject Property
This Property

**Closed**

* Sold Date: 11/6/2023
* MLS Listing NJME2034954: 9/13/2023

Closed Price

# $2,625,000

Adjusted Price

# $2,625,000

Net Adjustments ($ / %)

– / –

Gross Adjustments ($ / %)

– / –

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

| | Listing Facts | Adjustments |
|---|---|---|
| Foundation Features | Slab | |
| Construction Features | Brick | |
| Exterior Wall Features | – | |
| Number of Buildings | – | |
| Number of Units | – | |
| Number of Stories | – | |
| Garage Sq Ft | – | |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

APPX0167

③ Property Photos: 49 Maybury Hill Rd, Princeton, NJ 08540

  

  

  

  

  

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0168










Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

**4** 327 Snowden Ln, Princeton, NJ 08540

MLS Name: Bright MLS
MLS Listing ID: NJME2028702

| | Listing Facts | Adjustments |
|---|---|---|
| Status | Closed | |
| Proximity | .65 Mi. N | |
| Value | $2,400,000 | |
| Price Per Sq. Ft. | $572 | |
| Sale/Finance Concession | -- | |
| Property Type | Single Family | |
| Property Subtype | Free Standing | |
| Total Rooms | -- | |
| Total Rooms Above Grade | -- | |
| Bedrooms | 5 | |
| Bedrooms Above Grade | -- | |
| Building Size sq ft range (low) | -- | |
| Building Size sq ft range (high) | -- | |
| Total Baths | 6.1 | |
| Total Baths Above Grade | -- | |
| Full Baths | 6 | |
| Full Baths Above Grade | -- | |
| Partial Baths | 1 | |
| Partial Baths Above Grade | -- | |
| Living Area (sq ft) | 4,193 | |
| Building Area (sq ft) | 4,193 | |
| Living Area Above Grade (sq ft) | -- | |
| Basement (sq ft) | -- | |
| Finished Rooms Below Grade | -- | |
| Lot Size | 0.58 acres | |
| Lot Dimensions | 0.00 x 0.00 | |
| Garage | Garage Door Opener, Inside Access, Side Entry Garage | |
| Garage (sq ft) | -- | |
| Pool | -- | |
| Location | -- | |
| Tenure | -- | |
| View | -- | |
| View Factors | -- | |
| Style | -- | |
| Quality of Construction | -- | |
| Year Built | 2017 | |
| Age | 6 | |
| Condition | -- | |
| Functional Utility | -- | |
| Heating Features | Forced Air | |
| Cooling Features | Central Air Conditioning | |
| Energy Efficient Items | -- | |
| Porch/Patio/Deck | -- | |
| Roofing Features | -- | |
| Fireplaces | 2 | |
| Basement Features | Full, Fully Finished | |




LEGEND: Subject Property / This Property

**Closed**
* Sold Date: 6/1/2023
* MLS Listing NJME2028702: 4/6/2023

Closed Price
**$2,400,000**

Adjusted Price
**$2,400,000**

Net Adjustments ($ / %)
-- / --

Gross Adjustments ($ / %)
-- / --

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

| | Listing Facts | Adjustments |
|---|---|---|
| Foundation Features | Other | |
| Construction Features | Frame | |
| Exterior Wall Features | – | |
| Number of Buildings | – | |
| Number of Units | – | |
| Number of Stories | 2 | |
| Garage Sq Ft | – | |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

File: 26 Snowden Ln, Princeton, NJ 08540

**4** Property Photos: 327 Snowden Ln, Princeton, NJ 08540

  
  
  
  
  

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved. Information is not guaranteed. Equal Housing Opportunity.









Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0173
10/13/2023

# Local Market Conditions: Summary

The Local Market Conditions tables summarize trends and statistics in the local market: properties similar in size in the area around the subject property in the Sales Comparison Analysis.

Results shown in this report are derived from a search of MLS records for 4 to 6 bedroom, 3 to 5 bathroom, 3,738 to 6,232 sq. ft., single family listings located within 0.8 miles of the subject property.

| Inventory Analysis | Last 7-12 Months (6-month period) | Trend (span) | | Last 4-6 Months (3-month period) | Trend (span) | | Last 3 Months (3-month period) | Trend (Total) | |
|---|---|---|---|---|---|---|---|---|---|
| Sales | 21 | 238% | ⬆ | 25 | 68% | ⬇ | 17 | 162% | ⬆ |
| Absorption Rate (sales/month) | 3.5 | 238% | ⬆ | 8.33 | 68% | ⬇ | 5.67 | 162% | ⬆ |
| Total # of Active Listings (on last day) | 28 | 82% | ⬇ | 23 | 26% | ⬇ | 6 | 21% | ⬇ |
| Months of Housing Supply | 8 | 35% | ⬇ | 2.8 | 38% | ⬇ | 1.1 | 13% | ⬇ |
| Median Comp Sales Price | $965,000 | 124% | ⬆ | $1,375,000 | 95% | ➡ | $1,300,000 | 155% | ⬆ |
| Median Comp Sales Days in RPR | 85 | 87% | ⬇ | 74 | 99% | ➡ | 73 | 86% | ⬇ |
| Median Comp Listing Price | $1,167,500 | 103% | ➡ | $1,199,000 | 125% | ⬆ | $1,499,500 | 128% | ⬆ |
| Median Comp Listing Days in RPR | – | – | | – | – | | – | – | |
| Median Sales Price as % of List Price | 1% | 100% | ➡ | 1% | 100% | ➡ | 1% | 100% | ➡ |

| Comparable Properties in Local Market | Currently for Sale | Sales Within the Last 12 Months |
|---|---|---|
| Count | 3 | 12 |
| Range | $938K – $2.85M | $770K – $2.62M |
| Average | $2,125,167 | $1,355,333 |
| Median | $2,589,000 | $1,275,000 |

| Property Attributes | Minimum | Maximum | Average |
|---|---|---|---|
| Year Built | 1750 | 2023 | 1955 |
| Living Area (sq ft) | – | 6,203 | 1,934 |
| Lot Size | – | 119,999 | 17,340 |
| # Samples | 84 | – | – |

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



## Local Market Conditions: Sales of Similar-Size Properties

These tables show the sales trends for properties similar in size in the area around the subject property in the Sales Comparison Analysis, calculated in variations that include and exclude distressed listings.

Results shown in this report are derived from a search of MLS records for 4 to 6 bedroom, 3 to 5 bathroom, 3,738 to 6,232 sq. ft., single family listings located within 0.8 miles of the subject property.

### INCLUDING Distressed Listings

|  | Last 7-12 Months (6-month period) | Trend (span) | Last 4-6 Months (3-month period) | Trend (span) | Last 3 Months (3-month period) | Trend (Total) |
|---|---|---|---|---|---|---|
| Sales | 21 | 238% ⬆ | 25 | 68% ⬇ | 17 | 162% ⬆ |
| Absorption Rate (sales/month) | 3.5 | 238% ⬆ | 8.33 | 68% ⬇ | 5.67 | 162% ⬆ |
| Total # of Active Listings (on last day) | 28 | 82% ⬇ | 23 | 26% ⬇ | 6 | 21% ⬇ |
| Months of Housing Supply | 8 | 35% ⬇ | 2.8 | 38% ⬇ | 1.1 | 13% ⬇ |
| Median Comp Sales Price | $965,000 | 124% ⬆ | $1,375,000 | 95% ➡ | $1,300,000 | 155% ⬆ |
| Median Comp Sales Days in RPR | 85 | 87% ⬇ | 74 | 99% ➡ | 73 | 86% ⬇ |
| Median Comp Listing Price | $1,167,500 | 103% ➡ | $1,199,000 | 125% ⬆ | $1,499,500 | 128% ⬆ |
| Median Comp Listing Days in RPR | – | – | – | – | – | – |
| Median Sales Price as % of List Price | 1% | 100% ➡ | 1% | 100% ➡ | 1% | 100% ➡ |

### WITHOUT Distressed Listings

|  | Last 7-12 Months (6-month period) | Trend (span) | Last 4-6 Months (3-month period) | Trend (span) | Last 3 Months (3-month period) | Trend (Total) |
|---|---|---|---|---|---|---|
| Sales | 21 | 238% ⬆ | 25 | 68% ⬇ | 17 | 162% ⬆ |
| Absorption Rate (sales/month) | 3.5 | 238% ⬆ | 8.33 | 68% ⬇ | 5.67 | 162% ⬆ |
| Total # of Active Listings (on last day) | 28 | 82% ⬇ | 23 | 26% ⬇ | 6 | 21% ⬇ |
| Months of Housing Supply | 8 | 35% ⬇ | 2.8 | 38% ⬇ | 1.1 | 13% ⬇ |
| Median Comp Sales Price | $965,000 | 124% ⬆ | $1,375,000 | 95% ➡ | $1,300,000 | 155% ⬆ |
| Median Comp Sales Days in RPR | 85 | 87% ⬇ | 74 | 99% ➡ | 73 | 86% ⬇ |
| Median Comp Listing Price | $1,167,500 | 103% ➡ | $1,199,000 | 125% ⬆ | $1,499,500 | 128% ⬆ |
| Median Comp Listing Days in RPR | – | – | – | – | – | – |
| Median Sales Price as % of List Price | 1% | 100% ➡ | 1% | 100% ➡ | 1% | 100% ➡ |

### ONLY Distressed Listings

|  | Last 7-12 Months (6-month period) | Trend (span) | Last 4-6 Months (3-month period) | Trend (span) | Last 3 Months (3-month period) | Trend (Total) |
|---|---|---|---|---|---|---|
| Sales | – | – | – | – | – | – |
| Absorption Rate (sales/month) | – | – | – | – | – | – |
| Total # of Active Listings (on last day) | – | – | – | – | – | – |
| Months of Housing Supply | – | – | – | – | – | – |
| Median Comp Sales Price | – | – | – | – | – | – |
| Median Comp Sales Days in RPR | – | – | – | – | – | – |



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



| Median Comp Listing Price | – | – | – | – | – | – |
| Median Comp Listing Days in RPR | – | – | – | – | – | – |
| Median Sales Price as % of List Price | – | – | – | – | – | – |

 Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

## Price per Square Foot

This graph compares the local market's median estimated home value per square foot with sample properties in the market.

- Price / sq ft
- Trend



## Median Sales Price

This graph compares the local market's median sales price with the sales price for the sample properties in the market.

- Sale Price
- Trend



## Total Sales and Listings

This graph compares the number of sales with the number of listings in the local market.

- Listings
- Sales



## List Price vs. Sales Price

This graph compares the median listing price with the sales price in the local market.

- Listing Price
- Sales Price



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

## Median Days in RPR

This graph displays the median days in RPR in the local market.

■ Days in RPR



## Sales Price vs. RVM

This graph compares the sales price with the RVM in the local market.

■ RVM
■ Sales Price

## Months Supply of Housing Inventory

This chart shows the trend in housing inventory in the local market.

■ Inventory



## Absorption Rate

This chart shows the trend in absorption rate in the local market.

■ Absorption Rate


RPR® Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved. Information is not guaranteed. Equal Housing Opportunity.

# General Market Health Charts

## Median Estimated Home Value vs. Median Listing Price

This chart compares a ZIP code's median estimated home value with the median listing price of Active listings. Estimated home values are generated by a valuation model and are not formal appraisals.

Data Source: Public Record and Listing data

Update Frequency: Monthly



- Median Estimated Value
- Median List Price



## Median Sales Price vs. Sales Volume

This chart compares the listings and public records sales price trend and sales volume for homes in an area.

Data Source: Public Record and Listing data

Update Frequency: Monthly

- Median Sales Price Public Records
- Median Sales Price Listings
- Sales Volume Public Records
- Sales Volume Listings



RPR   Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



## Median Listing Price vs. Listing Volume

This chart compares the listings and public records sales price trend and sales volume for homes in an area.

Data Source: Public Record and Listing data

Update Frequency: Monthly

■ Median List Price
■ Listing Volume





## Listing Inventory

This chart shows the number of For Sale listings in a ZIP code by Property Type.

Data Source: On- and off-market listings sources

Update Frequency: Daily

■ ZIP Count Listings by PropertyType

| Property Type | Count |
| --- | --- |
| Single Family | 96 |
| Condo/Townhouse/Apt. | 40 |
| Other Residential | 3 |
| Multifamily/Multiplex | 1 |
| Lot/Land | 23 |

## Price per Bedroom of Comps Sold

This chart shows the distribution of homes reported sold in the past six months at different prices per bedroom in the area of your search. The amount shown for the subject property is sold data where available, or the property's estimated value when sales data are unavailable (such as a non-disclosure state) or provided in range format.

Data Source: Public records and MLS data where licensed

Update Frequency: Monthly

■ This Property
■ Comps



**This Property**
$513K — 1

**Comps**
> $650K — 1
$450K - $500K — 2
$400K - $450K — 1
$350K - $400K — 1

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

 RPR   

APPX0183

## Median Sales Price by Square Footage

This chart shows the median price of homes reported sold in the past six months, according to the size of the living space (square footage sourced from public records). The amount shown for the subject property is sold data where available, or the property's estimated value when sales data are unavailable (such as non-disclosure states) or provided in range format.

Data Source: Public records and MLS data where licensed

Update Frequency: Monthly

■ This Property
■ Comps



**This Property**
4,985 sq. ft. — $2,567,070

**Comps**
> 2,400 sq. ft. — $2,308,400

## Price Range of Comps Sold

This chart shows the distribution of homes reported sold in the past three months within different price ranges in the area of your search. The amount shown for the subject property is sold data where available, or the property's estimated value when sales data is unavailable (such as a non-disclosure state) or provided in range format.

Data Source: Public records data

Update Frequency: Daily

■ This Property
■ Comps



**This Property**
$2.6M — 1

**Comps**
$2.5M - $2.8M — 1
$2.2M - $2.5M — 2
$2M - $2.2M — 1
$1.8M - $2M — 1

## Price per Square Foot of Comps Sold

This chart shows the distribution of homes reported sold in the past three months at different prices per square foot.

Data Source: Public records data

Update Frequency: Daily

■ This Property
■ Comps



**This Property**
$514 — 1

**Comps**
$550 - $600 — 2
$500 - $550 — 2
$450 - $500 — 1

 RPR

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

APPX 01 / 184
10/18/2023



# Age Range of Comps Sold

This chart shows the distribution of homes reported sold in the past three months of different age ranges in the area of your search.

Data Source: Public records data

Update Frequency: Daily

- This Property
- Comps

**This Property**

14 yrs — 1

**Comps**

> 27 yrs — 2
12 - 15 yrs — 1
6 - 9 yrs — 2

# Number of Bedrooms in Homes Sold

This chart shows the distribution of homes reported sold in the past three months, compared by the number of bedrooms, in the area of your search.

Data Source: Public records data

Update Frequency: Daily

- Sales Count by Bedroom

2 — 4
1 — 4
0 — 103

# Inventory of Distressed Listings

This chart shows the count of distressed properties (all stages of foreclosure) that are for sale in a ZIP code.

Data Source: MLS data where licensed

Update Frequency: Daily

- Inventory of Distressed Listings

Pre-Foreclosure — 1
Foreclosure — 1

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

RPR

APPX 0182

# Market Snapshot: All Single Detached Homes Within 0.8 miles

Results shown in this report are derived from a search of MLS records for 4 to 6 bedroom, 3 to 5 bathroom, 3,738 to 6,232 sq. ft., single family listings located within 0.8 miles of the subject property.



LEGEND: ⬢ Subject Property   ◉ Pending   ● For Sale or For Lease   ● Distressed   ■ Recent Sale

|  |  | Last 7-12 Months (6-month period) | Last 4-6 Months (3-month period) | Last 3 Months (3-month period) |
|---|---|---|---|---|
| ● | Active Listings | 32 | 27 | 13 |
| ◉ | Pending Sales | 4 | 4 | 7 |
| ■ | Expired Listings | 2 | 1 | – |
| ■ | Recent Sales | 21 | 25 | 17 |
| ● | Distressed Properties | – | – | – |


Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0183

## Active Listings: 6



| | Address | Status | Date | Listing ID | Prop Type | Bed /Ba | Living Area (sq ft) | Lot Size (sq ft) | Year Built | Listing Date | Listing Price | Price Per Sq Ft |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **1** New | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **15 Robert Rd** | Active | 11/3/2023 | NJME2036638 | Single Family | 4/2 | 2,080 | 10,780 | 1965 | 11/3/2023 | $1,050,000 | $505 |
| **2** New | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **73 Maple St** | Active | 10/27/2023 | NJME2036076 | Single Family | 4/5 | 2,800 | – | 2023 | 10/27/2023 | $1,899,000 | $678 |
| **3** New | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **40 Southern Way** | Active | 10/22/2023 | NJME2036412 | Single Family | 4/2 | 2,514 | 6,534 | 1947 | 10/22/2023 | $1,100,000 | $438 |
| **4** | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **43 Wheatsheaf Ln** | Active | 7/12/2023 | NJME2031956 | Single Family | 2/3 | 1,545 | – | – | 7/12/2023 | $937,500 | $607 |
| **5** | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **694 Prospect Ave** | Active | 6/13/2023 | NJME2031328 | Single Family | 6/7 | 4,112 | 20,038 | 2023 | 6/13/2023 | $2,849,000 | $693 |
| **6** | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **560 Lake Dr** | Active | 11/2/2022 | NJME2024046 | Single Family | 6/8 | 4,041 | 18,295 | 2022 | 11/2/2022 | $2,589,000 | $641 |



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

APPX 0184

## Pending Sales: 7



| Address | Status | Date | Listing ID | Prop Type | Bed /Ba | Living Area (sq ft) | Lot Size (sq ft) | Year Built | Listing Date | Listing Price | Price Per Sq Ft |
|---|---|---|---|---|---|---|---|---|---|---|---|
| *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| **28 Forester Dr** | ● Pending | 10/7/2023 | NJME2035956 | Single Family | 4/3 | 2,338 | 10,285 | 1955 | 10/7/2023 | $1,050,000 | $449 |
| *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| **151 N Harrison St** | ● Pending | 9/26/2023 | NJME2035478 | Single Family | 3/1 | 1,085 | 6,534 | 1960 | 9/26/2023 | $590,000 | $544 |
| *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| **149 N Harrison St N** | ● Pending | 9/26/2023 | NJME2035476 | Single Family | 3/1 | 996 | – | 1960 | 9/26/2023 | $590,000 | $592 |
| *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| **339 Ewing St** | ● Pending | 5/11/2023 | NJME2030080 | Single Family | 6/5 | 3,160 | 11,326 | 2023 | 5/11/2023 | $1,945,000 | $616 |
| *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| **68 Overbrook Dr** | ● Pending | 4/13/2023 | NJME2028942 | Single Family | 3/4 | 3,240 | 78,626 | 1950 | 4/13/2023 | $1,550,000 | $478 |
| *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| **24 Roper Rd** | ● Pending | 6/21/2022 | NJME2018522 | Single Family | 5/6 | 5,011 | 37,026 | 2022 | 6/21/2022 | $2,600,000 | $519 |
| *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| **601 Prospect Ave** | ● AUC | 8/1/2018 | 1005948467 | Single Family | 2/5 | 10,000 | – | 1914 | 8/1/2018 | $12,000,000 | $1,200 |

⊗ **RPR**  Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.    APPX01885

## Expired Listings: 1



Listing Courtesy of Bright MLS

| | Address | Status | Date | Listing ID | Prop Type | Bed /Ba | Living Area (sq ft) | Lot Size (sq ft) | Year Built | Listing Date | Listing Price | Price Per Sq Ft |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | **10 Prentice Ln** | Expired | 10/24/2023 | NJME2026608 | Single Family | 5/7 | 5,000 | 65,340 | 2023 | 2/9/2023 | $2,950,000 | $590 |



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity. 

APPX0186

# Recent Sales: 12



| | Address | Status | Date | Listing ID | Prop Type | Bed /Ba | Living Area (sq ft) | Lot Size (sq ft) | Year Built | Listing Date | Closed Price | Price Per Sq Ft |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **49 Maybury Hill Rd** | ■ Closed | 11/6/2023 | NJME2034954 | Single Family | 4/6 | 5,039 | 43,560 | 1995 | 9/13/2023 | $2,625,000 | $521 |
| 2 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **9 Hornor Ln** | ■ Closed | 11/3/2023 | NJME2035526 | Single Family | 4/3 | 1,876 | 8,821 | 1955 | 9/28/2023 | $985,000 | $525 |
| 3 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **124 Random Rd** | ■ Closed | 11/1/2023 | NJME2031070 | Single Family | 5/4 | 4,414 | 44,867 | 1950 | 6/9/2023 | $2,120,000 | $480 |
| 4 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **119 Linden Ln** | ■ Closed | 10/26/2023 | NJME2035146 | Single Family | 6/2 | 2,448 | 9,535 | 1929 | 9/22/2023 | $1,250,000 | $511 |
| 5 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **524 Princeton Kingston Rd** | ■ Closed | 10/17/2023 | NJME2031124 | Single Family | 5/5 | 4,178 | 27,791 | 2016 | 6/8/2023 | $1,749,000 | $419 |
| 6 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **7 Sergeant St** | ■ Closed | 10/13/2023 | NJME2033384 | Single Family | 3/2 | &ndash; | – | 1912 | 8/17/2023 | $770,000 | – |
| 7 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **28 Chestnut St** | ■ Closed | 10/10/2023 | NJME2033592 | Single Family | 2/3 | 1,491 | 5,358 | 1890 | 8/13/2023 | $925,000 | $620 |
| 8 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **59 Dorann Ave** | ■ Closed | 10/6/2023 | NJME2034178 | Single Family | 2/2 | 1,478 | 10,454 | 1954 | 8/24/2023 | $790,000 | $535 |
| 9 | *Listing Courtesy of Bright MLS* | | | | | | | | | | | |
| | **52 Sturges Way** | ■ Closed | 10/4/2023 | NJME2033340 | Single Family | 4/4 | 2,855 | 12,197 | 1967 | 8/3/2023 | $1,300,000 | $455 |

# Recent Sales: 12 (continued)

| Address | Status | Date | Listing ID | Prop Type | Bed /Ba | Living Area (sq ft) | Lot Size (sq ft) | Year Built | Listing Date | Closed Price | Price Per Sq Ft |
|---|---|---|---|---|---|---|---|---|---|---|---|

 RPR

Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.

APPX0187

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | *Listing Courtesy of Bright MLS* | | | | | | | | | | |
| **30 Robert Rd** | | ◼ Closed | 9/11/2023 | NJME2031834 | Single Family | 4/5 | &ndash; | 10,119 | 1961 | 7/14/2023 | $1,300,000 | – |
| 11 | *Listing Courtesy of Bright MLS* | | | | | | | | | | |
| **86 Castle Howard Ct** | | ◼ Closed | 9/8/2023 | NJME2031150 | Single Family | 3/3 | 2,081 | 21,824 | 1969 | 6/26/2023 | $1,400,000 | $673 |
| 12 | *Listing Courtesy of Bright MLS* | | | | | | | | | | |
| **139 Cedar Ln** | | ◼ Closed | 9/6/2023 | NJME2032766 | Single Family | 3/2 | 1,855 | 6,534 | 1947 | 7/20/2023 | $1,050,000 | $566 |



Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.



APPX0188

# About RPR (Realtors Property Resource)



- Realtors Property Resource® is a wholly owned subsidiary of the National Association REALTORS®.
- RPR offers comprehensive data – including a nationwide database of 164 million properties – as well as powerful analytics and dynamic reports exclusively for members of the NAR.
- RPR's focus is giving residential and commercial real estate practitioners, brokers, and MLS and Association staff the tools they need to serve their clients.
- This report has been provided to you by a member of the NAR.

# About RPR's Data

RPR generates and compiles real estate and other data from a vast array of sources. The data contained in your report includes some or all of the following:



- **Listing data** from our partner MLSs and CIEs, and related calculations, like estimated value for a property or median sales price for a local market.
- **Public records data** including tax, assessment, and deed information. Foreclosure and distressed data from public records.
- **Market conditions and forecasts** based on listing and public records data.
- **Census and employment data** from the U.S. Census and the U.S. Bureau of Labor Statistics.
- **Demographics and trends data** from Esri. The data in commercial and economic reports includes Tapestry Segmentation, which classifies U.S. residential neighborhoods into unique market segments based on socioeconomic and demographic characteristics.
- **Business data** including consumer expenditures, commercial market potential, retail marketplace, SIC and NAICS business information, and banking potential data from Esri.
- **School data and reviews** from Niche.
- **Specialty data sets** such as walkability scores, traffic counts and flood zones.

# Update Frequency

- Listings and public records data are updated on a continuous basis.
- Charts and statistics calculated from listing and public records data are refreshed monthly.
- Other data sets range from daily to annual updates.

# Learn more

For more information about RPR, please visit RPR's public website: https://blog.narrpr.com





Copyright 2023 Realtors Property Resource® LLC. All Rights Reserved.
Information is not guaranteed. Equal Housing Opportunity.





APPX0189

**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
Alex R. Leight, Esq.
Coast Capital Building
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
aleight@kbtlaw.com
*Attorneys for John M. McDonnell*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RICHARD HOWARD GLANTON,<br><br>          Debtor. | Chapter:   7<br><br>Case No.:  22-11055 (CMG)<br><br>Adv. Pro. No.: 22-1335 (CMG) |
| JOHN M. MCDONNELL,<br>TRUSTEE FOR DEBTOR ESTATE OF<br>RICHARD HOWARD GLANTON,<br><br>          Plaintiff,<br><br>      v.<br><br>EILEEN CANDIA, A/K/A EILEEN<br>GLANTON,<br><br>          Defendant. | Judge:     Honorable Christine M. Gravelle<br><br>Hearing Date: November 21, 2023<br>                  10:00 a.m. |

**TRUSTEE'S RESPONSE TO OBJECTION OF NEWPORT INVESTMENT GROUP, LLC TO MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND COMPROMISE PURSUANT TO 11 U.S.C. § 105(A) AND FED. R. BANKR. P. 9019**

John M. McDonnell, Chapter 7 Trustee (the "Trustee") in the bankruptcy proceeding of Richard Howard Glanton (the "Debtor") by and through his undersigned counsel, responds to the Objection (the "Objection") of Newport Investment Group, LLC ("Newport") as follows:

1. The Trustee filed a Motion supported by a Certification and Memorandum of Law seeking approval of a settlement and compromise pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019 (the "Motion") in which Eileen Candia a/k/a Eileen Glanton (the "Defendant") is purchasing Debtor's 50% ownership interest in the residence owned by Debtor and Defendant known as 26 Snowden Lane, Princeton, NJ 08540 (the "Property").

2. Newport objects to the settlement, arguing the settlement sum of $400,000 is neither fair and equitable nor in the best interests of the estate. Newport advances several supporting arguments, none of which justify denying approval of the settlement. First, Newport argues that if the Motion is denied and the litigation continues, the Trustee will recover 85% more for the bankruptcy estate than if the settlement is approved. Next, Newport argues that the Trustee has a 100% chance to prevail on summary judgment on its Section 363(h) claim. Third, Newport questions the feasibility of Defendant making the settlement payments. Fourth, Newport alleges that the Defendant and Debtor's prepetition transfer of Debtor's interest in the Property to Defendant for no value breaks the tenancy by the entirety ownership between Debtor and Defendant (although Newport does not explain why this is relevant to its argument that the settlement does not satisfy the sound business judgment test). Finally, Newport argues that the PNC mortgage on the Property currently in place and of record since 2009 when Defendant and Debtor acquired the Property is subject to avoidance as a fraudulent conveyance (although Newport offers no specifics as to why the mortgage can be avoided).

2

APPX0191

3. For the reasons stated herein, Newport's objections are ineffectual and the Trustee's Motion should be granted.

**The Settlement**

4. The settlement was reached with the assistance of the court-appointed mediator, Morris S. Bauer, Esq. (the "Mediator").

5. The settlement terms call for the Defendant to pay the Trustee a total of $400,000 in five (5) quarterly payments of $80,000 commencing on October 30, 2023[1], and thereafter on January 31, 2024, April 30, 2024, July 31, 2024, and October 31, 2024, in exchange for the Chapter 7 estate's interest in the Property (the "Settlement Terms"). See Certification of John M. McDonnell filed October 17, 2023 (ECF. 20) (the "McDonnell Cert."), attached hereto as **Exhibit A** for ease of reference.

6. Aided by the Mediator, the Trustee and Defendant reached the settlement terms after considering a number of factors, including the competing valuations relied by the Defendant and the Trustee, the uncertainty of litigation (particularly the factual issues under 11 U.S.C. §363(h)(3)), the possible range of outcomes if the matter did not settle (as detailed below in Paragraphs 9, 10, and 15), and the best interests of all parties and the estate.

7. The settlement parameters were negotiated and laid out during the mediation, which took place prior to the Trustee's summary judgment motion ("SJ Motion") being filed. After the Trustee filed its SJ Motion, the settlement terms were finalized and then the instant Motion to approve the settlement was filed.

---

[1] Upon information and belief, the Defendant is utilizing monies from her 401(k) plan to fund the settlement payment and is prepared to wire the initial $80,000 settlement payment to the Trustee as soon as the order approving the settlement is entered.

APPX0192

8.  The $400,000 settlement amount was agreed upon after comparing the Defendant's valuation of the Property with the Trustee's market analysis. The Defendant valued the Property at $1,050,000, while the sales comparison analysis obtained by the Trustee established a value of $2,107,500.[2]

9.  The Property is presently owned jointly by the Defendant and Debtor as either joint tenants or tenants in common, with each owning 50% of the Property. See In re Scott, No. 08-23419-DK, 2009 Bankr. LEXIS 2865 (Bankr. D. Md. June 16, 2009).[3] This means that the maximum amount the Trustee may recover on behalf of the estate under Section 363(h) would be 50% of the net sale price, not 100% as Newport claims.

10. Additionally, the Property is encumbered by a mortgage held by PNC Bank with a balance owed as of the bankruptcy petition date of approximately $317,000[4] (the "Mortgage"). After factoring in the Mortgage, and deducting a 10% hypothetical cost of sale, a sale of the Property utilizing the Trustee's valuation would leave approximately $789,875 for the bankruptcy estate, while utilizing the Defendant's valuation[5] would leave approximately $314,000 for the bankruptcy estate.

---

[2] The results of the sales comparative analysis show a value of $2,107,500, although Newport in its objection incorrectly states the Trustee's SJ Motion lists the estimated value at $2,359,340.
[3] A copy of the Scott case is attached hereto for ease of reference as **Exhibit B**.
[4] A copy of the February 2022 PNC mortgage statement reflecting the payoff as of the February 9, 2022 bankruptcy petition date is attached hereto as **Exhibit C**.
[5] Although the Trustee does not believe that the Debtor's valuation of $1,050,000 is at all accurate, the fair market value of the Property and the corresponding benefit a sale would bring to the estate's creditor body are issues the Court would need to determine as a part of the §363(h)(3) analysis.

APPX0193

## Standard for Approving Settlements

11. Generally, courts should defer to a trustee's business judgment so long as there is a legitimate business justification for the proposed settlement. <u>In re Martin</u>, 91 F.3d 389, 395 (3d Cir. 1996).

12. "In evaluating a proposed settlement, the Court is not supposed to have a 'mini-trial' on the merits, but rather examine the settlement and determine whether it falls 'below the lowest point in the range of reasonableness.'" <u>In re G-I Holdings Inc.</u>, 420 B.R. 216, 256 (D.N.J. 2009) (quoting <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2d Cir.1983); <u>see also In re Jasmine, Ltd.</u>, 258 B.R. 119, 123 (D.N.J. 2000).

13. In our case, the Trustee, with the assistance of the Mediator, made the determination that the agreed upon number of $400,000 is an acceptable settlement amount and is well within the range of possible outcomes the Estate would receive if the Motion were denied.

14. The <u>Martin</u> case established four factors to be considered in determining whether to approve a proposed settlement: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." 91 F.3d at 393 (citing <u>In re Neshaminy Office Bldg. Assocs.</u>, 62 B.R. 798, 803 (E.D.Pa.1986)).

15. Considering the risks, costs, uncertainty and possible outcomes of the litigation and a trial (if necessary) and the range of recoveries (anywhere from zero if the Court was to deny the Trustee's requested relief after balancing the equities under §363(h)(3) to $789,875 if the Trustee is permitted to sell the Property over Defendant's objection), the $400,000 settlement sum satisfies the <u>Martin</u> factors, is well within the range of possible outcomes,

5

APPX0194

does not fall below the lowest point in the range of reasonableness, and easily satisfies the sound business judgment test.

**<u>Newport Objections</u>**

**A. Trustee may recover 100% of sale proceeds and the pre-petition transfer of the Property terminates the tenancy by the entirety**

16. While certainly a concept Chapter 7 trustees across New Jersey and the United States would be quick to embrace if viable, the Trustee and his counsel are unaware of any legal basis for the bankruptcy estate to claim all of the sale proceeds from the Property owned by the non-debtor Defendant and the Debtor. While the Trustee agrees that the pre-petition transfer of the Debtor's interest in the Property for no consideration to the Defendant breaks the tenancy by the entirety ownership, the Defendant's post-petition transfer of the Debtor's interest in the Property back to the Debtor restores his 50% interest but does not vest 100% ownership with him. While the transfer back does not revive the tenancy by the entirety ownership, the Defendant and Debtor continue to own the Property jointly as either joint tenants or tenants in common. <u>See</u> <u>Scott</u>, 2009 Bankr. LEXIS 2865.

17. Since the Defendant and Debtor still own the Property together (albeit not as tenants by the entirety but instead as tenants in common or joint tenants), the requirements of §363(h) still apply to the Trustee's ability to sell the Property. <u>See</u> 11 U.S.C. §363(h)(3) ("Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) and (c) of this section, and the interest of any co-owner which the debtor had, … , **an undivided interest as a tenant in common, joint tenant, or tenant by the entirety**, only if - …")(emphasis added).

6

18. Accordingly, should the Trustee absent a settlement prevail on summary judgment or at trial and be permitted to sell the Debtor and Defendant's interests in the Property, the bankruptcy estate would only receive 50% of the net proceeds of sale.

**B. Trustee has 100% chance to succeed**

19. Newport has claimed that the Trustee has a 100% chance of success in litigation. While the Trustee appreciates Newport's confidence in the Trustee's legal position, 100% success is not guaranteed in the instant case.

20. In Paragraph 20 of Newport's Objection, Newport states that "Section 363(h) provides that the Trustee may sell both the estate's interest under subsection (b) and the interest of any co-owner in property in which the debtor had, when the case commenced, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety." However, Newport overlooks §363(h)(3)'s language that the Trustee may sell the Property under §363(h) only if "the benefit to the estate of a sale of such property free of the interest of the co-owners outweighs the detriment, if any, to such co-owners." <u>See</u> §363(h)(3).

21. In both the Defendant's answer to the adversary complaint and the mediation conducted by the Mediator, Defendant asserts that the prejudice to her and her minor child residing in the Property from a proposed sale outweighs the benefit to the bankruptcy estate. While the Trustee disagrees with Defendant's position, it is not a foregone conclusion the Court will agree with the Trustee. Given §363(h)(3)'s requirement of balancing the benefit to the estate from the sale against the detriment to the co-owners, there is risk in proceeding with the litigation. For example, should the Court ultimately side with the Defendant, then the estate would receive nothing from the Property.

APPX0196

**C. Defendant's feasibility to fund settlement payments**

22. Newport also questions the feasibility of Defendant funding the settlement payments. However, Defendant has indicated the settlement payments will be funded through her 401(k) plan, and the plain language of the settlement agreement provides a mechanism for the Trustee to sell the Property should Defendant default on the settlement payments and fail to cure within the time permitted.  So, either way, the estate is protected.

**D. PNC Bank's Mortgage**

23. Finally, Newport's Objection appears to suggest that the Mortgage held by PNC Bank is voidable as a fraudulent transfer. Newport provides no basis for this assertion other than its bald references to N.J.S.A. 25:2-27(b) and N.J.S.A. 25:2-30(f) and general references to fraudulent conveyance case law. However, these statutes and cases are inapplicable to PNC Bank as PNC Bank did not play a role in the transfers to and from Debtor and Defendant.

24. N.J.S.A. 25:2-27 deals with fraudulent transfers as to present creditors. Seeking to void the Mortgage would require (i) an analysis of the Mortgage transaction between PNC Bank and Debtor, not the transfers between Debtor and Defendant, and (ii) some facts establishing that the Mortgage may be avoided as a fraudulent conveyance. See Wilen v. Pamparo Sav. Bank, S.L.A. (In re Bayonne Med. Ctr.), 429 B.R. 152, 157 (Bankr. D.N.J. 2010).

25. The Trustee's review of the PNC Mortgage reveals that the Mortgage has been in place since 2009 when the Defendant and Debtor first purchased the Property, and the Trustee is

8

unaware of any legal or factual basis to challenge the extent, validity, and priority of the Mortgage.

26. It is unclear exactly what Newport is attempting to claim as it pertains to the Mortgage. Newport claims in Paragraph 20 of its Objection that "Newport is the only first position secured creditor of the Debtor's estate[.]". However, this statement is misleading and inaccurate as Newport does not hold a secured claim against the Property. The only secured claim against the Property is the Mortgage held by PNC Bank.

27. Newport has provided no basis for its claim that the Mortgage is voidable, and this unsupported allegation provides no basis for denying the Trustee's Motion.

## CONCLUSION

28. For the reasons stated above, Newport's Objection should be denied, and the Trustee's Motion should be granted.


                         **THE KELLY FIRM, P.C.**
                         *Attorneys for Trustee*

                 By:     */s/ Andrew J. Kelly*
                         **ANDREW J. KELLY**

Dated:  November 17, 2023


9

APPX0198